IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. **JAYSON JEFFREY PENN**,
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN**,
5.   TIMOTHY MULRENIN,
6. **WILLIAM VINCENT KANTOLA**,
7. **JIMMIE LEE LITTLE**,
8. **WILLIAM WADE LOVETTE**,
9. **GARY BRIAN ROBERTS**, and
10. **RICKIE PATTERSON BLAKE**,

      Defendants.

## DEFENDANTS' JOINT MOTION FOR IDENTIFICATION OF EVIDENCE WHICH THE GOVERNMENT INTENDS TO USE IN ITS CASE-IN-CHIEF AT TRIAL AND BRIEF IN SUPPORT THEREOF

Defendants Gary Brian Roberts, Jayson Jeffrey Penn, Mikell Reeve Fries, Scott James Brady, Roger Born Austin, William Vincent Kantola, Jimmie Lee Little, William Wade Lovette, and Rickie Patterson Blake file this Joint Motion for Identification of Evidence Which The Government Intends to Use in Its Case-In-Chief at Trial and Brief in Support Thereof, and respectfully move, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), for an order from the Court directing the Government to identify the specific evidence which it intends to use in its case-in-chief in the trial in this action by September 1, 2021.

-1-

## I. <u>INTRODUCTION</u>

The deadline for the parties to file pretrial motions in this action has arrived. *See* Doc. # 264, p. 5. The trial in this action is set to commence in less than three months, and the Trial Preparation Conference is scheduled for a little more than ten weeks from the date of this filing. *Id*. at 5-6. As late as May, the trial in this matter was set to commence next week. *Id*. at 5.

In spite of these deadlines, the Government has continued its rolling production of discovery to the defendants. On July 16, 2021, and July 20, 2021, the Government produced more than 100,000 additional documents to the defense, and on July 19, 2021, the Government sent a 60-page letter to counsel for the defendants, pursuant to Federal Rules of Criminal Procedure 16(a) and 26.2, 18 U.S.C. § 3500, and *Brady v. Maryland*, 373 U.S. 83 (1963). The letter summarizes extensive evidence obtained by the Government during the course of its investigation. The total number of documents disgorged by the Government onto the defense has now exceeded 14 million.

Mr. Roberts, Mr. Penn, Mr. Fries, Mr. Brady, Mr. Austin, Mr. Kantola, Mr. Little, Mr. Lovette, and Mr. Blake (collectively "Defendants") possess a Sixth Amendment right to a fair trial and to present a defense. *See United States v. Bradshaw*, 580 F.3d 1129, 1135 (10th Cir. 2009) (quoting *United States v. Serrano*, 406 F.3d 1208, 1214–1215 (10th Cir. 2005)). In view of these rights, and the Government's voluminous and ongoing production of discovery in this case, the Court possesses highly compelling grounds to order the Government to identify well in advance of trial the specific evidence it intends to introduce in its case-in-chief. The adversary system is not "'a poker game in which players enjoy an absolute right always to conceal their cards until played.'" *Wardius v. Oregon*, 412 U.S. 470, 474 (1973) (quoting *Williams v. Florida*, 399 U.S. 78, 82 (1970)). Defendants should not be denied a fair trial and prejudiced in his ability to defend

themselves at trial by the Government's strategy of inundating the Defendants with massive waves of alleged evidence.

## II. APPLICABLE LAW AND ARGUMENT

Federal Rule of Criminal Procedure 16(a)(1)(E) requires the Government to produce to a defendant items within the Government's possession, custody, or control where the "(i) the item is material to preparing the defense; [or] (ii) the government intends to use the item in its case-in-chief at trial…" Fed.R.Crim.P. 16(a)(1)(E). Rule 16(a)(1)(E) does not, on its face, require the government to identify the evidence which it intends to use the item in its case-in-chief at trial. *See id*. The Government is presently not required to identify the exhibits it will introduce at trial until two days prior to the Trial Preparation Conference. *See* Practice Standards (Criminal Cases), Chief Judge Philip A. Brimmer, United States District Court, District of Colorado, § IV(A)(2) (December 1, 2020).

