# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JAYSON JEFFREY PENN, et al.**, <br><br> *Defendants.* | Case No. 1:20-cr-00152-PAB |

## RICKIE PATTERSON BLAKE'S MOTION FOR SEVERANCE OR, IN THE ALTERNATIVE, FOR AN ENDS OF JUSTICE FINDING AND A CONTINUANCE

In a motion filed when this case was scheduled for trial on August 2, 2021 (Dkt. 259, filed May 5, 2021), Mr. Blake alerted the Court that his counsel, Barry Pollack, had a trial set for November 1, 2021 in federal court in Ft. Myers, Florida and that, absent a resolution of that conflict, a single trial for all ten defendants in this case could not take place in October. Trial in this case was reset for October 25, 2021. Dkt. 264. Because the trial in Ft. Myers remains set for November 1, 2021, Mr. Blake, by and through his counsel, respectfully moves this Court for an Order severing Mr. Blake for trial; making an ends of justice finding with respect to Mr. Blake pursuant to Title 18, United States Code, Section 3161(h)(7)(A), excluding an additional 180 days from his speedy trial calculation pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(i)–(iv) beginning on October 1, 2021; and setting a separate trial for Mr. Blake in mid-April 2022 or as soon thereafter as the Court can accommodate. Alternatively, if severance is not granted, Mr. Blake asks the Court to make an ends of justice finding with respect to all defendants excluding an additional 180 days from the speedy trial calculation pursuant to Title 18,

United States Code, Section 3161(h)(7)(B)(i)–(iv); and vacating the Final Trial Preparation Conference currently set for October 8, 2021 and the October 25, 2021 trial date. Counsel for the Government has indicated that the Government opposes both a severance and a continuance. Counsel for other defendants have indicated they do not oppose a severance, but do oppose a continuance.

**BACKGROUND**

On June 2, 2020, the Grand Jury indicted Jayson Jeffrey Penn, Mikell Reeve Fries, Scott James Brady, and Roger Born Austin on one count of conspiring to violate the Sherman Act. Dkt. 1. The defendants filed a Joint Unopposed Motion for a Designation of Complexity and an Ends of Justice Exclusion of 180 Days from the Speedy Trial Calendar on June 12, 2020. Dkt. 49. On July 8, 2020, this Court granted the motion, finding that this case was complex within the meaning of the Speedy Trial Act and that an exclusion of 180 days was necessary to allow for adequate pretrial and trial preparation. Dkt. 76. The Court set a 10-day trial commencing on February 16, 2021. *Id.*

On October 6, 2020, the Grand Jury returned a Superseding Indictment, again charging Penn, Fries, Brady, and Austin, but also charging Timothy R. Mulrenin, William Vincent Kantola, Jimmie Lee Little, William Wade Lovette, Gary Brian Roberts, and Rickie Patterson Blake with conspiring to violate the Sherman Act. Dkt. 101. The defendants filed a Joint Unopposed Motion for An Additional Ends of Justice Exclusion of 180 Days from the Speedy Trial Calendar on October 29, 2020. Dkt. 188. On November 17, 2020, this Court granted the motion and found that an additional exclusion of 180 days was necessary to allow for effective pretrial and trial

preparation. Dkt. 198. The Court reset the Trial Preparation Conference for July 30, 2021 and rescheduled the 10-day trial to commence on August 2, 2021. *Id.*

On May 5, 2021, the defendants filed a Third Joint Unopposed Motion for An Ends of Justice Exclusion of 90 Days from the Speedy Trial Calendar. Dkt. 259. In the motion, the defendants explained that, due to the ongoing and extraordinarily voluminous discovery, they needed additional time to prepare for trial. They requested the trial be continued until early October because counsel were not all available again until April 2022 and the defendants desired a trial date sooner than that. *Id.* at 6. The defendants specifically noted, however, that counsel for Mr. Blake had a trial set to begin on November 1, 2021, *United States v. Harwin*, 2:20-cr-00115-JLB-MRM, in the United States District Court for Middle District of Florida in front of the Hon. John L. Badalamenti. *Id.* That trial, which had previously been continued twice, had been reset on April 13, 2021 for November 1, 2021. *Harwin* Dkts. 36, 49, 86. Accordingly, the defendants apprised the Court that unless that conflict resolved, a single trial for all ten defendants would not be possible in October 2021. Dkt. 259 at 6.

