IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

## UNITED STATES' RESPONSE TO DEFENDANTS' JOINT MOTION FOR IDENTIFICATION OF EVIDENCE WHICH THE GOVERNMENT INTENDS TO USE IN ITS CASE-IN-CHIEF AT TRIAL

The government respectfully submits this brief in opposition to the defendants' Joint Motion for Identification of Evidence which the Government Intends to Use in Its Case-in-Chief [Doc. 301] ("Motion"). The defendants repackage their arguments for a bill of particulars—which the Court denied—and now ask the Court to order the government to effectively disclose its exhibit list five weeks before the Court's existent

deadline.[1] The Court should deny the Motion, which runs contrary not only to the Court's scheduling rules but also to the relevant discovery rules and case law.

## INTRODUCTION

Over ten months ago, a grand jury sitting in this district returned a 42-page, 151-paragraph Superseding Indictment in this case. As the government previously described in its oppositions to the defendants' motions for a bill of particulars, the government has gone through extraordinary lengths to provide the defendants with voluminous discovery in this matter in an organized fashion—providing detailed indices, grand jury transcripts and exhibits, and flagging highly relevant documents in its initial productions [Doc. 217 at 2–5]. The government produced more than 12.5 million documents by the discovery deadline in this case many months ago. And the government continues to abide by its obligations as the investigation proceeds by producing new documents to the defendants as they are received and processed.[2]

Despite the volume of discovery, the defendants have a great deal of information about the specifics of the government's case. First, the government has specified relevant evidence and the developing theory of its case through the disclosure and identification grand jury transcripts and exhibits, agent interview reports, search warrant

---

[1] *See* Practice Standards (Criminal Cases), Chief Judge Philip A. Brimmer, United States District Court, District of Colorado, § IV(A)(2) (December 1, 2020).
[2] As the government has indicated many times to the Court and in other public statements, the investigation is ongoing. Indeed, since the indictment of the ten defendants in the instant case, the investigation has led to a number of charges against other individuals and corporations. *See United States v. Pilgrim's Pride Corp.*, No: 20-cr-330-RM (D. Colo.) (resolved by guilty plea February 23, 2021); *United States v. Claxton, et al.*, No. 21-cr-168-RM (D. Colo.); *United States v. McGuire et al.*, No. 21-cr-246-DDD (D. Colo.).

2

affidavits, indictments of other corporations and individuals, publicly available plea agreements, and the initial production of highly relevant documents identified during the investigation that the government disclosed at the onset of discovery. In addition, at the request of the defendants, the government on August 13th submitted an itemized 335-entry[3] *James* log detailing the various statements it intends to introduce at trial under Federal Rule of Evidence 801(d)(2)(E), accompanied by a Conspiracy Guide that, while not all-inclusive, provides the defendants with valuable insight into the government's case-in-chief. ECF No. 358 Atts. A, B. According to the defendants, such co-conspirator statements are "of paramount importance, perhaps more so than with any other federal crime." ECF No. 243 at 2. Moreover, the Court's existing pre-trial schedule requires the government to serve its exhibit list on the defendants nearly three weeks before trial, leaving little room for surprise to the defendants at trial.

Notwithstanding the great lengths the government has taken to satisfy and go beyond its discovery obligations and to provide insight into the government's evidence and theory of prosecution, the defendants request a detailed listing of all the evidence the government plans to introduce in its case-in-chief. Rather than citing any binding authority on the matter, the defendants point to general concepts of fairness to support an intrusion into the government's work product. Because the defendants are entitled to no such thing, the Court should deny their Motion.

---

[3] While the last entry on the submitted *James* log is numbered 333, two entries (38A and 66A) were assigned alpha-numeric log numbers in order to retain chronological order among the other already-marked entries, making the total count of entries 335.

## APPLICABLE LAW AND ARGUMENT

Criminal defendants are "not entitled to know all the *evidence* the government intends to produce." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992). Although knowing the precise manner in which the government intends to prove its case "would, without question, allow [the defendants] to better prepare [their] defense," the defendants are not entitled to that information. *See United States v. Henderson*, No. 2:16-CR-0182-LSC-JEO, 2016 WL 5853743, at *3 (N.D. Ala. Aug. 17, 2016), *report and recommendation adopted*, 2016 WL 5816047 (N.D. Ala. Oct. 5, 2016); *United States v. Scrushy*, No. CR-03-BE-530-S, 2004 WL 483264, at *3-4 (N.D. Ala. Mar. 3, 2004).

Federal Rule of Criminal Procedure 16(a)(1)(E), the rule that forms the basis for the defendants' Motion, directs the government to provide documents to the defense that fall into three categories, including those that "the government intends to use the item in its case-in-chief at trial." FED. R. CRIM. P. 16(a)(1)(E). The government has more than complied with the rule. Rather than "inundating the Defendants with massive waves of alleged evidence," ECF No. 301 at 3, as detailed above, the government has gone to great lengths to assist the defendants.

The defendants readily admit that Rule 16(a)(1)(E) does not, on its face, require the government to identify the evidence which it intends to use in its case-in-chief at trial. Instead, they point to their Sixth Amendment right to a fair trial and to present a defense as providing "highly compelling grounds" for this Court to require the government to provide an *itemized list* of documents it intends to use in its case-in-chief nearly two months before trial. ECF No. 301 at 2.

