**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JAYSON JEFFREY PENN, et al.**, <br><br> *Defendants.* | Case No. 1:20-cr-00152-PAB |

**MOTION TO STRIKE
AGENT TAYLOR'S *JAMES* HEARING TESTIMONY**

On September 2, 2021, this Court held a *James* hearing, which continued on September 8, 2021, to determine the admissibility of certain statements by alleged coconspirators pursuant to Federal Rule of Evidence 801(d)(2)(E). As a pre-trial evidentiary hearing, a *James* hearing is subject to Federal Rule of Criminal Procedure 26.2, meaning that the Government was required to produce prior statements of Agent LaNard Taylor, its witness at the hearing, prior to the commencement of his cross-examination. Prior to the hearing, the Government produced transcripts from testimony of Agent Taylor before the grand jury. The Government gave no indication to the defendants that the transcripts it had produced did not constitute a complete set of the transcripts from his grand jury testimony. At that hearing, Agent Taylor testified about an alleged bid rigging conspiracy by suppliers in the broiler chicken industry and their employees, which he asserted spanned at least eight years. On September 20, 2021, after the conclusion of Agent Taylor's cross-examination, the completion of the hearing, and post-hearing briefing, the Government for the first time produced a transcript of an appearance by Agent Taylor before the

grand jury on July 28, 2021, a transcript that had been completed on August 10, 2021, well before the *James* hearing began.

The July 28, 2021 grand jury testimony is indisputably a relevant prior statement of Agent Taylor. The Government violated Rule 26.2 by failing to provide the defendants a copy of it prior to his cross-examination. Pursuant to Rule 26.2(e), the sanction for such a violation is clear: the Court must strike the testimony of the witnesses whose prior statement was not timely produced.

## BACKGROUND

On July 22, 2020, the Government moved for permission to disclose Agent Taylor's grand jury testimony, noting that the then-indicted defendants had requested it. Dkt. 87. The Court granted that request the same day. Dkt. 88. On November 16, 2020, the Government moved for permission to disclose Agent Taylor's testimony to the newly indicted codefendants as well, including Mr. Blake. Dkt. 196. Again, the Court granted that request the same day. Dkt. 197.

The Government disclosed a transcript of Agent Taylor's June 2, 2020, grand jury testimony to the original defendants shortly after the indictment was returned. Shortly after the superseding indictment was returned, the Government disclosed the June 2, 2020, Taylor grand jury transcript to the newly indicted defendants and disclosed a transcript of Agent Taylor's October 6, 2020, grand jury appearance to all defendants. In the course of addressing discovery disputes, the Government has represented that it "is aware of, has abided by, and will continue to abide by, its disclosure obligations under *Brady*, *Giglio*, **Jencks**, Rule 16, and the like." *See e.g.,* December 28, 2020 email from M. Koenig to Defense Counsel, a true and correct copy of which is attached hereto as Exhibit A (emphasis added).

On August 23, 2021, ten days before and in apparent anticipation of the *James* hearing, the Government, specifically citing Rule 26.2 and the Jencks Act, disclosed to all defendants

2

additional statements of Agent Taylor's, including his agent notes and a transcript of May 18, 2021, testimony before the grand jury. Unbeknownst to the defendants, however, the Government was apparently in possession of another transcript of Agent Taylor's testimony before the grand jury, testimony which occurred on July 28, 2021. The court reporter's signed certification at the end of the transcript states that the transcript was completed on August 10, 2021. Yet the Government did not produce this testimony with the other Ruel 26.2 materials it provided for Agent Taylor on August 23, 2021 or at any other time prior to the cross-examination of Agent Taylor at the *James* hearing—not before the cross-examination began on September 2, 2021, or even before it concluded on September 8, 2021. On September 20, 2021, well after the conclusion of the *James* hearing, the Government, for the first time, produced this transcript to the defendants.

