IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

### GOVERNMENT'S NOTICE REGARDING USE OF SELF-AUTHENTICATING EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11), 902(13), AND 902(14)

The government hereby provides notice of its intent to offer certified records of regularly conducted activity into evidence, under Federal Rules of Evidence 902(11), 902(13), and 902(14). The government has provided the records and corresponding certifications made by records custodians, forensic examiners, and other qualified individuals to counsel for the defendants, and the government has notified the defendants it plans to establish authenticity of these documents through the certifications. The government sought authenticity stipulations from the defendants, but has been unable to reach a resolution.

I.      **Background**

Trial in this matter is scheduled to begin on October 25, 2021. At trial, the government anticipates moving for the admission of certain records, such as electronic communications, documents, and toll records.  Of these types of materials, the government has provided defendants with the records it has received as of September 16, 2021 and which it currently intends to use in its case-in-chief.[1] The government will continue to provide documents to defendants in discovery as documents are received as part of its ongoing investigation and processed for production in discovery. The government also anticipates moving into evidence documents that were copied from electronic devices, storage media, or files, such as text messages and cell phone extractions. Of these types of materials, the government has provided defendants with the records from devices and media it obtained prior to July 2021,[2] which includes everything that the government currently intends to use in its case-in-chief.

---

[1] The government's investigation is ongoing, and the government continues to receive documents as part of that ongoing investigation. The government will continue to provide newly-received documents to defendants in discovery and abide by its discovery obligations. In addition, Pilgrim's Pride has agreed to make remaining document productions pursuant to its grand jury subpoena directly to Defendants.

[2] Defendants have been advised that the government obtained approximately 15 additional devices as part of its ongoing investigation in late July 2021. The government notified the defendants of such by letter on August 12, 2021. These devices are currently under review by a filter team, and the government anticipates producing the material obtained from the devices in discovery upon completion of that review. The government estimates that this will occur before trial. The government has been unable to image four of the devices due to significant structural damage and other device issues. Those devices are currently in the process of being relocated by the FBI to Denver to be made available for inspection by defendants prior to trial.

The government first sent signed Rule 902 certifications and draft authenticity stipulations to the defendants on September 13, 2021.[3] The defendants declined to stipulate because the draft stipulations, which mirrored the Rule 902 certifications, covered millions of documents. The government then asked the defendants to provide the basis for any challenges they have to the certifications themselves, which the defendants should have been able to do regardless of the number of documents covered by the certifications. The defendants did not do so and instead postponed any further discussion until after exhibit lists are due on October 6, 2021.

While the defendants may stipulate at some point immediately before trial, the government provides this notice now to enable the Court to have ample time to evaluate the Rule 902 certifications in the event that the defendants do not stipulate. In that event, the Court's acceptance of the certifications in lieu of live testimony will obviate the need for the government to call close to two dozen witnesses at trial.

## II. Self-Authenticating Documents Pursuant to Rules 902(11), 902(13), and 902(14)

Federal Rule of Evidence 902, titled "Evidence That is Self-Authenticating," provides that:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:
> . . .
> **(11) Certified Domestic Records of a Regularly Conducted Activity.** The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute

---

[3] The government has continued, and will continue, to send Rule 902 certifications to the defendants as it receives them. The government will also provide supplemental notice to the Court of the same.

3

or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them.
**(13) Certified Records Generated by an Electronic Process or System.** A record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent must also meet the notice requirements of Rule 902(11).
**(14) Certified Data Copied from an Electronic Device, Storage Medium, or File.** Data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11) or (12). The proponent also must meet the notice requirements of Rule 902 (11).

Fed. R. Evid. 902(11), (13), (14)

*Rule 902(11)*. To satisfy the requirements of Federal Rule of Evidence 902(11), a certification must be made by a custodian or qualified individual, and must also meet the requirements of Rule 803(6)(A)–(C), the "business records exception" to the hearsay rule. Fed. R. Evid. 902(11). Rule 803(6)(A)-(C) explicitly contemplates the use of such certifications, and provides in pertinent part:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is unavailable as a witness:
> . . .
> **(6) *Records of a Regularly Conducted Activity*.** A record of an act, event, condition, opinion, or diagnosis if:
> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity;
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, *or by a certification that complies with Rule 902(11)* or (12) or with a statute permitting certification; and

4

>   **(E)**  the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6) (emphasis added). Accordingly, "Rule 902(11) permits a party to establish the authenticity of documents as domestic business records through a declaration from the records' custodian," as long as the party offering the evidence provides the adverse party with sufficient notice. *United States v. Lewis*, 594 F.3d 1270, 1278-79 (10th Cir. 2010).

