IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 20-cr-00152-PAB

UNITED STATES OF AMERICA

    Plaintiff,

v.

1. JAYSON JEFFREY PENN
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS

Pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, and the Court's Practice Standards for Criminal Cases, Defendants, through their respective counsel, respectfully submit these Joint Proposed *Voir Dire* Questions:

In this case the government has alleged that each of the defendants entered into an agreement to violate antitrust laws by agreeing to fix prices for broiler chicken products. Each defendant is employed by a company that produces, processes, and sells broiler chicken products. Each defendant has pleaded not guilty.

1. When it comes to a criminal case, a bedrock principle is the presumption of innocence. Is there anything about the nature of the charges or any of the defendants themselves that makes it difficult for you to presume them to be innocent in this case? What is your thought about the fact that you must presume them innocent as they sit here? No defendant is required to disprove the case or present any evidence at all. What do you think of that?

2. While some people may not have formed attitudes, opinions or beliefs about guilt or innocence based on what they have heard, sometimes people still have emotional reactions to the nature of the allegations. What is your reaction? What are you thinking about each defendant's guilt or innocence?

3. None of the defendants in this case have to testify and you will be instructed that you cannot hold a defendant's choice not to testify against him as evidence of guilt. If you don't hear from a defendant in this case, does that suggest to you that he may be hiding something or that he is guilty?

4. Do you have an opinion or pre-existing belief about big companies that produce food, specifically chicken, beef or pork? If so, please describe your belief and how you came to that opinion.

5. Do you have any negative feelings about chicken farming / production, or believe that any aspects of chicken farming or production are morally wrong? Because each of the

defendants in this case were in this industry, will your feelings or beliefs affect your ability to listen to this case fairly and impartially?

6. Do you have any negative opinions about corporations that could bias you against any of the defendants in this case?

7. Have you, a family member, or friend ever been a victim of corporate wrongdoing? If yes, please describe. Is there anything about that experience that makes it difficult for you to presume each of these defendants are innocent? Or, anything that makes you presume that guilt?

8. Have you ever held an executive position at a company? If so, do you believe your background or experience at this position would affect your ability to be a fair and impartial juror in this case?

9. Have you ever held a sales position? Because there are defendants in this case who were in sales, and this case involves the pricing and selling of products, do you believe your background or experience in sales would affect your ability to be a fair and impartial juror in this case?

10. Do you or have you ever owned a business? If yes, do you believe your background or experience as a business owner would affect your ability to be a fair and impartial juror in this case?

11. Do you have any education, training, or experience with antitrust laws?

12. Were you familiar with the legal term "price-fixing" before you came to court today? If yes, do you have any preconceived ideas of what you thought price-fixing means? Are

you able to set aside any preconceived notion about what constitutes "price fixing" and listen to the jury instructions explaining this term so that you can follow the law in this case?

13. Have you or anyone close to you ever been involved in any way with a price-fixing or antitrust dispute or litigation?

14. In this case, you will hear evidence of business competitors in the chicken industry sharing their bid pricing. You will be instructed on the law that it is not illegal for competitors to share their bid pricing so long as they do not agree to price fixing.

   a. Is there anything in your experience or background that will make it difficult for you to follow this law?

   b. Will you be unable to view this case fairly and impartially due to believing that if business competitors are sharing their bid pricing, they are *likely* doing so to fix pricing?

   c. Even though it is not against the law for business competitors to share their bid pricing, do you believe that doing so is uncommon and unusual? If yes, will this belief make it difficult for you to follow the law in this case and be a fair and impartial juror?

15. Some of the defendants in this case are high level executives in large companies. What does that do to your perception? Explain your thoughts.

16. This is a case brought by the federal government against a number of individuals in the chicken industry. Does the fact that the government has spent time and effort bringing this case to trial make you feel that it is likely the defendants are guilty of committing a crime?

17. Do you feel that, if a CEO is accused by the federal government of a crime and brought to trial, he or she is likely guilty?

18. Do you believe that CEOs and other senior level corporate executives think they are above the law?

19. Do you believe that CEOs and other senior level corporate executives that are facing trial should be held to a higher legal standard or level of accountability than other defendants?

20. Do you believe that the criminal justice system does not do enough to prosecute or punish people for white collar crimes?

21. The government will try to prove that each of the defendants is guilty and has to present proof beyond a reasonable doubt as to each individual defendant. Is there anything about the number of people involved in the case that would make it difficult for you to presume each individual innocent and evaluate each individual defendant separately?

   a. If there is evidence against one defendant, do you think that tends to show that the other defendants are guilty by association?

   b. If you find that one defendant is guilty can you still find that another defendant is not guilty?

   c. What if defendants worked at the same company – could you find one defendant guilty and one defendant not guilty who worked at the same company?

   d. If you find that an employee of a company is guilty, could you still find that person's boss not guilty?

5

22. Does the fact that a number of persons are being tried as a group make it difficult for you to think of them as individuals?

23. Are you able to set aside the idea that the defendants conspired together simply because they are in court together and charged together and evaluate each separately?

24. If you were selected as a juror in this trial, would you be inclined to view testimony given by FBI agents as being more credible than other witnesses just because of their position?

25. The United States federal government will be trying this case. Do you have strong positive feelings about the United States federal government in general, or how they specifically responded to the pandemic? If so, will your positive feelings interfere with your ability to hear this case without bias and act as a fair and impartial juror?

Respectfully submitted this 6th day of October, 2021.

*s/ Barry J. Pollack*
Barry J. Pollack
ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

*s/ Jacqueline V. Roeder*
Chad D. Williams
Jacqueline V. Roeder
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
(303) 892-9400
chad.williams@dgslaw.com
jackie.roeder@dgslaw.com

*s/ Wendy L. Johnson*
Wendy L. Johnson
RMP LLP
5519 Hackett St., Suite 300
Springdale, AR 72762
(479) 439-2705
wjohnson@rmp.law

*Attorneys for Ric Blake*

*s/ Michael F. Tubach*
Michael F. Tubach
Anna Pletcher
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com
apletcher@omm.com
*Attorneys for Jayson Jeffrey Penn*

6

s/ Richard K. Kornfeld
Richard K. Kornfeld
RECHT KORNFELD, P.C.
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*Attorney for Mikell Reeve Fries*

s/ Craig Allen Gillen
Craig Allen Gillen
GILLEN, WITHERS & LAKE
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*Attorney for Gary Brian Roberts*

s/ Bryan Lavine
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*Attorney for Scott James Brady*

s/ James A. Backstrom
James A. Backstrom
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*Attorney for William Vincent Kantola*

s/ John A. Fagg
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*Attorney for William Wade Lovette*

s/ Elizabeth B. Prewitt
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*Attorney for Timothy R. Mulrenin*

s/ Michael S. Feldberg
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*Attorney for Roger Born Austin*

s/ Mark A. Byrne
Mark A. Byrne
BYRNE & NIXON LLP
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*Attorney for Jimmie Lee Little*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of October 2021, I electronically filed the foregoing **DEFENDANTS' PROPOSED VOIR DIRE QUESTIONS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all listed parties.

      *s/ Sandra Abram*
      Sandra Abram