IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS,
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

### UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO QUASH RULE 17(c) SUBPOENAS TO LINKEDIN CORPORATION

---

The defendants' joint motion to quash the government's Rule 17(c) subpoena to Linkedin Corporation should be denied.

On October 5, 2021, Special Agent LaNard Taylor served two subpoenas on Linkedin Corporation: one Rule 17(a) subpoena to testify at trial, and one Rule 17(c) subpoena *duces tecum* to produce screenshots and basic subscriber information for eight Linkedin profiles. The latter subpoena will likely result in the production of fewer

than twenty documents.[1] The government has not issued any additional Rule 17(c) document subpoenas.[2]

The government's single subpoena for a handful of documents should not be quashed. Nothing in Rule 17(c) requires the government to obtain judicial approval to serve a subpoena. *United States v. Vigil*, No. CR-10-2310 JB, 2013 WL 3270995, at *17 (D.N.M. June 3, 2013) ("[P]arties are not obligated to give notice to the opposing party to issue a subpoena *duces tecum* and [ ] leave of court is generally not necessary to obtain a subpoena.") (citation omitted).

The government also notes that the defendants' objection is incongruent with defendant Mulrenin's response to the government's opposition to his motion to issue a Rule 17 subpoena to Tyson Foods in which he argued that the government did not have standing to quash a third-party subpoena. ECF No. 351 at 2-3. Indeed, Linkedin—a well-resourced corporation subpoenaed for approximately twenty or fewer documents—has not moved to quash the subpoena as "unreasonable or oppressive" under Fed. R. Crim. Pro. 17(c)(2).

Further, though it is unclear whether Defendants' sixth request is asking the Court to limit trial subpoenas for witnesses or for documents, nothing in Rule 17

---

[1] The pre-trial return date of October 11, 2021, was intended to allow the government ample time to disclose any documents it expected to obtain from Linkedin in advance of trial, though the defendants will likely already be familiar with screenshots of their own Linkedin pages, so the risk of surprise at trial is minimal.

[2] The documents cited by the defendants in their motion (Government Exhibits 9227-9253) were not obtained by Rule 17(c) subpoena. The only other trial subpoenas the government has issued are for the testimony of witnesses under Rule 17(a). *See* ECF No. 590.

2

contemplates a time limit on the government's ability to issue trial subpoenas, and therefore Defendants' unsupported request to hamper the government's case-in-chief should be denied.

For the aforementioned reasons, the defendants' motion should be denied.

By:  s/ Jillian M. Rogowski
Michael T. Koenig
Heather D. Call
Carolyn M. Sweeney
Paul J. Torzilli
Jillian M. Rogowski
Trial Attorneys
Antitrust Division
U.S. Department of Justice
Washington Criminal II Office
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: (773) 703-7633
Email: jillian.rogowski@usdoj.gov
