## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JAYSON JEFFREY PENN, et al.**, <br><br> *Defendants.* | Case No. 1:20-cr-00152-PAB |

### MR. BLAKE'S OPPOSITION TO THE UNITED STATES' MOTION [ECF NO. 620] TO REQUIRE MR. BLAKE TO PROVIDE EXPERT DISCLOSURES BY A DATE CERTAIN AND REQUIRE DEFENDANTS TO COMPLY WITH EXPERT DISCLOSURE OBLIGATIONS

At the Trial Preparation Conference on October 8, 2021, counsel for the Government conceded that Mr. Blake did not seek disclosure of the Government's experts under Rule 16(a)(1)(G) and, therefore, under Rule 16(b)(1)(C)(i), Mr. Blake has no obligation to disclose experts to the Government. Ex. A (Pretrial Transcript) at 38. The Government indicated that it nonetheless would file a motion asking the Court to order such disclosure, which it did on October 11, 2021 (ECF No. 620). The Government's motion is contrary to Rule 16's plain text, case law, and the Constitution. Because of the constitutional concerns that would arise by requiring a defendant to provide discovery when he has not sought such discovery from the Government, Rule 16 requires the defense to make expert disclosures *if* (and only if) the defense has requested that the government make such disclosures and the government has complied with that request. A court does not have authority to order discovery that Rule 16 precludes. Alternatively, even if the Court had the discretion to order such discovery, it should not do so in this case.

# ARGUMENT

Rule 16(b)(1)(C)(i) provides in relevant part:

The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, **if**—

> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies;

(emphasis added).

The Government concedes, as it must, that Mr. Blake has never requested a disclosure of the Government's experts under Rule 16(a)(1)(G). Mot. at 3; *see* Discovery Conference Memorandum and Order by Magistrate Judge Michael E. Hegarty on 10/13/2020 (ECF No. 153). It nonetheless seeks the discovery to which it is not entitled under Rule 16.

**I.      This Court lacks authority to compel pretrial expert disclosure to the Government in contravention of Rule 16.**

The Government spends most of its motion attempting to restate its arguments from other motions already pending before the Court. But the relief it seeks in *this* motion is "an order requiring that: (1) defendant Blake provide pre-trial disclosure of the opinions, bases, and reasons for any expert evidence that the defendants intend to offer through Dr. Aparna Sengupta; and (2) all defendants [including Mr. Blake] identify any experts not previously identified and provide full disclosures for them." Mot. at 1. Tellingly, the Government does not cite any authority whatsoever for the proposition that it is entitled to this relief. It is not.

Under Rule 16, "neither side has a general right to discover the other's evidence, though the defendant is entitled to request and obtain certain specific types of evidence from the prosecution." *United States v. Navarro Hinojosa*, 2019 WL 4643597, at *2 (N.D. Tex. Sept. 24, 2019) (quoting *United States v. Nacchio*, 555 F.3d 1234, 1260 (10th Cir. 2009) (en banc)

2

(McConnell, J., dissenting)). Absent such a request from the defendant triggering a reciprocal discovery obligation on the part of the defendant, the government may not obtain such discovery from a defendant. Rule 16's "text, context, and structure" compel that conclusion; the constitutional questions raised by the government's demand are "extra icing on a cake already frosted." *Van Buren v. United States*, 141 S. Ct. 1648, 1661 (2021) (citation omitted); *see also Wardius v. Oregon*, 412 U.S. 470, 475 n.9 (1973) ("[T]he State's inherent information-gathering advantages suggest that if there is to be any imbalance in discovery rights, it should work in the defendant's favor.").

Rule 16(b)(1)(C)(i) provides in relevant part that a defendant "must" provide expert disclosure *if* "the defendant requests disclosure under subdivision (a)(1)(G) and the government complies." "It is clear from the wording of Rule 16(b) that these subsections 'apply *if and only if* the defendant has requested and received discovery under (C) or (D) of Rule 16(a)(1)." *United States v. Dailey*, 155 F.R.D. 18, 20 (D.R.I. 1994) (emphasis added) (quoting Wright & Miller, Fed. Prac. & Proc. Crim. § 255 (1982) ("Wright & Miller")); *see* Order, *United States v. Lanzon*, No. 06-20783, ECF No. 101 at 2 (S.D. Fla. Oct. 5, 2007) (attached as Exhibit B).

