IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on Defendants' Joint Objection to the Government's Notice of Intent to use Evidence of Other Crimes, Wrongs, or Acts Pursuant to Federal Rule of Evidence Rule 404(b) [Docket No. 621]. The government provides notice of eleven documents that it intends to use at trial that "may be construed as other crimes, wrongs, or acts of the defendants under Federal Rule of Evidence 404(b)(2)." Docket No. 621-1 at 2. The government believes that the listed documents are intrinsic to the conduct alleged in Count One of the superseding indictment, but provides notice in the event the Court finds that the evidence is extrinsic. *Id.* at 2-3. Defendants make a general argument that the government does not

sufficiently articulate a proper purpose for any Rule 404(b) evidence, as well as specific arguments about why the documents are not proper Rule 404(b) evidence. Docket No. 621 at 3-10.

> Fed. R. Evid. 404(b) states:
>
> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
> (3) Notice in a Criminal Case. In a criminal case, the prosecutor must:
> > (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> > (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> > (C) do so in writing before trial — or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Count One of the superseding indictment charges defendants with a conspiracy to fix prices and rig bids in the broiler chicken industry between 2012 and early 2019. Docket No. 101 at 1-2.

In determining whether to admit evidence under Rule 404(b), the Court looks to the four-part test in *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988), which requires that:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

I.  APPLICABILITY OF RULE 404(b)

A preliminary issue is whether Rule 404(b) is applicable to the documents.  In the government's notice, it states that it filed the notice out of an "abundance of caution" and believes the evidence to be intrinsic to the conduct alleged in Count One.  Docket No. 621-1 at 2.  The defendants have two responses: certain documents are intrinsic to the charged crime and other documents are not "bad acts."  Docket No. 621 at 4-10.  At the time of filing its Rule 404(b) notice, the government did not provide the documents in question to the Court.  However, on October 19, 2021, the government filed its exhibits, which contain the documents in question.  See Docket No. 678.

"If the contested evidence is intrinsic to the charged crime, then Rule 404(b) is not even applicable."  United States v. Irving, 665 F.3d 1184, 1212 (10th Cir. 2011).  Evidence is intrinsic "when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged."  Id. (quoting United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993)).  "[I]ntrinsic evidence is that which is 'directly connected to the factual circumstances of the crime and provides contextual or background information to the jury.  Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense."  Id.  (quoting United States v. Parker, 553 F.3d 1309, 1314 (10th Cir. 2009).  The Tenth Circuit regards evidence as intrinsic when it

- [i]s inextricably intertwined with the charged conduct,
- occurr[s] within the same time frame as the activity in the conspiracy being charged,
- [i]s a necessary preliminary to the charged conspiracy,

- provide[s] direct proof of the defendant's involvement with the charged crimes,
- [i]s entirely germane background information, directly connected to the factual circumstances of the crime, or
- [i]s necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice.

*United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015) (internal quotation marks, footnotes, and alterations omitted).  Rule 404(b) does not apply to "evidence of acts or events that are part of the crime itself, or evidence essential to the context of the crime."  *Parker*, 553 F.3d at 1314-15.

### A.  Document Nos. 1-4

The Court has found that Document Nos. 1-4 were made during the conspiracy and in furtherance of the conspiracy.  *Compare* Docket No. 559 at 20-21 (finding that the government showed by a preponderance of the evidence that *James* log no. 1, PILGRIMS-0005822161, and James log nos. 6-8, PILGRIMS-0009031705, PILGRIMS-DOJ-0000509305, PILGRIMS-DOJ-0002452440, were made during and in furtherance of the conspiracy), *with* Docket No. 621-1 at 3-4.  Therefore, they are intrinsic and Rule 404(b) does not apply to them.

### B.  Document Nos. 5-6

Document Nos. 5-6 are defendant Rickie Blake's "hard-copy document[s] with phone numbers of competitors and competitor pricing information (*e.g.* Pilgrim's, Koch, and George's[1]) for Church's" Chicken in 2010 and 2011 respectively.  Docket No. 621-1 at 4.  The government states that these documents are permissible because they show knowledge of how to conspire and opportunity to conspire.  *Id.*

---

[1] This list includes "M-D" for 2010 as well.  *See* Docket No. 621-1 at 4.

