**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

| | |
|---|---|
| 1. | JAYSON JEFFREY PENN, |
| 2. | MIKELL REEVE FRIES, |
| 3. | SCOTT JAMES BRADY, |
| 4. | ROGER BORN AUSTIN, |
| 5. | TIMOTHY R. MULRENIN, |
| 6. | WILLIAM VINCENT KANTOLA, |
| 7. | JIMMIE LEE LITTLE, |
| 8. | WILLIAM WADE LOVETTE, |
| 9. | GARY BRIAN ROBERTS, and |
| 10. | RICKIE PATTERSON BLAKE, |

       Defendants.

---

**NON-PARTY KOCH FOODS INC.'S MOTION TO MODIFY THE GOVERNMENT'S OCTOBER 20, 2021 TRIAL SUBPOENA PURSUANT TO FED. R. CRIM. P. 17**

---

For the reasons set forth below and pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure, non-party Koch Foods, Inc. ("Koch") respectfully moves this Court for an Order modifying the Government's trial subpoena directed to Koch's Custodian(s) of Records, dated October 20, 2021 (the "Subpoena").

## LEGAL STANDARD

The Federal Rules of Criminal Procedure permit the issuance of a subpoena that "command[s] the witness to attend and testify at the time and place the subpoena specifies." Fed.

R. Crim. P. 17(a).  Likewise, Rule 17(c) authorizes subpoenas for the production of documentary evidence, and sets forth a procedure and a standard for challenging such subpoenas: "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." The Supreme Court clarified the meaning of this standard in *United States v. Nixon,* 418 U.S. 683, 700 (1974), holding that a subpoena *duces tecum* is not "unreasonable or oppressive" if the proponent establishes the relevancy, admissibility, and specificity for the requested documents.

Courts in this district have held that the standard for reviewing Rule 17(c) subpoenas—"is basically the same for subpoenas compelling the attendance of witnesses"—*i.e.,* subpoenas *ad testificandum* under Rule 17(a). *United States v. Santistevan*, Case No. 11-cr-00406-CMA, 2012 WL 2875949, at *1 (D. Colo. July 12, 2012).  "Although Rule 17(a) does not prescribe a procedure for quashing witness subpoenas, 'courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles.'" *Id.* (quoting *Stern v. U.S. Dist. Ct.,* 214 F.3d 4, 17 (1st Cir. 2000)).  "More specifically, a subpoena *ad testificandum* survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." *Id.* (citing *United States v. ValenzuelaBernal,* 458 U.S. 858, 867 (1982)) (internal quotation marks omitted).

## RELEVANT BACKGROUND

On June 25, 2019, Koch received a grand jury subpoena from the Government, requiring the preservation and production of documents responsive to the subpoena. *See* Declaration of Clifford C. Histed ("Histed Decl."), ¶ 3.  Over the course of 2019 and 2020, Koch made multiple productions of documents to the Government pursuant to this subpoena. Histed Decl., ¶ 3. Pursuant to the Government's request, and in connection with these productions, Koch provided four

"Certificates of Authenticity" to the Government. Each Certificate—attested to by Koch's Vice President of Information Systems, Stewart Ward ("Ward"), pursuant to 28 U.S.C. § 1746—that (1) the documents produced to the government by Koch—or documents produced by Koch to civil plaintiffs in a related civil action—"were retrieved from Koch Foods Inc.'s email server" (2) that Koch "maintained this email server in the ordinary course of its business" and (3) to the best of Mr. Ward's knowledge, "these documents are true and correct duplicates of original documents maintained on Koch Foods Inc.'s email server." Histed Decl., ¶ 4. Each of the Certificates explicitly stated that Mr. Ward did "***not*** certify to the accuracy of the contents" of the produced documents. Histed Decl., ¶ 4 (emphasis added).

On July 29, 2021, the Government filed a superseding indictment in this District, charging Koch with violating § 1 of the Sherman Act based on allegations largely mirroring those in this Action. *See United States v. Norman W. Fries, Inc., d/b/a Claxton Poultry Farms, et al.*, Case No. 21-cr-00168-RM (D. Colo.), ECF 30.

On September 9, 2021, with respect to the above-captioned action ("Action"), the Government sent Koch's counsel a trial subpoena *ad testificandum* ("September 9 Subpoena") to the "Custodian(s) of Records" at Koch ("Koch's Custodian of Records") with "the requisite knowledge to testify to the authenticity of all records produced in response to the grand jury subpoena received by Koch Foods . . . , and all records produced by Koch Foods in response to the *In re Broiler Chicken Antitrust Litigation* in the Northern District of Illinois which were subsequently produced to the U.S. Department of Justice Antitrust Division." Histed Decl., ¶ 5 (emphasis added).

On September 10, 2021, Koch's counsel agreed to accept service of the Government's September 9 Subpoena, but requested to meet and confer with the Government. Histed Decl., ¶ 6.

On September 14, 2021, Koch's counsel met and conferred with the Government regarding its September 9 Subpoena. Histed Decl., ¶ 6. Counsel for the Government indicated on that call that the Government "hoped not to have to use the trial subpoena," but would—as trial in the above-captioned matter approached—provide Koch with a list of specific exhibits for which the Government will call someone to testify to the exhibits authenticity. Histed Decl., ¶ 6. On that call, Koch's counsel explained to the Government that Koch's Custodian of Records would only be able to testify that these records were retrieved from Koch's email server, that Koch maintained its email server in the ordinary course of its business, and that these documents are true and correct duplicates of original documents maintained on Koch's email server, to the best of his knowledge, but would _not_ be able to testify that these email records satisfied the business records exception for self-authenticating evidence under Federal Rules of Evidence 902(11), 902(13), and 803(6). Histed Decl., ¶ 6.

On October 11, 2021, the Government filed a Motion for "Pre-Trial Ruling Regarding Authentication of Evidence Pursuant to Federal Rules of Evidence 902(11) and 902(13)." *See* ECF 622, 653 ("Authentication Motion"). The Government's Authentication Motion attached Koch's Certificates of Authenticity as an exhibit, seeking to authenticate *all* of Koch's produced email records under Rules 902(11) and 902(13). *Id. at* ECF 622-1, Ex. 5-1. The defendants in this Action opposed the Government's Authentication Motion. *See* ECF 643. On October 19, 2021, this Court denied the Government's Authentication Motion, holding that Koch's and other non-party's Certificates of Authenticity were insufficient bases on which to authenticate records produced in this Action pursuant to Federal Rules of Evidence 902(11) and 902(13). *See* ECF 673, at pp. 5–13 ("Authentication Order"). In its Authentication Order, the Court held that—with respect to "emails produced to the government from chicken suppliers," including Koch—"the Court finds that the

4

emails bear no indicia of accuracy regarding their content within the meaning of the business rule exception," and thus denied authentication via Rule 902(11) for all "emails that the government seeks to authenticate," including Koch's produced emails. *Id.* at 9-10.

In the pre-dawn hours of October 20, 2021—three business days before the start of trial in this Action and in apparent response to the Court's Authentication Order—the Government sent Koch's counsel a *new* subpoena to Koch's "Custodian of Records," commanding him to "appear . . . to testify" in this Action on October 25, 2021, and to "bring . . . the following documents, electronically stored information, or objects" listed in "Attachment A." Histed Decl., ¶¶ 7, 8, 9.  The Government requested that Koch's counsel accept service of the subpoena, and explained that "Koch Foods must produce a qualified witness or witnesses to testify to all of the topics listed [in Attachment A] on October 25, 2021, in Denver, Colorado."  Histed Decl., ¶ 9. Later that same morning, the Government provided Koch's counsel with a revised copy of Attachment A, which listed the Bates numbers of 134 documents produced by the Government in this Action and sought "Custodian(s) of Records competent to testify about the following with respect to the documents listed in this attachment:

- [**Topic #1**] Email authentication, including the storage of company emails, how emails are saved and maintained on the company's server, how the company's server is maintained, how the company's email addresses are assigned to employees or employee accounts, how emails are transmitted and received from the accounts as reflected in the "to" and "from" entries, and how other related items such as calendar invitations and email attachments are made, saved, and maintained;
- [**Topic #2**] Business record authentication (for both email non-email business records)[1], including how documents are saved and stored on the company's server, how the server is maintained, whether documents were made and maintained during the course of regularly conducted business, and explanation as to why the entry on the record was reliable;

---

[1] The original language of Topic #2 in Attachment A sent by the Government to Koch at 2:29 a.m. CDT demanded testimony on only "Non-email business record authentication." However, the ***revised*** language of Topic #2 in Attachment A sent by the Government to Koch at 9:44 a.m. CDT expanded the demand to include "business record authentication (for ***both*** email [and] non-email business records)." (emphasis added).

- ■ [**Topic #3**] And how all of the above documents were collected and produced in response to the grand jury subpoena."

Histed Decl., ¶ 10. Counsel for Koch agreed to accept service of the Subpoena (prior to receiving the Government's *revised* Attachment A), but noted in response that Koch's Custodians will only "be prepared to testify concerning topics about which he has first-hand knowledge, which will not conform to some of [the Government's] desired list of topics." Histed Decl., ¶ 11.  The Government responded, stating "If Mr. Ward is able to testify to only a subset of those subjects, then Koch needs to produce someone else to testify as well. Alternatively, if Koch does not employ someone competent to testify on the subjects Mr. Ward is unable to testify about because that person is employed by a vendor, please provide the name of the person/vendor. In the event Mr. Ward reveals there are others knowledgeable Koch employees while testifying at trial, the government will seek remedies for not complying with the subpoena."  Histed Decl. ¶ 12.

## ARGUMENT

The Court has wide discretion to determine whether a Rule 17 subpoena is appropriate. *See United States v. Newsom*, Case No. 15-cr-00265-WJM, 2015 WL 6735397, at *3 (D. Colo. Nov. 4, 2015). The trial court is in the best position to "view the witness or evidence and assess credibility and probative value." *United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986). The Court's decision is reviewed for abuse of discretion and will be reversed only if the reviewing court has "a definite and firm conviction that the court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Gonzales-Acosta*, 989 F.2d 384, 388–89 (10th Cir. 1993).

As Koch's counsel has repeatedly told the Government, Koch has identified and will produce its Custodian of Records to testify in this Action regarding his personal knowledge of at least "the identity of the documents produced . . . [and] the authenticity of the documents within

the meaning of Fed. R. Evid. 901." *See In re Grand Jury Proceedings*, 473 F. Supp. 2d 201, 210 (D. Mass. 2007) (holding that a corporate records custodian may be compelled to testify as to these categories); *see also* Histed Decl., ¶¶ 6, 11. Such <u>technical</u> testimony—which will not and cannot be specific to any custodian of specific documents produced by Koch—may satisfy certain sub-topics of Topic #1 and Topic #3 of the Government's Subpoena, as interpreted by Koch, including:

- "the storage of company emails"
- "how emails are saved and maintained on the company's server"
- "how the company's server is maintained"
- "how the company's email addresses are assigned to employees or employee accounts"
- "how emails are transmitted and received from the accounts as reflected in the "to" and "from" entries"
- "how all of the above documents were collected and produced in response to the grand jury subpoena"[2]

Koch submits that much of this information has already been provided to the Government through Koch's Certificates of Authenticity, and thus it is within the Court's discretion to rule that said Certificates provide the basis for the Court finding that those documents beginning with bates numbers "KOCHFOODS-" listed in Attachment A meet the authenticity requirements of Federal Rule of Evidence 901. *See United States v. Isabella*, 918 F.3d 816, 843 (10th Cir. 2019) ("Although Rule 901 serves an important gatekeeping function, the bar for authentication of evidence is not particularly high.") (internal citation and quotation marks omitted).

---

[2] Counsel for Koch has repeatedly told the Government that Koch's Custodian of Records *cannot* testify to how <u>all</u> documents in Attachment A "were collected and produced in response to the grand jury subpoena" since not all the documents listed therein were produced by Koch to the Government in response to the grand jury subpoena. Forty-one documents on Attachment A (those beginning in bates numbers "KOCH_") are documents that Koch produced to plaintiffs in a related civil action, <u>*not*</u> to the Government. Koch's Custodian of Records is unable to provide testimony as to how these forty-one documents were "collected and produced in response to the grand jury subpoena."

However, the last subtopic of Topic #1[3] and Topic #2 of the Government's Subpoena plainly seek testimony from Koch's Custodian of Records to authenticate documents pursuant to Federal Rules of Evidence 803(6) and 902(11). As a threshold matter, such a request in the Government's Subpoena violates this Court's Authentication Order, and is contrary to existing case law. *See In re Grand Jury Proceedings*, 473 F. Supp. 2d 201, 210 (D. Mass. 2007) (holding that "testimony qualifying documents as business records under Fed. R. Evid. 803(6) and substantive testimony . . . cannot be compelled" over the assertion of a Fifth Amendment privilege by the records custodian); *see also In re Grand Jury Investigation of Possible Violation of 18 U.S.C. § 1461 et seq.*, 706 F. Supp. 2d 11, 23 (D.D.C. 2009) (denying Government's motion to compel corporate custodian of records to qualify responsive documents as business records under Rule 803(6)).

Simply put—and as Koch's counsel has repeatedly informed the Government—Koch's Custodian of Records does not have the requisite personal knowledge to provide testimony regarding "whether documents were made and maintained during the course of regularly conducted business" or an "explanation as to why the entry on the record was reliable." Histed Decl., ¶¶ 6, 11.  The types of records listed on Attachment A are similar in kind to the documents that the government submitted to the Court as part of its *James* log.  As the Court correctly pointed out in its Authentication Order, "the emails bear no indicia of accuracy regarding their content within the meaning of the business rule exception. Instead, they consist of typical written conversations between two or more people in the context of running a business. While such conversations may be necessary to the conduct of business and while their frequency may be

---

[3] "How other related items such as calendar invitations and email attachments are made, saved, and maintained."

regular, the content of the emails varies and does not contain information on which the business relies because that content is accurate, as would a bank, for example, in relying upon its deposit records."  Authentication Order at 9.

The Government argues that Koch is "required to produce a witness competent to testify about the subjects listed in Attachment A," and claims that if Koch's Custodian of Records "is able to testify to only a subset of those subjects, then Koch needs to produce someone else to testify as well." Histed Decl., ¶ 12. This demand alone makes the Government's Subpoena unreasonable and oppressive. Koch—an indicted company in a directly related action in this District—is under no obligation to review each of the 134 documents in the Government's Attachment A to identify, three business days before trial begins, whether Mr. Ward (or any other person and/or employee of Koch) has sufficient personal knowledge and/or connection to the Government's proposed exhibits so as to be able to testify to their authenticity under Rule 803(6).

## **CONCLUSION**

For the reasons set forth above, Koch respectfully moves this Court for an Order modifying the Government's Subpoena to strike the last subtopic of Topic #1[4] and Topic #2 of the Government's Subpoena.

Dated: October 22, 2021                    Respectfully submitted,

                                           **K&L Gates LLP**

                                           */s/ Clifford C. Histed*

                                           Clifford C. Histed
                                           Lauren Donahue
                                           Michael E. Martinez

---

[4] "How other related items such as calendar invitations and email attachments are made, saved, and maintained."

9

Brian J. Smith
**K&L GATES LLP**
70 West Madison Street, Suite 3300
Chicago, IL 60602
(312)-372-1121
clifford.histed@klgates.com
lauren.donahue@klgates.com
michael.martinez@klgates.com
brian.j.smith@klgates.com

*Counsel for Non-Party Koch Foods, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of October, 2021, I electronically filed the foregoing **NON-PARTY KOCH FOODS INC.'S MOTION TO MODIFY THE GOVERNMENT'S OCTOBER 20, 2021 TRIAL SUBPOENA PURSUANT TO FED. R. CRIM. P. 17** with the Clerk of Court using CM/ECF system which will send notification of such filing to all listed parties.

                                                */s/ Clifford C. Histed*
                                                Clifford C. Histed