IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## ORDER

This matter comes before the Court on Non-Party Koch Foods Inc.'s Motion to Modify the Government's October 20, 2021 Trial Subpoena Pursuant to Fed. R. Crim. P. 17 [Docket No. 697] and Third Party Norman W. Fries, Inc. d/b/a Claxton Poultry Farms' Motion to Modify Subpoena [Docket No. 705]. The government responded. Docket Nos. 710, 711.

The government issued subpoenas to Koch Foods ("Koch") and Claxton Poultry Farms ("Claxton") pursuant to Fed. R. Crim. P. 17(a). *Compare* Fed. R. Crim. P. 17(a) (describing process for issuing subpoenas *ad testificandum*), *with* Docket No. 697-1 at 15 (commanding appearance of Koch's custodian of records), *and* Docket No. 705-2 at

2 (commanding appearance of Claxton's custodian of records). Koch and Claxton ask the Court to modify the subpoenas. Docket Nos. 697, 705. Rule 17(a) does not contain a provision for quashing or modifying a subpoena. *See* Fed. R. Crim. P. 17(a). However, Rule 17(c)(2) permits the Court to quash or modify a subpoena, and "[t]he standard is basically the same for subpoenas compelling the attendance of witnesses." *United States v. Santistevan*, No. 11-cr-00406-CMA, 2012 WL 2875949, at *1 (D. Colo. July 12, 2012). "Specifically, a subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." *Stern v. U.S. Dist. Ct.*, 214 F.3d 4, 17 (1st Cir. 2000); *see also United States v. Bandy*, 2021 WL 395516, at *3-4 (D.N.M. Feb. 4, 2021) (evaluating subpoena *ad testificandum* under this standard).

## I. Koch Foods Inc. Subpoena

On October 20, 2021, the government subpoenaed the Koch custodian of records to testify on October 25, 2021 in this case. Docket No. 697-1 at 15. Koch asks the Court to modify the government's subpoena. Docket No. 697. The subpoena states:

> Koch Foods Inc. shall make available for testimony the Custodian(s) of Records competent to testify about the following with respect to the documents listed in this attachment:
> - Email authentication, including the storage of company emails, how emails are saved and maintained on the company's server, how the company's server is maintained, how the company's email addresses are assigned to employees or employee accounts, how emails are transmitted and received from the accounts as reflected in the "to" and "from" entries, and how other related items such as calendar invitations and email attachments are made, saved, and maintained;
> - Business record authentication (for both email non-email business records), including how documents are saved and stored on the

> company's server, how the server is maintained, and whether documents were made and maintained during the course of regularly conducted business, and explanation as to why the entry on the record was reliable;
> - And how all of the above documents were collected and produced in response to the grand jury subpoena.

Docket No. 697-1 at 25. Koch asks the Court to "strike the last subtopic of Topic #1 and Topic #2 of the Government's Subpoena." Docket No. 697 at 9 (footnote omitted).

## II. Claxton Poultry Farms Subpoena

On October 20, 2021, the government issued a subpoena to the custodian of records of Claxton stating that:

> Claxton shall make available for testimony the Custodian(s) of Records competent to testify about and familiar with the following with respect to the documents listed in this attachment:
> - Email authentication, including the storage of company emails, how emails are saved and maintained on the company's server, how the company's server is maintained, how the company's email addresses are assigned to employees or employee accounts, how emails are transmitted and received from the accounts as reflected in the "to" and "from" entries, and how other related items such as calendar invitations and email attachments are made, saved, and maintained;
> - Business record authentication, including how documents are saved and stored on the company's server, how the server is maintained, whether documents were made and maintained during the course of regularly conducted business, and explanation as to why the entry on the record was reliable;
> - How human resources records are made, saved, stored and maintained;
> - How press releases are made, saved, stored, and maintained;
> - And how all of the above documents were collected and produced in response to the grand jury subpoena.

Docket No. 705-2 at 4. Claxton asks the Court to modify the subpoena by "1) striking the portion of the Attachment A to the Subpoena from 'Business record authentication' to 'the record was reliable'; and 2) providing Claxton's live witness and/or Greg Finch

3

with sufficient preparation time and a date certain to appear in court and provide testimony." Docket No. 705 at 8. Also on October 20, 2021, the government subpoenaed Greg Finch to appear "relating to authentication of records." Docket No. 705-3 at 2.

## III. ANALYSIS

Koch and Claxton raise essentially the same arguments, namely, that their custodian of records[1] are unable to testify as to whether the records were made and maintained during the course of regularly conducted business. *See* Docket No. 697 at 8 ("Koch's Custodian of Records does not have the requisite personal knowledge to provide testimony regarding 'whether documents were made and maintained during the course of regularly conducted business' or an 'explanation as to why the entry on the record was reliable.'"); Docket No. 705 at 4 ("Claxton will not be able to produce a 'custodian of records' that will be able to discuss in any detail whether each—or any—of the 174 'documents were made and maintained during the regularly conducted business.'"). As the Court recognized in its order denying the government's motion for a pre-trial ruling on authentication of evidence under Rules 902(11) and 902(13), *see* Docket No. 673, emails do not bear indicia of accuracy such that they would ordinarily be admitted as business records under Fed. R. Evid. 803(6). *See* Docket No. 697 at 8; Docket No. 705 at 4.

---

[1] Claxton states that it does not maintain separate departments for information technology and human resources. Docket No. 705 at 4 n.2. Additionally, Claxton states that it reserves the right to designate Mr. Finch as its custodian of records. *Id.* at 4 n.3.

4

The government argues that (1) both motions are untimely because the government initially sent Koch and Claxton subpoenas *ad testificandum* on September 9, 2021; (2) Koch's caselaw is distinguishable; and (3) Claxton's argument regarding transmittal data is meritless.  Docket No. 710 at 3-7; Docket No. 711 at 4-7.  The government's September 9, 2021 subpoenas requested that Koch and Claxton supply custodians of record "with the requisite knowledge to testify to the authenticity of all records produced in response to the grand jury subpoena received by [Koch and Claxton] (19 GJ 256), and all records produced by [Koch and Claxton] in response to the In re Broiler Chicken Antitrust Litigation in the Northern District of Illinois which were subsequently produced to the U.S. Department of Justice Antitrust Division."  Docket No. 710-1 at 1; Docket No. 711-1 at 1.  The government argues that it has narrowed its request since this subpoena, and, as a result, Koch and Claxton have waived any objections because they failed to object to the September 9, 2021 subpoenas.  Docket No. 710 at 3-4; Docket No. 711 at 4.

The Court made clear its view of the business records exception in its order on the government's motion for pre-trial authentication of certain records under Rules 902(11) and 902(13).  Docket No. 673.  The Court stated that "emails bear no indicia of accuracy regarding their content within the meaning of the business rule exception." *Id.* at 9-10.  Asking a records custodian to determine on short notice whether the contents of emails are accurate, as opposed to simply being a true copy, is beyond the traditional responsibilities of a records custodian.  Moreover, the Court reads the government's responses to concede that this is impermissible.  *See* Docket No. 710 at 4-5 (distinguishing Koch's caselaw because it related to foundation for Fed. R. Evid.

5

803(6) and not authentication under Fed. R. Evid. 902(11)); Docket No. 711 at 5 ("The government will [] seek . . . information regarding the process or system for pulling these records."). Additionally, the government's responses state that, "[t]o the extent that the Court agrees with [Koch's and Claxton's] motion[s] with respect to Rule 803(6), the government agrees to modify that portion of the subpoena by striking the following two items for testimony: whether the records were made and maintained during the course of regularly conducted business, and an explanation as to why the entry on the record was reliable." Docket No. 710 at 5-6; Docket No. 711 at 7-8. Accordingly, the Court will modify the October 20, 2021 subpoenas to Koch and Claxton to omit testimony on whether emails were maintained in the course of regularly conducted business and whether they are reliable.

The parties have not discussed whether all of the records in question are emails or whether some are other types of records. However, a cursory review by the Court indicates that some of the documents are not emails and could be considered business records. *See* Docket No. 710 at 7 (listing Exhibit 1411, which is Koch's "UFPC Margin-Over-Feed Calculation Worksheet"); Docket No. 711 at 5 (listing Exhibit 503, which is a contract between Pollo Tropical and Claxton). For non-email records that could be considered business records, the testimony of the records custodian on whether these records are maintained during the course of regularly conducted business and whether they are reliable is appropriate. The Court additionally rejects Koch's argument that a records custodian can only testify as to documents he or she has first-hand knowledge of. *See In re Kim*, 809 F. App'x 527, 540 (10th Cir. 2020) (unpublished) ("[T]he 'custodian or other qualified witness need not have personal knowledge regarding the

6

creation of the document offered, or personally participate in its creation, or even know who actually recorded the information.'" (quoting *Brawner v. Allstate Indem. Co.*, 591 F.3d 984, 987 (8th Cir. 2010)).

Claxton argues that its live witness will be unable to authenticate the "transmittal data" under Rule 902(13) because Claxton's witness will be unable to authenticate account identifiers and computer generated timestamps if they do not exist on the face of the email. Docket No. 705 at 6. However, the subpoena does not specifically request this information. See Docket No. 705-2 at 4. Additionally, Claxton does not object to the government's request that the custodian of records testify as to how "the company's email addresses are assigned to employees or employee accounts, [and] how emails are transmitted and received from the accounts as reflected in the 'to' and 'from' entries," *see id.*, which the Court presumes would be the information supplied to authenticate the authors of emails. Accordingly, the Court rejects this argument.

Claxton additionally argues that the short time frame for Mr. Finch to prepare and travel to Denver is unreasonable, and that the Court should modify the subpoena to provide Mr. Finch with sufficient preparation time and a particular date to appear in court. Docket No. 705 at 7-8. This argument does not bear on whether "the testimony sought is both relevant and material," *Stern*, 214 F.3d at 17, and the Court will deny this request.

Wherefore, it is

**ORDERED** that Non-Party Koch Foods Inc.'s Motion to Modify the Government's October 20, 2021 Trial Subpoena Pursuant to Fed. R. Crim. P. 17 [Docket No. 697] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that Third Party Norman W. Fries, Inc. d/b/a Claxton Poultry Farms' Motion to Modify Subpoena [Docket No. 705] is **GRANTED in part** and **DENIED in part**.

DATED October 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge