IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB-10

UNITED STATES OF AMERICA,

    Plaintiff,

v.

10. RICKIE PATTERSON BLAKE,

    Defendant.

## ORDER

This matter comes before the Court on Mr. Blake's Motion for Reconsideration of the Court's Ruling as to the Admissibility of Exhibit C-025 [Docket No. 827]. Mr. Blake moves the Court to reconsider its November 10, 2021 ruling on the record excluding Exhibit C-025. *Id.*

## I. BACKGROUND

Exhibit C-025 is an email chain between Ms. Hester at Unified Foodservice Purchasing Co-op ("UFPC"), the predecessor to Restaurant Supply Chain Solutions, ("RSCS"), and Darrel Keck at George's, Inc. ("George's"). Docket No. 827-1. The exhibit concerns the supplier business relationship agreement ("SBRA") negotiations between UFPC and George's in 2012. *Id.* Ms. Hester sent an email to Mr. Keck asking Mr. Keck to sign and return George's 2013 SBRA. *Id.* Mr. Blake is carbon copied ("cc'ed"). *Id.* Mr. Keck responded to Ms. Hester that he would not be able to sign the SBRA as written. *Id.* He detailed the negotiations up to that point and issues that remained in the SBRA. *Id.* Mr. Blake is cc'ed on Mr. Keck's email. *Id.*

During the trial on November 10, 2021, Mr. Blake moved for the admission of Exhibit C-025.  Mr. Blake argued that he was seeking its admission not for the truth of Mr. Keck's email, but for the non-hearsay purpose of Mr. Blake's state of mind.  The government objected on hearsay grounds and because there was no foundation established for Mr. Blake's state of mind.  The Court found that the fact that Mr. Blake was cc'ed on the email was some evidence that Mr. Blake had received the email of Mr. Keck, but reserved ruling until after the afternoon break.  After the break, the Court gave Mr. Blake the option to provide additional briefing or for the Court to rule at that time.  Mr. Blake renewed his request to admit Exhibit C-025, arguing that the exhibit was relevant, not for the truth of Mr. Keck's statements, but for Mr. Blake's state of mind, given that Mr. Blake is charged with an intent crime.  The Court sustained the objection, finding that Exhibit C-025 did not explain Mr. Blake's state of mind or have any effect on the listener.

## II.  LEGAL STANDARD

A district court may reconsider its prior rulings in criminal cases.  *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).  Grounds warranting a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion for reconsideration is not an appropriate means to revisit issues already addressed or to advance arguments or evidence that could have been raised in prior briefing.  *Id*.

### III. ANALYSIS

Mr. Blake argues that he meets the standard for reconsideration because the Court misapprehended his position. Docket No. 827 at 1. Specifically, Mr. Blake argues that Fed. R. Evid. 803(3), the hearsay exception for state of mind, is irrelevant because Mr. Blake offered the exhibit not as an exception to hearsay, but for a purpose other than the truth of Mr. Keck's statements. *Id.* at 3-4. However, the Court's ruling was not based on Mr. Keck's email failing to meet the Rule 803(3) exception to hearsay. The Court examined Exhibit C-025 in regard to Mr. Blake's state of mind and the effect on the listener, and found that its admission was not justified. Nevertheless, the Court will consider Mr. Blake's motion to determine whether it meets the standard for clear error.

Mr. Blake agrees that Exhibit C-025 is not admissible for the non-hearsay purpose of the effect on the listener. *Id.* at 4. Instead, Mr. Blake argues that the email tends to show Mr. Blake's lack of *mens rea* regarding the conspiracy, i.e., that Mr. Blake believed the George's bidding activity was the product of legitimate competition because that was what Mr. Keck's email to Ms. Hester detailed. *Id.* at 5-6. The problem with Mr. Blake's argument is that him being cc'ed on the email does not explain his state of mind. In *Maes v. Leprino Foods Co., Inc.*, No. 15-cv-00022-WJM-MEH, 2017 WL 1077638, at *4 (D. Colo. Mar. 22, 2017), the court noted that statements spoken to the plaintiff could help explain the plaintiff's perception of the workplace in a Title VII employment discrimination case. The court stated that it would likely find the testimony admissible as non-hearsay "to the extent that Plaintiff can clearly demonstrate to the Court that there is a nexus between her co-workers' statements

3

regarding alleged discriminatory conduct they faced and how it informed Plaintiff's subjective perception of the workplace environment."[1]  *Id.*  In so finding, the court cited *Kramer v. Wasatch Cnty. Sheriff's Off.*, 743 F.3d 726 (10th Cir. 2014), which Mr. Blake also cites.  Docket No. 827 at 6.  Mr. Blake has not shown the requisite nexus.  Mr. Blake acknowledges that the document is not admissible for effect on the listener because Mr. Blake "has not proffered that he took any action as a result of receiving C-025."  *Id.* at 2.

The cases Mr. Blake cites are distinguishable.  In *United States v. Dowlin*, 408 F.3d 647, 653-54 (10th Cir. 2005), the defendant was accused of fraud concerning the validity of gold certificates that allegedly were worth billions of dollars at maturity.  In an earlier proceeding concerning theft of the certificate, defendant had become "quite animated" when the alleged thief testified that he had found an expert who could authenticate the certificate.  *Id.* at 660.  In *Dowlin*, the district court excluded evidence of defendant's reaction to the thief's testimony regarding the authenticity of the certificate.  *Id.*  The Tenth Circuit found that the evidence was admissible for the non-hearsay purpose of showing a basis for defendant's belief in the authenticity of the certificate.  *Id.*  Mr. Blake has not presented comparable evidence of how Mr. Keck's email impacted Mr. Blake's state of mind.

In *Marsee v. U.S. Tobacco Co.*, 866 F.2d 319, 325 (10th Cir. 1989), the court stated that hearsay was irrelevant to scientific articles because "they were admitted on the issue of whether the defendant had notice of the potential dangers its product

---

[1] While this analysis is under a heading captioned "effect on the listener," *Maes*, 2017 WL 1077638, at *3, the Court finds it relevant to state of mind analysis as well.

posed to consumers," rather than for the truth of the matter. There is no "notice" issue with respect to Mr. Blake in this case.

In *United States v. Johnson*, 71 F.3d 539, 543 (6th Cir. 1995), the defendant was convicted of, *inter alia*, distribution of controlled substances outside of the course of professional practice and for no legitimate purpose. An employee of the clinic testified that she overheard another doctor at the clinic inform the defendant that "he was going to have to stop writing prescriptions like that." *Id.* The court found that the testimony was evidence of the defendant's knowledge that he was prescribing medication without a legitimate medical purpose and outside the course of professional practice and was relevant because the defendant's state of mind was an element of the offense. *Id.* There is no indication of how Mr. Keck's email impacted Mr. Blake's state of mind or that it tends to show Mr. Blake's lack of *mens rea* regarding the conspiracy.

Mr. Blake argues that Mr. Keck's email is relevant to whether Mr. Blake understood that George's bidding on the 2013 KFC contract was the product of a price-fixing conspiracy. Docket No. 827 at 5. However, Mr. Blake has not shown the requisite nexus for the email to explain his state of mind. Because Mr. Blake does not show that the Court misapprehended his position or committed clear error in its ruling, the Court will deny his motion for reconsideration.

For the foregoing reasons, it is

**ORDERED** that Mr. Blake's Motion for Reconsideration of the Court's Ruling as to the Admissibility of Exhibit C-025 [Docket No. 827] is **DENIED**.

DATED November 16, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge