IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS, and
10.  RICKIE PATTERSON BLAKE,

       Defendants.

## DEFENDANTS' PROPOSED LIMITING INSTRUCTION FOR THE GOVERNMENT'S SUMMARY EXHIBITS

Following the Court's decision to give a limiting instruction when the Government publishes its summary exhibits[1] to the jury, Defendants respectfully request that the Court supplement the Sixth Circuit's Pattern Criminal Jury Instruction 7.12A to instruct the jury it is the final arbiter of the accuracy and weight to be given to each summary exhibit after the Court determines each exhibit has threshold reliability necessary for admissibility. The Third, Fourth,

---

[1] The following summary exhibits have been deemed provisionally admissible by the Court: 1-1, 2-1, 3-1, 4-1, 5-1, 7-1, 9-1, 10-1, 10-2, 10-3, 14-1, 14-2, 14-3, 16-1, 17-1, 18-1, 18-3, and 20-1.

Fifth, and Sixth Circuits have endorsed such an instruction to minimize the possible prejudice of summary exhibits.

The Third, Fourth, Fifth, and Sixth Circuits have all endorsed instructions that inform the jury summary charts are not substantive evidence separate from the underlying exhibits and that it is the jury's function to determine the weight to be given to each summary chart. *See, e.g.*, *United States v. Washington*, 543 Fed. Appx. 171, 177 (3d Cir. 2013); *SEC v. Seghers,* 298 Fed. Appx. 319, 324 (5th Cir. 2008); *United States v. Johnson*, 54 F.3d 1150, 1160-61 (4th Cir. 1995); *United States v. Paulino*, 935 F.2d 739, 753 (6th Cir. 1991).

The Sixth Circuit requires that a summary exhibit "be accompanied by a limiting instruction which informs the jury of the summary's purpose and that it does not constitute evidence." *Id.* The Sixth Circuit has cautioned that "[e]ven with such an instruction, a summary may still be considered too conclusory or inaccurate." *Id. Paulino* is cited by the Sixth Circuit in the notes to Pattern Instruction 7.12. *See* Sixth Circuit Pattern Criminal Jury Instructions 7.12 (2021, ed.) (modified).

The notes to the Sixth Circuit Pattern Criminal Jury Instruction 7.12A report that it is based upon *United States v. Bray*, 139 F.3d 1104, 1112 (6th Cir. 1998). *Id.* The Pattern Jury Instruction 7.12A is:

> (1) During the trial you have seen or heard summary evidence in the form of [a chart, drawing, calculation, testimony, or similar material].  This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.
>
> (2) But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

Sixth Circuit Pattern Criminal Jury Instructions 7.12A (2021, ed.) (modified).

2

In *Paulino*, the Sixth Circuit approved the following instruction that was read to the jury, which gives the jury clearer guidance as to its authority to determine the weight to be given to summary exhibits:

> The charts or summaries prepared by the United States and admitted in evidence received for the purpose of explaining facts disclosed by books, records and other documents which are in evidence in the case. Such charts or summaries are not in and of themselves evidence or proof of any facts. *If such charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, the jury should disregard them. In other words, such facts or summaries are used only as a matter of convenience. So, if and to the extent that, you find they are not, in truth, summaries of facts or figures shown by the evidence in the case, you are to disregard them entirely.*

935 F.2d at 753 (emphasis added). The emphasized text is the relevant portion and conforms to the consensus of circuit court instructions on summary charts from the Third, Fourth, Fifth and Ninth Circuits.

In *United States v. Washington*, the Third Circuit approved the instruction that:

> [T]he summaries themselves are not evidence or proof of facts. *If those summaries do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.*

543 Fed. Appx. 171, 177 (3d Cir. 2013) (emphasis added).

In *United States v. Johnson*, the Fourth Circuit held the district court took sufficient steps "to ensure that possible prejudice to [defendants] was minimized" because the district court provided multiple limiting instructions that "clearly informed the jury that the chart represented the Government's analysis, and that the jurors must weigh the evidence and determine the witnesses' credibility on their own." 54 F.3d 1150, 1160 (4th Cir. 1995). The district court instructed the jury as follows:

> Government's Exhibit 19, . . . the chart, is the Government's analysis of the evidence. It is the case as the Government sees it from the evidence which has been adduced here in the courtroom, and, of course, it is subject to such interpretation as you as a jury feel is appropriate to be given to it. In other words, it is presented to show what the Government contends has been proven in the case. That is the contention. It's up to you then as a jury to resolve any issues that may be in your mind concerning [the chart].

*Id.* at 1160. The district court also gave an instruction at the end of the trial that "Government's Exhibit Number 19, that's the chart that was put up, that is simply a summary of what the Government contends that the evidence shows. *In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.*" *Id.* at 1161 (emphasis added).

In *SEC v. Seghers*, the Fifth Circuit approved the following instruction:

> Summary exhibits are not evidence in and of themselves. You must determine whether the evidence that is summarized in such an exhibit is credible or worthy of belief. You may give a summary exhibit entire weight, some weight, or no weight at all, depending on your assessment of the underlying evidence.

298 Fed. Appx. 319, 324 (5th Cir. 2008) (emphasis added).

The Eighth Circuit's Pattern Criminal Model Jury Instruction 4.12 for Rule 1006 summaries, while not exactly on point, also instructs the jury about its authority to judge the weight to be given to summaries:

> You will remember that certain [schedules] [summaries] [charts] were admitted in evidence. You may use those [schedules] [summaries] [charts] as evidence, even though the underlying documents and records are not here. *[However, the [accuracy] [authenticity] of those [schedules] [summaries] [charts] has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.]*

4

Eighth Circuit Criminal Model Jury Instruction 4.12 (2020, ed.). The notes instruct that the portion in italics is to be given if the accuracy or authenticity has been challenged. *Id.*

## Conclusion

Defendants respectfully request the Court supplement the Sixth Circuit's Pattern Criminal Jury Instruction 7.12A with additional guidance regarding how the jury should weigh the summary charts[2]:

> (1) During the trial you have seen or heard summary evidence in the form of [a chart, drawing, calculation, testimony, or similar material]. This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented.
>
> (2) But the summary itself is not evidence of the material it summarizes *[or seeks to summarize]* and is only as valid and reliable as the underlying material it summarizes.
>
> *(3) You must determine whether the evidence that is summarized in such an exhibit is a fair summary, accurate, or worthy of belief. You may give a summary exhibit entire weight, some weight, or no weight at all, depending on your assessment of the underlying evidence and the accuracy of the summary.*

Dated:  November 23, 2021                                       Respectfully submitted,

| | |
|---|---|
| *s/ John A. Fagg, Jr.* | *s/ Michael F. Tubach* |
| John A. Fagg, Jr. | Michael F. Tubach |
| MOORE & VAN ALLEN PLLC | O'MELVENY & MYERS LLP |
| Attorney for William Wade Lovette | Attorney for Jayson Jeffrey Penn |
| 100 North Tryon Street, Suite 4700 | Two Embarcadero Center, 28th Floor |
| Charlotte, NC 28202 | San Francisco, California 94111-3823 |
| (704) 331-3622 | (415) 984-8700 |
| johnfagg@mvalaw.com | mtubach@omm.com |

---

[2] The proposed addition to the pattern instruction is in italics.

| | |
|---|---|
| *s/ Richard K. Kornfeld* | *s/ Michael S. Feldberg* |
| Richard K. Kornfeld | Michael S. Feldberg |
| RECHT KORNFELD, P.C. | REICHMAN JORGENSEN LEHMAN & FELDBERG LLP |
| Attorney for Mikell Reeve Fries | Attorney for Roger Born Austin |
| 1600 Stout Street, Suite 1400 | 750 Third Avenue, Suite 2400 |
| Denver, CO 80202 | New York, NY 10017 |
| (303) 573-1900 | (212) 381-1965 |
| rick@rklawpc.com | mfeldberg@reichmanjorgensen.com |
| | |
| *s/ Bryan Lavine* | *s/ Elizabeth Prewitt* |
| Bryan Lavine | Elizabeth B. Prewitt |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | LATHAM & WATKINS LLP |
| Attorney for Scott James Brady | Attorney for Timothy R. Mulrenin |
| 600 Peachtree St. NE, Suite 3000 | 1271 Avenue of the Americas |
| Atlanta, GA 30308 | New York, NY 10020 |
| (404) 885-3170 | (212) 906-1200 |
| Bryan.lavine@troutman.com | elizabeth.prewitt@lw.com |
| | |
| *s/ James A. Backstrom* | *s/ Mark A. Byrne* |
| James A. Backstrom, Counsellor at Law | Mark A. Byrne |
| Attorney for William Vincent Kantola | BYRNE & NIXON LLP |
| 1515 Market Street, Suite 1200 | Attorney for Jimmie Lee Little |
| Philadelphia, PA 19102-1932 | 888 West Sixth St, Suite 1100 |
| (215) 864-7797 | Los Angeles, CA 90017 |
| jabber@backstromlaw.com | (213) 620-8003 |
| | markbyrne@byrnenixon.com |
| | |
| *s/ Craig Allen Gillen* | *s/ Barry J. Pollack* |
| Craig Allen Gillen | Barry J. Pollack |
| GILLEN, WITHERS & LAKE, LLC | Attorney for Rickie Patterson Blake |
| Attorney for Gary Brian Roberts | ROBBINS, RUSSELL, ENGLERT, ORSECK, & UNTEREINER LLP |
| 400 Galleria Parkway, Ste. 1920 | 2000 K Street N.W., 4th Floor |
| Atlanta, GA 30339 | Washington, DC 20006 |
| (404) 842-9700 | (202) 775-4514 |
| cgillen@gwllawfirm.com | bpollack@robbinsrussell.com |

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated:  November 23, 2021

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.