As the Supreme Court has observed, however, "the ends of justice [are] best [ ] served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial." *Wardius v. Oregon*, 412 U.S. 470, 473 (1973) (citing Brennan, *The Criminal Prosecution: Sporting Event or Quest for Truth?*, 1963 Wash.U.L.Q. 279; American Bar Association Project on Standards for Criminal Justice, *Discovery and Procedure Before Trial* 23-43 (Approved Draft 1970); Goldstein, *The State and the Accused: Balance of Advantage in Criminal Procedure*, 69 Yale L.J. 1149 (1960)).

Furthermore, while some courts have denied general disclosure motions in other cases, *see United States v. Flores*, No. 19-CR-522-WJM, 2020 WL 3129173, at *4 (D. Colo. June 12, 2020)

(denying the defendant's motion when government already identified case-in-chief information); *United States v. Alvarez-Gonzalez*, No. 12-CR-00242-WJM, 2013 WL 4883054, at *3 (D. Colo. Sept. 12, 2013), those courts have noted that they "can appreciate that there may be beneficial reasons to require the Government to more specifically identify the evidence it intends to use earlier in the discovery process," *Alvarez-Gonzalez*, 2013 WL 4883054, at *3.

The Court plainly possesses authority to order the Government to make early disclosure of the evidence which it intends to use in its case-in-chief at trial. "[B]ased on the policy concerns of [Federal Rule of Criminal Procedure] 16 and principles of fairness, it is within a district court's authority to direct the Government to identify the documents it intends to rely on in its case in chief." *United States v. Giffen*, 379 F.Supp.2d 337, 344 (S.D.N.Y. 2004) (citing *United States v. Upton,* 856 F.Supp. 727, 748 (E.D.N.Y. 1994); *United States v. Turkish,* 458 F.Supp. 874, 882 (S.D.N.Y. 1978)). The Federal Rules themselves furthermore allude to a trial court's authority to order such early notice, as evidenced by Federal Rule of Criminal Procedure 12(b)(4), which provides that:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B).

Other courts have held that it is proper to require the Government to identify the documents or evidence which it intends to use in its case-in-chief at trial in cases with voluminous documents or evidence. *See United States v. Poindexter*, 727 F. Supp. 1470, 1484 (D.D.C. 1989) (ordering the government to identify with specificity its case-in-chief documents, finding that there was no reason why the government "cannot be more specific as to which documents it currently intends

to use, and there are many reasons, grounded in fairness to the defendant, the protection of his rights, and not least Rule 16(a)(1)(C), why it should"); *Turkish*, 458 F.Supp. at 882 (ordering the government to afford the defendants an opportunity to inspect and copy all documents under the control of the government which "are intended for use by the government as evidence in chief at the trial").

Directing the Government to disclose the specific evidence that it intends to use in its case-in-chief is supported by *United States v. Upton*, 856 F. Supp. 727 (E.D.N.Y. 1994), in which the government indicted a dozen individuals on charges of falsifying of airplane maintenance records, and the government produced "thousands" of pieces of paper to the defendants, *id*. at 733, 747. The trial court granted the defendants' motion requesting that the government identify which documents it planned to rely upon at trial, stating that "[t]he purpose of requiring the government to identify which documents it will rely upon at trial in a situation such as this—where there are thousands of documents—is to allow the defendant to adequately prepare his or her defense." *Id*. at 748.

In the instant case, the Court has even stronger grounds to require the prosecution to disclose the specific evidence it intends to introduce during its case-in-chief at trial. The amount of alleged evidence that the Government has dumped upon the Defendants currently consists of over 14 million documents and is mounting. The Government's ongoing productions force counsel for the Defendants to divert from preparing to meet the Government's case at trial in order to review massive amounts of additional evidence. The Government has buried the Defendants in mountains of alleged evidence, the vast majority of which is irrelevant and only an infinitesimal fraction of which the Government can credibly be expected to introduce in any trial of this case.

The Court should find that Defendants are entitled to notice of the specific items which the Government intends to introduce in its case-in-chief at trial in order to enable Defendants to adequately prepare their defenses and to help to ensure that the Defendants receive a fair trial. The Defendants should not "be kept in the dark until trial…" *Upton*, 856 F. Supp. at 748. Considering the Government's haphazard approach to discovery in this complex criminal matter, Defendants' request for identification of the evidence that the Government intends to use in its case-in-chief at trial is reasonable, will aid in streamlining the issues for trial, and will promote judicial economy. Accordingly, the Court should issue an order directing the Government to identify the specific evidence which it intends to use in its case-in-chief by September 1, 2021.

### III. CONCLUSION

Based upon the authorities and grounds set forth herein, Defendants Gary Brian Roberts, Jayson Jeffrey Penn, Mikell Reeve Fries, Scott James Brady, Roger Born Austin, William Vincent Kantola, Jimmie Lee Little, William Wade Lovette, and Rickie Patterson Blake respectfully request that the Court grant Defendants' Motion for Identification of Evidence Which The Government Intends to Use in Its Case-In-Chief at Trial, and that the Court issue an order directing the Government to identify the specific evidence which it intends to use in its case-in-chief in the trial in this action by September 1, 2021.

Respectfully submitted, this 26th day of July, 2021.

*s/ Craig A. Gillen*_____
Craig A. Gillen
GILLEN WITHERS & LAKE, LLC
400 Galleria Parkway
Ste 1920
Atlanta, Georgia 30339
Telephone: 404-842-9700
Email: cgillen@gwllawfirm.com
*Counsel for Gary Brian Roberts*

*s/ Michael F. Tubach*_____
Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111
Telephone: 415-984-8876
Email: mtubach@omm.com
*Counsel for Jayson Jeffrey Penn*

*s/ Richard K. Kornfeld*_____
Richard K. Kornfeld
Recht & Kornfeld, P.C.
1600 Stout Street
Suite 1400
Denver, Colorado 80202
Telephone: 303-573-1900
Email: rick@rklawpc.com
*Counsel for Mikell Reeve Fries*

*s/ Bryan B. Lavine*_____
Bryan B. Lavine
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street N.E.
Suite 3000
Atlanta, Georgia 30308
Telephone: 404-885-3170
Fax: 404-962-6613
Email: bryan.lavine@troutman.com
*Counsel for Scott James Brady*

*s/ Michael S. Feldberg*_____
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue
24th Floor
New York, New York 10017
Telephone: 212-381-4970
Email: mfeldberg@reichmanjorgensen.com
*Counsel for Roger Born Austin*

*s/ James A. Backstrom*_____
James A. Backstrom
JAMES A. BACKSTROM, COUNSELLOR
AT LAW
1515 Market Street
Suite 1200
Philadelphia, Pennsylvania 19102
Telephone: 215-864-7797
Email: jabber@backstromlaw.com
*Counsel for William Vincent Kantola*

*/s John Anderson Fagg, Jr.*_____
John Anderson Fagg, Jr.
MOORE & VAN ALLEN PLLC
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202
Telephone: 704-331-1117
Email: johnfagg@mvalaw.com
*Counsel for William Wade Lovette*

*s/ Mark A. Byrne*_____
Mark A. Byrne
BYRNE & NIXON LLP
888 West Sixth Street
Suite 1100
Los Angeles, California 90017
Telephone: 213-620-8003
Fax: 213-620-8012
Email: markbyrne@byrnenixon.com
*Counsel for Jimmie Lee Little*

*s/ Barry J. Pollack*_____
Barry J. Pollack
ROBBINS  RUSSELL  ENGLERT  ORSECK
& UNTEREINER LLP
2000 K Street N.W.
4th Floor
Washington, DC 20006
Telephone: 202-775-4514
Fax: 202-775-4510
Email: bpollack@robbinsrussell.com
*Counsel for Rickie Patterson Blake*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2021, I electronically filed the foregoing **DEFENDANTS' JOINT MOTION FOR IDENTIFICATION OF EVIDENCE WHICH THE GOVERNMENT INTENDS TO USE IN ITS CASE-IN-CHIEF AT TRIAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all listed parties.

*s/ Craig A. Gillen*_____
Craig A. Gillen
GILLEN WITHERS & LAKE, LLC
400 Galleria Parkway
Ste 1920
Atlanta, Georgia 30339
Telephone: 404-842-9700
Email: cgillen@gwllawfirm.com
*Counsel for Gary Brian Roberts*