On May 20, 2021, the Court granted the motion and found that the exclusion of an additional 90 days from the Speedy Trial Calendar from July 3, 2021 was necessary to ensure for effective pretrial and trial preparation. Dkt. 264. It reset the trial, this time allocating 32 days, for October 25, 2021 to end on December 21, 2021. *Id.* at 5-6. The 70 days provided by the Speed Trial Act would begin running on October 1, 2021. *See id.* at 1, 6. However, because substantive motions were filed by the defendants on July 26, 2021, the 70 days is tolled until the resolution of those motions. *See* 18 U.S.C. § 3161(h)(1)(D).

Since the defendants filed their last motion for a continuance, the Government has produced nearly 400,000 additional records; in just the last two and a half weeks it has produced over 150,000. This brings the discovery produced to date to about fourteen million records. The Government has indicated that the production of discovery is on-going and has not indicated how much additional discovery it intends to produce or when the production of discovery will be completed. Nonetheless, as of this filing, Mr. Blake understands that the Government and the other nine defendants all believe the case can proceed to trial on October 25, 2021 and wish to proceed to trial on that date.

When the Court set the October 25, 2021 trial date, Mr. Blake promptly apprised the Court in the Harwin matter of the scheduling conflict. The Court in Harwin, however, has maintained the November 1, 2021 trial date, which was set prior to the setting of the October 25, 2021 trial date in this case.

Mr. Blake has a constitutional right to counsel of his choice. He retained Mr. Pollack, along with co-counsel, Wendy Johnson. Mr. Pollack and Ms. Johnson have been dividing the workload, reviewing the extraordinary volume of discovery and diligently preparing for trial, with each focusing on different aspects of the case. Ms. Johnson, while an experienced and highly competent trial counsel, does not have the resources to be prepared to try a case of this magnitude—a trial anticipated to last eight trial weeks—as soon as October 25th herself, without a similarly experienced co-counsel who has also had a full opportunity to prepare for trial.[1]

---

[1] Mr. Blake has also retained local counsel, but only for purposes of providing advice on local rules and practices. Local counsel was not retained to try the case. Thus, Ms. Johnson is the only experienced trial counsel other than Mr. Pollack

# ARGUMENT

**I.     Under the circumstances, the Court should sever Mr. Blake for trial.**

Federal Rule of Criminal Procedure 14(a) provides that a court may "sever the defendants' trials" if joinder "appears to prejudice a defendant or the government." The district court should grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). In other words, "the general preference for trying coconspirators in a single trial" may be "outweighed by other, more compelling considerations." *United States v. Ailsworth*, 873 F. Supp. 1450, 1456 (D. Kan. 1994).

The circumstances here present just such a situation. All parties other than Mr. Blake are prepared for trial on the date the Court has already set aside on its trial calendar. Proceeding on that date with all ten defendants, however, would compromise a specific trial right of Mr. Blake, the constitutional rights to counsel of his choice and to adequately prepared counsel. While plainly there would be a diminution of economy by holding separate trials, Mr. Blake is the tenth defendant listed in the Superseding Indictment and of the fourteen bidding episodes referenced in the Superseding Indictment, only four purport to implicate Mr. Blake. Accordingly, a separate trial of Mr. Blake would be considerably shorter than the single trial of the remaining defendants and the decrease in judicial economy far less than it would be with respect to the severance of other defendants. In any event, whatever amount of judicial economy is lost as a result of not having a single trial for all ten defendants is outweighed by Mr. Blake's constitutional right to counsel of his choice who have had adequate time to prepare for trial. The interests of the other parties and the public in a speedy trial militate in favor of keeping the October 25th trial date for the other nine

5

defendants. Accordingly, severance of Mr. Blake for trial at a later date best balances the competing interests.

In *United States v. Nachamie*, the district court elected to sever the trials of several codefendants because counsel for one of them became unavailable for trial and the court could not find a mutually convenient time for all parties in the near term. 101 F. Supp. 2d 134, 151-52 (S.D.N.Y. 2000). As the trial court explained:

> Trial judges . . . face a great problem of trial management in prolonged cases. Juggling various attorneys' schedules with the other cases before the court becomes impossible. The already overburdened docket of the court reaches a breaking point, and the administration of justice in *all* of the court's cases is unconscionably delayed. . . . Severance will help obviate many of these difficulties.

*Id.* at 152 (quotation marks omitted; first alteration in original).

In *Ailsworth*, the district court likewise granted a motion to continue and to sever in order to give one defendant's new counsel time to prepare for trial and allow the remaining defendants to proceed to trial as planned. 873 F. Supp. at 1456. As the district court explained, trial in that case was expected to take a month. *Id.* "[E]ach time that the trial of this matter [was] rescheduled, counsel for each of the defendants must reschedule significant blocks of time in their respective calendars. Such changes obviously adversely affect or otherwise delay other civil and criminal cases in which those counsel appear." *Id.* Accordingly, the court concluded that justice was "best served by severing" the codefendant whose counsel needed additional time to prepare for trial and proceeding with the remaining defendants. *Id.*; *see also* Order Granting Motion for Severance, *United States v. Medina*, 1:13-cr-00272-PGG (S.D.N.Y. Apr. 23, 2014), ECF No. 115 (granting defendant's motion for severance where codefendant's counsel who had represented him for a year was unavailable for trial until a much later date).

6

The same logic applies here. As in *Ailsworth* and *Nachamie*, Mr. Blake's right to be represented by counsel who has adequate time to prepare for trial is implicated. The Sixth Amendment also gives each defendant the "right to be represented by a qualified attorney whom [he] chooses and can afford." *See Luis v. United States*, 136 S. Ct. 1083, 1089 (2016) (plurality opinion). While this right is not absolute, it is fundamental. *Id.* Mr. Blake has chosen Mr. Pollack and Ms. Johnson jointly to represent him. Mr. Blake wishes to waive his right to a more speedy trial in order to proceed to trial with counsel of his choice. In any event, Mr. Blake's remaining trial counsel—Ms. Johnson—cannot be prepared to try this case in October without the assistance of a second experienced and prepared co-counsel.

Failing to grant a severance would deprive Mr. Blake of counsel of his choice. Further, because he does not have counsel apart from Mr. Pollack and Ms. Johnson who are prepared to try the case in October and Ms. Johnson cannot be prepared to try it without the assistance of a second experienced and prepared co-counsel, severance is warranted.

**II.    In the alternative, if severance is not granted, Mr. Blake asks the Court for an ends of justice continuance under the Speedy Trial Act to preserve continuity of his counsel and to provide time for his counsel to prepare for trial.**

**A. The ends of justice warrant continuance as to Mr. Blake.**

The Speedy Trial Act ("the STA") is "designed to protect a defendant's constitutional right to a speedy trial and to serve the public interest in ensuring prompt criminal proceedings." *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). However, "[c]ertain periods of delay are excluded and do not count toward the 70-

day limit." *United States v. Maxfield*, No. 09-cr-00534-REB, 2010 WL 728399, at *1 (D. Colo. 2010) (citing 18 U.S.C. § 3161(h)(1)-(9)).

"Specifically, 'the Act excludes any period of delay resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Id.* (quoting *Hill*, 197 F.3d at 440-41). "Among the factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are . . . 'continuity of counsel,'" *Zedner v. United States*, 547 U.S. 489, 500 (2006) (citing 18 U.S.C. § 3161(h)(8)(B)(iv)), whether "it is unreasonable to expect adequate preparation for [the trial] within the time limits established" because of the complexity of the case, and whether the denial of a continuance would result in a "miscarriage of justice," 18 U.S.C. § 3161(h)(7)(B)(i), (ii).[2]

District courts regularly grant continuances over the objections of other parties to preserve continuity of counsel and to allow time for effective preparation for trial. *See, e.g.*, *United States v. Kingston*, No. 2:18-cr-00365-JNP-BCW, 2019 WL 1200254, at *3-*5 (D. Utah Mar. 14, 2019), *aff'd sub nom. United States v. Dermen*, 779 F. App'x 497 (10th Cir. 2019) (granting defendants' motion to continue over codefendants' objections due to counsel of choice's scheduling conflict among other reasons); *United States v. Jeffs*, No. 2:16-CR-82 TS, 2016 WL 4574671, at *3 (D. Utah Sept. 1, 2016) (granting defendants' motion to continue over the objection of several codefendants due in part to defense counsel's scheduling conflict); *United States v. Occhipinti*, 998 F.2d 791, 797-98 (10th Cir. 1993) (affirming district court's ends of justice finding because

---

[2] The statute has since been amended, and the provision cited by the Supreme Court at 18 U.S.C. § 3161(h)(8)(B) is now found at § 3161(h)(7)(B). *See United States v. Cortes-Gomez*, 926 F.3d 699, 704 & n.2 (10th Cir. 2019).

of the government counsel's crowded trial calendar); *United States v. Stallings*, 701 F. App'x 164, 171 (3rd Cir. 2017) (affirming district court's ends of justice finding due to prosecutor's family emergency and crowded trial calendar); *see also Maxfield*, 2010 WL 728399, at *3 (granting unopposed motion to continue due to defense counsels' scheduling conflict among other reasons); *cf. United States v. Stewart*, 583 F. App'x 848, 857 (10th Cir. 2014) (concluding that it was not an abuse of discretion to deny a continuance where a defendant's co-counsel became ill on the eve of trial but remaining counsel gave no indication that he could not try the case without her).

Take the example of *United States v. Fogarty*, 692 F.2d 542 (8th Cir. 1982). In that case, the district court granted an ends of justice continuance due to the complexities of the case: "the existence of seven defendants, ten unindicted coconspirators, and forty-five alleged separate overt acts that took place over seven states and three foreign countries." *Id.* at 546. It also found that "one of the codefendant's counsel had a significant trial conflict which necessitated a continuance to assure 'continuity of counsel.'" *Id.* The Court of Appeals found those reasons valid and agreed "that 'the ends of justice served by granting the motion for continuance . . . outweighed the best interests of the public and the individual defendants in a speedy trial.'" *Id.*

As in *Fogerty*, this case is extremely complex. The Government has alleged a conspiracy lasted more than seven years to fix prices and rig bids in the national commercial wholesale chicken business, involving ten named defendants and an untold number of unindicted coconspirators, charging fourteen separate bidding episodes that have been identified in the Superseding Indictment and an unidentified number of unspecified other bidding episodes about which the Government may present evidence at trial. To date, the Government has produced approximately fourteen million documents and discovery is on-going.

9

Absent a continuance, Mr. Blake will be denied continuity of counsel in this complex case and be left without counsel with adequate resources to be prepared to defend him with a trial date in October. The delay sought by Mr. Blake is not of his making. Mr. Blake acted diligently in bringing the scheduling conflict to the Court's attention before the October 25, 2021 trial date was set. He seeks a continuance until April, the earliest date that does not conflict with his or Ms. Johnson's trial calendar. A trial date in mid-April would be approximately eighteen months following the Superseding Indictment, which would not be an unusually lengthy period for parties to prepare for, and the Court's calendar to accommodate, an eight-week, ten-defendant case. Accordingly, despite the interests of all parties and the public in a speedy trial, under the circumstances, the ends of justice are served by granting a continuance. *See, e.g.*, *Jeffs*, 2016 WL 4574671, at *3 (granting continuance due to "large number of Defendants" and "enormous amount of discovery").

### B. If severance is not granted, a continuance of the trial is warranted despite the objection of other defendants.

In light of the ends of justice continuance as to Mr. Blake, if severance is not granted, the trial should be continued as to all defendants. The STA excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). When asking whether the delay is "reasonable," courts are to consider: "(1) whether the defendant is free on bond, (2) whether the defendant zealously pursued a speedy trial, and (3) whether the circumstances further the purpose behind the exclusion to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Cortes-Gomez*, 926 F.3d 699, 705 (10th Cir. 2019) (quotation marks omitted). A court may grant a continuance and exclude

time based on just one of these three factors. *See id.* (affirming district court's decision to exclude time where only the third factor supported a continuance).

Here, the first factor plainly weighs in favor of continuance because none of Mr. Blake's co-defendants are detained.

All defendants have previously moved for extensions of STA speedy trial calendar and each filed substantive motions on July 26, 2021, automatically extending the STA's 70-day window. *See* 18 U.S.C. § 3161(h)(1)(D). Accordingly, the second factor does not militate against granting the continuance Mr. Blake seeks. *See Kingston*, 2019 WL 1200254, at *4 (finding this factor to be "largely neutral" because, among other things, one of the defendants opposing the motion to continue had acquiesced to previous continuances); *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990) (affirming district court's decision to exclude time where co-defendant "did move for dismissal on speedy trial grounds," but also "moved for continuances"); *Jeffs*, 2016 WL 4574671, at *3 (granting extension as to co-defendants in part because they had already joined motions that automatically excluded some of the relevant period); *United States v. Margheim*, 770 F.3d 1312, 1320 (10th Cir. 2014) (affirming district court's decision to exclude time where defendant had moved for a continuance for part of the period at issue and had filed pretrial motions that he later withdrew).

Finally, the third factor weighs in favor of a continuance. Courts prefer joint trials where, as here, the defendants are "charged with a single conspiracy." *Tranakos*, 911 F.2d at 1426. As set forth above, while judicial economy is served by a joint trial of all defendants, there are competing concerns with respect to Mr. Blake that nonetheless warrant severing him for trial. If

the Court were to deny severance, however, this factor would weigh in favor of continuing the trial as to all defendants since counsel for Mr. Blake is unavailable in October.

## CONCLUSION

Mr. Blake and his counsel have worked diligently to build an attorney-client relationship and prepare Mr. Blake's defense in an extremely complex case with extraordinarily voluminous discovery. Mr. Blake wishes to proceed to trial with counsel of his choice. Through no fault of Mr. Blake or his counsel, the current trial date conflicts with a pre-existing trial date set by another court. Mr. Blake has a constitutional right not to be deprived of his counsel of choice and to have counsel adequately prepared to provide him effective assistance at trial. Severing him for trial will ensure that these rights are protected. Alternatively, continuing the trial date will do so. Nothing short of one of these remedies, however, will ensure that Mr. Blake receives a fair trial.

Date: July 30, 2021

Wendy W. Johnson
RMP LLP
5519 Hackett Road, Suite 300
Springdale, Arkansas 72762
Telephone: (479) 443-2705
Fax: (479) 443-2718
wjohnson@rmp.law

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack
ROBBINS, RUSSELL, ENGLERT, ORSECK
& UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, D.C. 20006
Telephone: (202) 775 4500
Fax: (202) 775 4510
bpollack@robbinsrussell.com

*Counsel for Mr. Blake*

# CERTIFICATE OF SERVICE

On this 30th day of July, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Colorado by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack

*Counsel for Mr. Blake*