Their argument cannot be reconciled with Rule 16, the Sixth Amendment, or the district court cases in the Tenth Circuit interpreting them. Rule 16 says nothing about itemized lists or indices. Rather, "the plain language of Rule 16(a)(1)(E)(ii) does not require the Government to *specify* from among the universe of discovery documents produced to defendant which of those documents it intends to rely upon at trial." *Scrushy*, 2004 WL 483264, at *3 (emphasis in original). Rule 16 imposes a "discovery" obligation on the government—not a "duty . . . to tip its hand prematurely by requiring it to give the defendant a roadmap of its strategy." *Id.*

Similarly, while the defendants point generally to their right to a fair trial and present a defense in support of their motion, they cite no case (and the government has been unable to find any) that create a right grounded in the Sixth Amendment to provide advance notice of the evidence that the government intends to use at trial.

This Court has recognized "the parties' right in criminal cases to withhold much of the specifics as to how they intend to prove their case at trial." *United States v. Flores*, No. 19-cr-522-WJ, 2020 WL 3129173, at *4 (D. Colo. June 12, 2020). The Tenth Circuit has likewise held that a defendant "is not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case." *United States v. Dunn*, 841 F.2d 1026, 1030 (10th Cir. 1988) (quoting *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir.), *cert. denied*, 444 U.S. 979 (1979)) (emphasis in original) (internal quotation marks omitted). As noted by the defendants, this district has twice rejected premature requests like the one made here for the evidence the government plans to introduce in its case-in-chief. *Id.*; *see also United States v. Alvarez-Gonzalez*,

No. 12-CR-00242-WJM, 2013 WL 4883054 (D. Colo. Sept. 12, 2013). In both of these cases, Judge Martinez found that defendants pointed to "no specific right," *Flores*, 2020 WL 3129173, at *3, and "no authority," *Alvarez-Gonzalez*, 2013 WL 4883054, at *3, entitling them to such specific disclosures.

Courts outside this district have rejected similar requests. In *United States v. Isley*, No. 1:05-cr-621-CAP, 2006 WL 8428832 (N.D. Ga. Sept. 1, 2006), the court denied a motion to require the government to specify its case-in-chief documents where "almost 13,000 documents" had been produced and "further documents [were] forthcoming." *Id.* at *2. In *United States v. Carrington*, No. 02 cr. 897(LTS), 2002 WL 31496199 (S.D.N.Y. Nov. 7, 2002), the court denied a similar motion because "[i]t is clear that Rule 16(a)(1)(C) does not require the Government to identify specifically which documents it intends to use as evidence." *Id.* at *2.

A case with voluminous discovery is no exception. In *Scrushy*, the defense argued that identification of case-in-chief documents was required because the government had "produced literally millions of pages of documents (in hard copy and electronic form) and hundreds of hours of video and audio tape." Defendant Richard M. Scrushy's Consolidated Reply Memorandum in Further Support of Non-Dispositive Motions, *United States v. Scrushy*, No. CR-03-BE-530-S, 2004 WL 483266 (N.D. Ala. Feb. 17, 2004). The court rejected that argument. *Scrushy*, 2004 WL 483264, at *3. Facing similar requests in *United States v. Gilbert* and *United States v. Perraud*, both multi-million document discovery cases, the district courts found the government's provision of an exhibit list ten days (*Perraud*) to two weeks (*Gilbert*) before trial as

sufficient to satisfy any identification requirements. *United States v. Gilbert*, No. 2:17-cr-00419-AKK-TMP, 2018 WL 2088389 (N.D. Al. May 4, 2018); *United States v. Perraud*, No. 09-60129-CR, 2010 WL 228013, at *9 (S.D. Fla. Jan. 14, 2010) (rejecting request for itemized case-in-chief evidence in conspiracy and obstruction case with over 3 million documents provided in discovery). The same is sufficient here, even without considering the government's considerable efforts to provide a roadmap to its case.

In support of their motion, the defendants cite three out-of-circuit district court cases—*Poindexter*, *Upton*, and *Turkish*—that, according to more recent authority, were wrongly decided. In *United States v. Nachamie*, 91 F. Supp. 2d 565 (S.D.N.Y. 2000), the court held that the "clear language of Rule 16(a)(1)" requires only "the production of documents responsive to any category"—not the "identif[ication of] which documents fall in each category." *Id.* at 569. The court noted the three contrary district court decisions, but concluded that "none of those decisions are supported by the language of Rule 16(a)(1) or prior case law." *Id. See also Perraud* at *9-10.

The Court need not act on defendants' request here because the challenges complained of have all been already taken into consideration by the Court in setting the current deadlines. The Court factored in the volume of discovery when it continued the trial date and set the *James* hearing for nearly two months before trial. Furthermore, the Court's deadlines require the government to serve its exhibit list on the defendants nearly three weeks ahead of trial. With the specificity of the indictment and other discovery disclosures by the government—including ongoing production of interview reports as the government continues to prepare its witnesses for trial—the defendants

will face little surprise at the content of the government's case at trial. Balancing any unfairness, to the extent any remains, with the effect of premature disclosure of the government's work product, the Court should deny the defendants' motion.

## CONCLUSION

The government has already provided the defendants with more information than they are entitled to under Rule 16. For the reasons discussed above, the defendants' motion should be denied.

By:    /s/ Paul Torzilli

Heather D. Call
Michael T. Koenig
Carolyn M. Sweeney
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 514-8349
Email: paul.torzilli@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify on this 16th day of August 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all listed parties.

By:    /s/   Paul Torzilli

Paul Torzilli
Trial Attorney
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 514-8349
Email: paul.torzilli@usdoj.gov