**ARGUMENT**

**I.       Rule 26.2 applies to evidentiary hearings such as a *James* hearing.**

The Jencks Act requires the Government "in any criminal prosecution brought by the United States" to produce prior statements by its witnesses on the same subject matter of their testimony. Rule 26.2 incorporated this obligation into the Federal Rules of Criminal Procedure. *See* Charles H. Wright & Arthur R. Miller, Fed. Prac. and Proc. § 436 (Rule 26.2 "wrote into the rules what had been in the statutes as the Jencks Act"). Prior witness statements "enhance[] the ability of the court to assess the witnesses' credibility" and make "accurate factual determinations" at pre-trial evidentiary hearings; they are critically important where the pre-trial proceeding "ha[s] a profound and ultimate impact on the issues presented at trial." Rule 26.2 advisory committee notes (1993).

Rule 26.2(g) contains a list of evidentiary hearings to which the Rule applies. *See* Rule 26.2(g) (stating that the rule shall apply at trial, suppression hearings, preliminary hearings,

3

sentencing, hearings to revoke or modify probation or supervised release, detention hearings, and habeas hearings). This list is non-exhaustive. *See United States v. Jones*, No. CR 98-251 MV, 1999 WL 35809719, at *5 (D.N.M. Apr. 23, 1999) (applying the rule to *Monsanto* hearings, noting "'[t]he reasons given in 1983 for extending Rule 26.2 to a suppression hearing are equally compelling with regard to other adversary type hearings which ultimately depend on accurate and reliable information'" (quoting Rule 26.2 advisory committee notes (1983)); *see also United States v. Rosa*, 891 F.2d 1074, 1079 (3d Cir. 1989) (applying the rule to sentencing hearings at a time that the list of proceedings in Rule 26.2(g) did not include sentencing proceedings).[1]

A *James* hearing—an evidentiary hearing—is the type of proceeding to which Rule 26 logically applies, even though it is not specifically mentioned in the rule itself. *James* hearings turn on the credibility of witnesses. They have a profound impact on the issues presented at trial because they determine whether statements that go to the heart of the Government's conspiracy allegations may be admitted against some or all defendants for the truth of the matter asserted. And, like sentencings and suppression hearings, *James* hearings have become a species of "mini-trial." *See United States v. Ameperosa*, 728 F. Supp. 1479, 1482 (D. Haw. 1990) (extending 26.2 to sentencing hearings before their addition to 26.2(g) because they are the equivalent of a "mini-trial); *see also* Order at 10, *United States v. Haney*, Crim. No. 3:09-cr-249-D(03) (N.D. Tex. Mar. 21, 2011) (the court and Government characterized *James* hearing as a "mini-trial").

---

[1] Rule 26.2(g) was subsequently amended to include sentencing proceedings to adopt the result in *Rosa*. *See* Rule 26.2(g) advisory committee notes (1993); Rule 32 advisory committee notes (1993).

**II.     The Government's obligation to produce prior witness statements is not contingent on a formal motion from the defendants.**

The defendants did not file a formal motion for the production of prior statements for purposes of the *James* hearing, because by all appearances, the Government had committed to comply with that obligation.  As stated by the United States Court of Appeals for the Seventh Circuit, "[a] defendant need not move for each witness's Jencks material where the government promises to produce it." *United States v. Johnson*, 200 F.3d 529, 534 (7th Cir. 2000) (citing *United States v. Knapp*, 25 F.3d 451, 460 (7th Cir. 1994)); *see also United States v. Newman*, 849 F.2d 156, 159 (5th Cir. 1988) ("the defendant does not have to move for the [disclosure of Jencks Act] material at the close of each witness's testimony" where the Government has agreed to produce it); *United States v. Fleifel*, Criminal No. 3:12-CR-318-D(3), 2014 WL 6633049, at *2 (N.D. Tex. Nov. 24, 2014) (defendant's motion for 26.2 material "denied as moot" because the Government already had "offered[] to disclose").

The Government sought two court orders in order to produce grand jury testimony to the defendants, explaining in each that "[d]efense counsel has requested grand jury transcripts" and that the Government "wishes to provide this discovery."  Dkts. 87, 196.  The Court, in granting the Government's motions, ordered the Government to produce grand jury materials "to the defendants and their attorneys" for the purposes of "defending this case."  Dkts. 88, 197.  The Government later confirmed that it was complying with and would continue to comply with the Jencks Act.  Further, in advance of the *James* hearing, the Government produced additional prior statements of Agent Taylor, citing its Rule 26.2 and Jencks Act obligations, specifically evidencing its commitment to produce prior statements of the witness it would call at the *James* hearing.  At no point did the Government assert that it was producing only *some* of Agent Taylor's statements pursuant to Rule 26.2 and the Jencks Act.

5

### III. The sanction for violating Rule 26.2 is striking the testimony of the Government witness for whom prior statements were not timely produced.

The Government submitted two motions through which it committed to comply with Rule 26.2 by requesting permission to disclose the "grand jury transcripts" to the defendants. By fair reading, the Government committed to turn over *all* of the grand jury transcripts in a timely manner. The Government failed to comply by not timely producing the July 28, 2021 transcript.

Rule 26.2(e) specifically provides sanctions for a party that disobeys an order to produce prior statements of a witness. Where, as here, the Government has committed to produce Rule 26.2 materials, as set forth above, no motion is required and, accordingly, no specific order of the Court issues. Given that no motion or order is necessary under these circumstances, it follows that the sanction set forth in Rule 26.2(e) applies as if there had been a motion and a court order.

In any event, while the Court did not specifically order the production of Rule 26.2 prior statements in the context of the *James* hearing, the Government's failure timely to produce the July 28, 2021, transcript prior to the cross-examination of Agent Taylor at the *James* hearing, violated the spirit, if not the letter, of the Court's orders unsealing the grand jury transcripts. Thus, even if the sanction under Rule 26.2 applies only after the failure to produce 26.2 material following a court order, there was a court order in this case and the sanction is applicable.

When a party does not produce its witnesses' prior statements, "the court *must* strike the witness's testimony from the record." Fed. R. Crim. P. 26.2(e) (emphasis added). The Tenth Circuit has not addressed the meaning of "must" in Rule 26.2(e). But as the Tenth Circuit has noted in another context, the word "must" is "mandatory language," which means to "'be obliged to.'" *S. Furniture Leasing, Inc. v. YRC, Inc.*, 989 F.3d 1141, 1147 (10th Cir. 2021) (quoting Merriam-Webster, https://www.merriam-webster.com/dictionary/must (last visited October 5,

2020)). "Must" means "that the requirement is mandatory and not discretionary." *In re Settlement Facility Dow Corning Trust*, No. 09-CV-12297, 2010 WL 1247839, at *3 (E.D. Mich. Mar. 25, 2010).

Prior to the enactment of Rule 26.2, the Tenth Circuit Court of Appeals interpreted the Jencks Act as not mandating the Act's statutory sanction of striking the witness' testimony in one specific circumstance, where the defendant had not filed a motion to strike and the Government produced missing witness statements during cross-examination, giving the defendant the opportunity to use them during cross-examination. *United States v. Heath*, 580 F.2d 1011, 1019 (10th Cir. 1978). The mandatory sanction provision under the current version of Rule 26.2, however, differs from that under the Jencks Act.[2]

While the Jencks Act says the sanction "shall" apply when the Government "elects" not to produce a prior statement, Rule 26.2 says the sanction "must" be imposed when the Rule is "disobey[ed]." As an initial matter, "shall," unlike "must," is not always meant to be mandatory; indeed, certain parts of the Federal Rules of Civil or Criminal Procedure use "shall" in a non-mandatory manner. *See e.g.*, *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 n.9 (1995); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 112-15 (2012). Further, the Jencks Act's language—"elects not to comply"— implies an intent not to

---

[2] Prior to 2002, Rule 26(e) tracked the language of the Jencks Act, that when the government "elects not to comply," the Court "shall" strike the witness' testimony. Other circuits have interpreted this prior version of Rule 26.2(e) as not requiring a court to strike a witness' testimony absent a finding that the Government intentionally or consciously chose to ignore the disclosure requirements of Rule 26.2(a). *E.g.*, *United States v. Riley*, 189 F.3d 802, 805-06 (9th Cir. 1999); *United States v. Taylor*, 13 F.3d 986, 990 (6th Cir. 1994). Those out-of-circuit, non-binding cases do not take into account the differences between the sanctions provision in the Jencks Act and the sanctions provision in the current version of Rule 26.2(e)—indeed they could not have, as Rule 26.2(e) mirrored the relevant portion of the Jencks Act at the time those cases were decided. In any event, they are inconsistent with how the Tenth Circuit interprets "must."

comply, whereas "disobey" does not. *Compare United States v. Perry*, 471 F.2d 1057, 1063 (D.C. Cir. 1972) (interpreting "elects" under the Jencks Act to encompass intent) *with In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) (interpreting "fail[] to act as ordered by the court" to mean "disobey," regardless of intent). Thus, under the Jencks Act, the sanction is mandatory only when the government intentionally elects not to comply; otherwise, the sanction is discretionary. Under the current version of Rule 26.2, on the other hand, any failure to comply with the Rule results in a mandatory sanction that the testimony is stricken.

As the Supreme Court has stated, "federal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional or statutory provisions." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988). The Government has disobeyed the requirement of Rule 26.2 by not producing the July 28, 2021 grand jury transcript prior to the cross-examination of Agent Taylor at the *James* hearing. Accordingly, the Court must strike his testimony from the *James* hearing.[3]

---

[3] In the alternative, should the Court determine that the mandatory nature of the appropriate sanction set forth in Rule 26.2(e) is inapplicable in the absence of a court order to comply with Rule 26.2, the Court should nonetheless strike Agent Taylor's testimony. *See United States v. Jackson*, 649 F.2d 967, 971-72 & n.6 (3d Cir. 1981) (affirming district court's exercise of discretion to strike testimony where Government admitted that a witness statement had not been turned over in situation where sanctions by "statutory alternatives . . . [were] not mandatory"); *United States v. Well*, 572 F.2d 1383, 1384-85 (9th Cir. 1978) (*per curiam*) (affirming district court's order to strike witness testimony based on Government's failure to produce in response to request for Jencks material); *United States v. Red Elk*, 185 F. App'x 716, 725 (10th Cir. 2006) (Tbl.) (not in the context of Rule 26.2, affirming decision to exclude testimony due to late disclosure based on the court's "interest in maintaining the integrity and schedule of the court" and the court's "inherent power to control and supervise its own proceedings" (internal quotations omitted)); *United States v. Suarez*, Crim. Action No. 09-932 (JLL), 2010 WL 4226524, at *7 (D.N.J. Oct. 21, 2010) (if the facts of the case lie outside of the Rule 26.2(e), then "the discretion of the trial judge" controls) (quoting in part *United States v. Jackson*, 649 F.2d 967, 972 n.6 (3d Cir. 1981)).

## CONCLUSION

For the reasons set forth above, the defendants request that the Court strike Agent Taylor's testimony at the *James* hearing pursuant to Federal Rule of Criminal Procedure 26.2(e). The Government failed to comply with its obligations under the Rule and, accordingly, Agent Taylor's testimony "must" be stricken.

Date:  October 1, 2021

Wendy W. Johnson
RMP LLP
5519 Hackett Road, Suite 300
Springdale, Arkansas  72762
Telephone:  (479) 443-2705
Fax:  (479) 443-2718
wjohnson@rmp.law

s/ John A. Fagg, Jr.
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

s/ Richard K. Kornfeld
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack
ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, D.C.  20006
Telephone: (202) 775 4500
Fax: (202) 775 4510
bpollack@robbinsrussell.com

s/ Michael F. Tubach
Michael F. Tubach
O'Melveny & Myers LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

s/ Michael S. Feldberg
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

s/ Bryan Lavine
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
bryan.lavine@troutman.com

s/ James A. Backstrom
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

s/ Craig Allen Gillen
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

s/ Elizabeth Prewitt
Elizabeth B. Prewitt
LATHAM & WATKINS LLP-DC
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

s/ Mark A. Byrne
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

## CERTIFICATE OF SERVICE

On this first day of October, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Colorado by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack

*Counsel for Mr. Blake*