When Rule 902(11) is used to authenticate electronic written communications, such as emails, text messages, and chat logs, a records custodian's certification is sufficient to establish that the transmittal data—*i.e.*, facts "that communications generally took place between particular accounts, at particular times, on particular dates"—qualify for admission under Rule 803(6), *United States v. Edwards*, 16-cr-20070-01/02-CM, 2019 WL 5196614, at *11 (D. Kan. Oct. 15, 2019), to the extent that is even necessary.[4] The government is not suggesting that the that the contents of the communications are necessarily admissible. Even if the Court accepts the certifications as to the existence, transmittal, and times of the communications, the parties must still prove that the contents of the communications are relevant under Rule 401, and that they either do not constitute hearsay under Rule 801 or fall under a hearsay exclusion from Rules 803 and 804 before admitting the records into evidence. *See Edwards*, 2019

---

[4] Using Rule 803(6) to admit machine-generated information relating to the existence, transmittal, and times of the communications is a belt-and-suspenders approach because there is no human declarant. *See* Fed. R. Evid. 801(b) (defining "Declarant" as a "person who made the statement"); *United States v. Channon*, 881 F.3d 806, 811 (10th Cir. 2018) (agreeing with district court that "records . . . produced by machines" "fall outside the purview of Rule 801, as the declarant is not a person").

5

WL 5196614, at *11 (analyzing transmission information separately from communications contents for purposes of 902(11) admission and collecting cases that require such separate treatment in the Fifth, Ninth, Tenth, and Eleventh Circuits).

*Rules 902(13), (14)*. Under 902(13), evidence is self-authenticating if a certification is provided by a qualified person that "a record generated by an electronic process or system that produces an accurate result." Under 902(14), evidence is self-authenticating if a certification is provided by a qualified person that "data copied from an electronic device, storage medium, or file," is "authenticated by a process of digital identification." Both rules also require the procedural process explained in 902(11), that is, the proponent must give reasonable written notice of the intent to offer the record, and must make the record and certification available for inspection. *See* Fed. R. Evid. 902(13), (14); Committee Notes on Rules—2017 Amendment relating to Paragraph (13) (noting that "[t]he reference to the 'certification requirements of Rule 902(11)' is *only* to the procedural requirements for a valid certification" and confirming that 902(13) does *not* require a certification of business records under Rule 803(6) (emphasis added)), and relating to Paragraph (14) (same).

### III.     Types of Records to be Authenticated by Certificate

For the following types of records, the government intends to authenticate the documents listed in Exhibit 1 using certificates of authenticity from the following custodians:

1. Electronic written communications, contracts, and other business documents
    - Chick-fil-A Inc.
    - Church's Chicken/Cajun Operating Company Claxton Poultry Farms

- George's Inc.
- Golden Corral Corporation
- Koch Foods, Inc.
- Mar-Jac Poultry Inc.
- Norman W. Fries, Inc. d/b/a Claxton Poultry Farms
- O.K. Foods, Inc.
- Pilgrim's Pride
- Restaurant Supply Chain Solutions, LLC (RSCS)
- Supply Management Services, Inc. (SMS)
- Sysco Corporation
- Tyson Foods, Inc.

2. Toll records
   - AT&T Inc.
   - CenturyLink Inc.
   - Cellular South Inc. (C Spire)
   - Charter Communications Inc.
   - Comcast Corp.
   - T-Mobile US Inc.
   - Verizon/Cellco Partnership d/b/a Verizon Wireless
   - Verizon Business
   - Windstream
3. Extractions of electronic devices
   - FBI Computer Analysis Response Team
   - Consilio
   - Digital Discovery
   - ELIJAH
   - FTI Consulting, Inc.
   - TransPerfect Legal Solutions

The specific certifications of authenticity that the government will introduce, and the bases for their admission, are listed in Exhibit 1. The certifications are also included with this notice as Exhibits 2-1 through 36-1. Those that satisfy Rule 902(11) set forth that the documents they purport to certify are (i) true copies of records on file with the entity; (ii) were made at or near the time of the recorded event; (iii) were kept in the regular course of the entity's business; and (iv) were made as a regular practice of that entity's business. Those that satisfy 902(13) set forth that the record is "generated by an

7

electronic process or system that produces an accurate result." Fed. R. Evid. 902(13); *see United States v. Bondars*, Case No. 1:16-cr-228, 2018 WL 9755074, at *2 (E.D. Va. 2018) ("Similar to the provisions on business records in Rules 902(11) and 902(12), Rule 902(13) was added by the Advisory Committee to reduce the expense and inconvenience of producing a witness to authenticate an item of electronic evidence."). And those that satisfy 902(14) set forth that the "[d]ata copied from an electronic device, storage medium, or file" are "authenticated by a process of digital identification." Fed. R. Evid. 902(14); *see, e.g., United States v. Dunnican*, 961 F.3d 859, 872 (6th Cir. 2020) (finding that 902(14) notice was sufficient to self-authenticate a cell phone extraction when the declaration "certified the reliability and verifiability of the extraction").

Respectfully submitted this 1st day of October 2021.

By: /s/ Carolyn M. Sweeney

Carolyn M. Sweeney
Michael T. Koenig
Heather D. Call
Paul J. Torzilli
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (202) 598-8586
Email: carolyn.sweeney@usdoj.gov