The government in *Lanzon* argued that expert disclosures "create[] a unique situation that mandates providing the government with such information." *Lanzon*, *supra*, at 2. But, as the court observed, "Congress could have easily carved out an exception in Rule 16" reflecting that policy judgment; it "chose not to do so." *Lanzon*, *supra*, at 2. This inference is reinforced by Rules 12.1-12.3, which *do* carve out disclosure requirements that are not defense-triggered. *Cf. Kimbrough v. United States*, 552 U.S. 85, 103 (2007) ("Drawing meaning from silence is particularly inappropriate" when "Congress has shown that it knows how to direct sentencing practices in express terms.").

The context in which Rule 16's reciprocal discovery provisions were adopted confirms what is already clear from the text. In 1975, Congress accepted the Supreme Court's proposed amendments with "two significant changes," one of which was that "the prosecution's discovery [be] made defendant triggered." Wright & Miller § 251 n.51 (4th ed.) (citation omitted). As the Advisory Note explains, the government's discovery was made "limited and [] reciprocal" to avoid "very serious constitutional problems." Fed. R. Crim. P. 16. Notes of 1975 Enactment. And the Tenth Circuit has explained that Rule 16(b) was constitutional in part because "the prosecutor's right of discovery arises only after the defendant seeks discovery of similar evidence from the government." *United States v. Bump*, 605 F.2d 548, 552 (10th Cir. 1979); *see also* 1993 Advisory Committee Note (discussing reciprocity of expert discovery); *United States v. Davenport*, 668 F.3d 1316, 1321 n.9 (11th Cir. 2012) (advisory notes, though "not binding" are "accorded great weight"). "The drafters of Rule 16 evidently believed that our adversary system, fifth amendment considerations, and other deeply-rooted policies which disfavor devices which force a defendant to lighten the prosecution's burden of proof, demanded that discovery from a criminal defendant be limited by more than the Rule 17 requirements of materiality and relevance." *United States v. Layton*, 90 F.R.D. 520, 523 n.1 (N.D. Cal. 1981).[1]

---

[1] Rule 16(b)(1)(C)'s structure also exposes an anomaly that follows from the Government's position. If Rule 16 permitted a court to order defense-expert disclosure without the first prerequisite under the Rule (the defendant makes a request for disclosure from the government) having been met, then logic would dictate that it would also permit a court to order defense disclosure when the second prerequisite under the Rule (the government has complied with that request), has not been met. *See* Rule 16(b)(1)(C)(i). Yet, one-sided discovery against the defense is plainly unconstitutional. *United States v. Wilkerson*, 388 F. Supp. 3d 969, 973 (E.D. Tenn. 2019); *see Wardius*, 412 U.S. at 472 (due process "forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants.").

The avoidance canon should resolve any doubt remaining after consideration of Rule 16's text, structure, and history. *See, e.g.*, *Tull v. United States*, 481 U.S. 412, 417 n.3 (1987). "While courts have upheld the basic notion of reciprocal criminal discovery on the theory that a defendant can waive the privilege in order to obtain discovery against the government," *United States v. Mehta*, 236 F. Supp. 2d 150, 155–56 (D. Mass. 2002), requiring disclosure without any option comes perilously close to infringing fundamental trial rights—the right against self-incrimination, the right to present a defense, and the right to put the government to its burden. *See* Wright & Miller § 260 (4th ed.) ("[I]t may be that there will be cases where the government is able to make a prima facie case only with the aid of evidence it has obtained by discovery."); *Bump*, 605 F.2d at 552; *Mehta*, 236 F. Supp. 2d at 155 ("Intuitively, discovery against a criminal defendant raises the specter of infringing the Fifth Amendment privilege against self-incrimination.").

It is therefore not surprising that several cases have explicitly held that courts lack authority to require defense-expert disclosure absent a triggering defense request. *E.g.*, *Lanzon*, *supra*, at 2; *Dailey*, 155 F.R.D. at 20; *United States v. Finley*, 2014 WL 3056022, at *4 (W.D. Pa. July 3, 2014).

In addition to these rulings with respect to expert discovery in particular, other courts have likewise refused to compel reciprocal discovery in other contexts in which the defense obligation also arises only "if" a defendant seeks reciprocal discovery, and the defense has made no such request. *E.g.*, *Navarro Hinojosa*, 2019 WL 4643597, at *2 (no reciprocal defense discovery when defendant made no request for documents under Rule 16(b)(1)(A)); *United States v. Johnson*, 2007 WL 2253275, at *2 (D. Kan. July 24, 2007) (same, Rule 16(b)(1)(B)); *see also United States v. Kilmartin*, 2016 WL 6208379, at *2-*3 (D. Me. Oct. 24, 2016) (reciprocal defense discovery of

documents required under Rule 16(b)(1)(A) only because defendant requested documents from government).[2]

Rule 57(b) grants the Court residual authority to "regulate practice," but only "in a[] manner consistent with . . . these rules," *i.e.*, the Rules of Criminal Procedure. Further, "the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Because Rule 16 governs discovery and does not require pretrial disclosures of expert witnesses to the government absent a request by the defendant for reciprocal discovery, the Court has neither authority under Rule 57(b) nor any inherent authority to grant the Government's motion.

The Court cannot order the relief the Government seeks. The Government cites no authority to the contrary. The Government's motion must be denied.

## II. Alternatively, even if the Court had discretion to order the relief the Government seeks, it should not do so.

Ignoring the Court's lack of authority to order Mr. Blake to provide expert disclosures to the Government, the Government provides reasons why it believes that the Court should do so. "Relief is warranted to avoid needless delays during the middle of trial for the Court to resolve fundamental admissibility issues likely to arise from the defendants' proposed expert evidence. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)." Mot. at 2. The Government

---

[2] Other courts have also refused Government motions for discovery on which Rule 16 is silent. *See Wilkerson*, 388 F. Supp. 3d at 974 (denying Government motion to compel notice of advice-of-counsel defense as "well outside the modest confines of Rule 16"); *United States v. Marenghi*, 893 F. Supp. 85, 98 (D. Me. 1995) (denying motion to compel notes of mental examination because "[t]here is nothing in the language of the rule that requires a defendant to produce an expert's notes of an examination."); *United States v. Houston*, 339 F. Supp. 762, 766 (N.D. Ga. 1972) (denying Government motion for exculpatory evidence in defense's possession because "there is no federal rule now in existence which compels such pre-trial discovery").

further expresses the concern: "Without any disclosure about Dr. Sengupta's qualifications, her opinions in this case, and the bases and reasons for those opinions, there is a significant risk that the defendants will seek to introduce through Dr. Sengupta evidence that is not relevant to this case." *Id.* at 3.  Even if the Court had discretion to order Mr. Blake to provide expert disclosures, neither of the Government's purported concerns would warrant the Court doing so.

While the Government is correct that *the Court* has a gatekeeping obligation under *Daubert* and *Kumho Tire*, it does not follow that the Court should compel pre-trial disclosure *to the Government*, much less disclosure in advance of trial.  A court can perform its gatekeeping function in a variety of ways, including via a *Daubert* hearing, "on a motion in limine, [or] on an objection during trial [on *voir dire*] . . . ."  *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000); *see United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005) (the district court has "considerable leeway in the execution of its [gatekeeping] duty" (quotation marks omitted)).  The Court should follow "the presumptive procedure for establishing admissibility of expert testimony"—"through voir dire examination of the witness on the stand, either in a separate *Daubert* hearing or at the beginning of the witness's testimony."  *Nacchio*, 555 F.3d at 1261 (McConnell, J., dissenting).  Thus, there is no requirement that the Court perform its *Daubert* gatekeeping function in advance of trial.

If, however, the Court desires to perform its gatekeeping function in advance of trial, it may do so in a manner consistent with Rule 16.  While the Court lacks authority to grant the Government discovery to which it is not entitled, it is within the Court's power to direct *in camera* submissions.  For example, in *United States v. Impastato*, the Court did not order disclosure to the Government inconsistent with Rule 16, but rather, ordered an *in camera* submission *ex parte* and

7

so that it could make a judicial assessment of the proffered expert testimony and the basis for its admissibility under Rule 702. 535 F. Supp. 2d 732, 743 (E.D. La. 2008).

The Court could follow the same procedure here. It could order that Mr. Blake, in advance of trial, make an *ex parte* proffer regarding any expert opinions he may seek to elicit at trial and the bases for the admissibility under *Daubert* of such expert testimony. This procedure would allow the Court to exercise its Rule 702 gatekeeping function without contravening Rule 16 or putting Mr. Blake in the constitutionally dubious position of having to disclose his defense before the Government has put on its case-in-chief, despite the fact that Mr. Blake has not sought discovery that would waive his right to remain silent until the Government has put on its case.

Likewise, the Government's professed fear that the Court would allow in irrelevant testimony if the Government does not obtain a preview of Mr. Blake's expert testimony in advance of trial is misplaced. Indeed, the myriad motions pending before the Court to which the Government refers in its motion for discovery of Mr. Blake's expert will be resolved long before Mr. Blake puts on any expert testimony in his defense case. If the Government's motions have been denied, they will be of no moment. To the extent that the Court has ruled any area of inquiry irrelevant, plainly Mr. Blake would not inquire of his expert about those areas. To the extent that new areas of inquiry come up, the Government can, of course, object on relevancy grounds and the Court will be perfectly capable of making rulings. Finally, to the extent that the Court has concerns in that regard and wants to make relevancy determinations in advance of trial rather than in context, after it has heard the Government's case-in-chief, just as it can perform its Rule 702 gatekeeping function through an *ex parte* submission in advance of trial, it could employ the same mechanism to make preliminary relevancy determinations.

In sum, even if the Court had discretion to order Mr. Blake to provide expert discovery to the Government—which, as set forth above, it does not—the Government offers no legitimate basis for the Court to exercise such discretion. The Court, of course, is entitled to review any evidence in advance of trial that it feels will assist it in making evidentiary rulings. But that does not mean that the Government is entitled to discovery of that evidence. Rule 16 governs the parties' entitlement to discovery and obligations to provide discovery. The Government has provided the Court neither authority nor a persuasive reason to deviate from the Rule.

## CONCLUSION

The Court should deny the Government's motion. Rule 16 governs expert discovery and the Court does not have authority to override the Rule. If the Court wishes to exercise its gatekeeping function in advance of trial, it can order Mr. Blake to proffer his expert testimony to the Court *ex parte* so the Court may conduct an *in camera* review and make a preliminary determination of admissibility. But the Government has offered no basis for its motion that the Court should order Mr. Blake to make expert disclosures to the Government.

| | |
|---|---|
| Date:  October 13, 2021 | Respectfully submitted, |
| */s/ Wendy W. Johnson* | */s/ Barry J. Pollack* |
| Wendy W. Johnson | Barry J. Pollack (*specially admitted*) |
| RMP LLP | ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP |
| 5519 Hackett Road, Suite 300 | 2000 K Street N.W., 4th Floor |
| Springdale, Arkansas 72762 | Washington, D.C. 20006 |
| Telephone:  (479) 443-2705 | Telephone: (202) 775 4500 |
| Fax:  (479) 443-2718 | Fax: (202) 775 4510 |
| wjohnson@rmp.law | bpollack@robbinsrussell.com |

*Counsel for Mr. Blake*

10

**CERTIFICATE OF SERVICE**

On this 13th day of October, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Colorado by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

Date:  October 13, 2020

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack
ROBBINS, RUSSELL, ENGLERT, ORSECK & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, D.C. 20006
Telephone: (202) 775 4500
Fax: (202) 775 4510
bpollack@robbinsrussell.com

*Counsel for Mr. Blake*