Defendants state that these documents are documents of 106 and 79 pages in length, respectively, with handwritten notes of contact information for employees of other supplies, "companies from which George's both purchased chicken and to which George's sold chicken," and the notation "Church's cost plus" followed by the respective year. Docket No. 621 at 4-5. Defendants argue that the government has not demonstrated why these documents provide opportunity or knowledge. *Id.* at 5-6. In the alternative, defendants argue that, because the Court has found that Mr. Blake was not a member of the conspiracy until October 24, 2016, these pricing documents for 2010 and 2011 do not demonstrate knowledge or opportunity to conspire in 2016. *Id.* at 6.

The Court has examined the documents and finds that they are intrinsic to the charged conspiracy. Though taking place before the conspiracy, the documents contain contact information for competitors as well as hand written notes of competitor pricing information. *See, e.g.*, GEODOJ_0582773, GEODOJ_0582843. The Court finds this is "inextricably intertwined with the charged conduct" and "necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice." *Kupfer*, 797 F.3d at 1238 (internal quotation marks omitted). Accordingly, Rule 404(b) is inapplicable to these documents.

### C.  Document No. 7

The description of Document No. 7 states, "Blake received a spreadsheet (GEODOJ_0573592) titled DIST NATIONAL ACCOUNTS with competitor pricing information (*e.g.* Marshall, Tyson, George[']s, Pilgrim['s], Cagle, Claxton)." Docket No.

5

621-1 at 4.  The government states that it is admissible under Rule 404(b) to prove knowledge of how to conspire and opportunity to conspire.  *Id.*  Defendants state that this was a spreadsheet of certain 2009 historical pricing data contained in an email from Darrel Keck to Mr. Blake and Bill McClellan of George's Inc.  Docket No. 621 at 6.  Defendants argue that Mr. Blake's receipt of the spreadsheet was not a "bad act" because there is no evidence that Mr. Keck or Mr. McClellan were part of the alleged conspiracy and nor is the spreadsheet germane to knowledge or opportunity to conspire.  *Id.*

The Court has examined the government's exhibit list for the documents with the corresponding Bates numbers and identified them as Exhibits 6316 and 6317.  *See* Docket No. 669 at 200 (stating that GEODOJ_0573591 and GEODOJ_0573592 correspond to exhibits 6316 and 6317 respectively).  Exhibit 6316 is an email with no content showing an attachment, and Exhibit 6317 is a Microsoft Excel spreadsheet of pricing data.  The spreadsheet contains comparative pricing of Marshall, Tyson, George's, Pilgrim's Pride, Cagle, and Claxton for Popeye's and KFC.[2]  The Court finds that the possession of competitor pricing information over two years before the charged conspiracy is extrinsic evidence.  Accordingly, Rule 404(b) is applicable to these documents.

### D.  Document No. 8

Document No. 8 is an email exchange between Mr. Keck and defendant William Kantola, wherein Mr. Keck told Mr. Kantola, "I assume you will portray this info as

---

[2] The spreadsheet also has a tab for Church's Chicken which does not have data inputs.

Agristats derived???," and Mr. Kantola responded, "Thanks for the info."  Docket No. 621-1 at 5.  The government states this document is properly admitted under Rule 404(b) to demonstrate knowledge and opportunity.  *Id.*  Defendants argue that the government quotes a misleading portion of an email chain, and the statements are irrelevant to price fixing or the charged conspiracy.  Docket No. 621 at 7.

Exhibit 9011, Bates number GEODOJ_0574731, is a 2010 email exchange wherein Mr. Kantola compares the costs of Church's Chicken packaging for Koch Foods and George's.  The Court finds that the sharing of costs between two suppliers two years before the charged conspiracy is extrinsic evidence.  Accordingly, Rule 404(b) is applicable to this document.

### E.  Document No. 9

Document No. 9 is a November 9, 2011 email between defendants William Lovette and Jayson Penn regarding increasing profit margins.  Docket No. 621-1 at 5.  In its *James* order, the Court found that Mr. Lovette and Mr. Penn joined the conspiracy by August 2011.  Docket No. 559 at 11.  The Court finds that the discussion of the need to increase revenue or margins between two members of the conspiracy is intrinsic to the conspiracy and therefore not Rule 404(b) evidence.

### F.  Document No. 10

Document No. 10 is a May 20, 2011 email from defendant Jimmie Little to defendant Roger Austin telling Mr. Austin, "Promote Scott Brady to be the guy to help you! He will be awesome and Ledford will help us."  Docket No. 621-1 at 5.  Mr. Little also emailed Mr. Brady, "Do not forward."  *Id.*  The government states that these emails

7

are properly admitted under Rule 404(b) to prove opportunity to conspire. *Id.* Defendants argue that these emails are simply a personal endorsement of Mr. Brady for an internal promotion and Mr. Little sharing this information with Mr. Brady. Docket No. 621 at 9. Accordingly, defendants argue, there are no crimes, wrongs, or bad acts described and thus Rule 404(b) is inapplicable. Additionally, defendants argue it has no probative value. *Id.* at 10.

The Court finds that this email is intrinsic to the charged conspiracy because it is "necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice." *Kupfer*, 797 F.3d at 1238. Accordingly, Rule 404(b) is in applicable to it.

### G. Document No. 11

Document No. 11 is an April 22, 2011 email from an individual identified as "DeLong" to Mr. Little stating, "My Hero, I'm perplexed here... I enlisted your eloquence to get the customer to go 5 days to the distributor, now I get a note from the customer that they have changed it to 2 days to distributor? You sure have some unique negotiating tactics." Docket No. 621-1 at 5. Mr. Little responded, "I told u at the meeting I was working on 6 for PP and 2 for Koch!" *Id.* Defendants argue that this is "joshing" between Mr. Little and Mr. DeLong, a person not alleged to be a co-conspirator, and there is no probative value to the statements because there will be no witness to explain the meaning of the statements. Docket No. 621 at 10. The Court finds that an email between Mr. DeLong, at Koch Foods, and Mr. Little, at Pilgrim's Pride regarding coordination is "[i]s inextricably intertwined with the charged conduct,"

"[i]s entirely germane background information, directly connected to the factual circumstances of the crime," and "[i]s necessary to provide the jury with background and context of the nature of the defendant's relationship to his accomplice." *Kupfer*, 797 F.3d at 1238 (internal quotation marks and footnotes omitted). Accordingly, the emails are intrinsic and Rule 404(b) is inapplicable to Document No. 11.

### H. Conclusion

The Court finds that the following documents are intrinsic: Document Nos. 1-6 and 9-11. The Court finds Document Nos. 7 and 8 are extrinsic.

## II. SUFFICIENCY OF NOTICE

Because the Court finds that Document Nos. 7 and 8 are extrinsic, the Court will make a determination on the sufficiency of the government's Rule 404(b) notice with respect to them.

The government states that Document No. 7 is appropriately admitted under Rule 404(b) because it shows knowledge of how to conspire and opportunity to conspire. Docket No. 621-1 at 4. Defendants argue that Document No. 7 is not a "bad act" because Mr. Keck, who sent the spreadsheet, and Mr. McClellan, a recipient of the spreadsheet along with Mr. Blake, are not alleged to have been part of the conspiracy. Docket No. 621 at 6. Defendants also argue that the documents do not demonstrate opportunity or knowledge. *Id.* "[W]hen evidence of prior bad acts is offered, the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *United States v. Commanche*, 577 F.3d 1261, 1267

(10th Cir. 2009) (quoting *United States v. Himelwright*, 42 F.3d 777, 782 (3d Cir. 1994)). The Court finds the government's notice is sufficient and the stated reasons proper. It states the purposes for which the Document No. 7 will be offered, which are non-propensity reasons.

The government states that Document No. 8 is appropriately admitted under Rule 404(b) because it shows knowledge of how to conspire and opportunity to conspire. Docket No. 621-1 at 5. Defendants argue that the statements do not relate to price fixing or any conspiracy and do not show knowledge or opportunity. Docket No. 621 at 7. Defendants further argue that the government is attempting to create undue prejudice by insinuating that Mr. Kantola participated in the alleged conspiracy before the Court found so in its *James* order. *Id.* The Court finds the government's notice is sufficient and the stated reasons proper. It states the purposes for which the Document No. 8 will be offered, which are non-propensity reasons.

### III. Conclusion

For the foregoing reasons, it is

**ORDERED** that Defendants' Joint Objection to the Government's Notice of Intent to use Evidence of Other Crimes, Wrongs, or Acts Pursuant to Federal Rule of Evidence Rule 404(b) [Docket No. 621] is overruled.

DATED October 20, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge