
*Defendants' Tendered #2 — Rejected*

### Instruction No. __

### Impeachment by Prior Inconsistencies

You have heard the testimony of witnesses who, before this trial, may have made statements that are different from their testimony here in court.

These earlier statements were brought to your attention ~~only~~ to help you decide on the credibility of those witnesses. ~~You cannot use the prior inconsistent statements as proof of anything else. You can only use it as one way of evaluating the witnesses' testimony in this case.[9]~~

---

[9] ~~Tenth Circuit Pattern Jury Instruction No. 1.10 (2021 ed.) (modified).~~

13

Instruction No. __

*Defendants' Tendered #3 – Rejected*

## First Element – Conspiracy

The type of relationship ~~condemned~~ prohibited by the Sherman Act is a conspiracy. ~~A conspiracy is often described as a "partnership in crime," in which each person found to be a member of the conspiracy is liable for all reasonably foreseeable acts of the other members during the existence of and in furtherance of the conspiracy.~~ To create such a relationship, two or more persons must ~~must enter into an agreement or mutual understanding that they will act together for some unlawful purpose or to achieve a lawful purpose by unlawful means~~ consciously commit to a common scheme designed to achieve an unlawful objective.[26] It is the agreement to act together that constitutes the crime. Whether the agreement is actually carried out or whether it succeeds or fails does not matter.[27]

In order to establish the existence of a conspiracy, the evidence need not show that the members of the conspiracy entered into any express, formal, or written

---

[26] ~~United States v. Metropolitan Enters., Inc., 728 F.2d 444, 450 (10th Cir. 1984) ("A conspiracy is a combination of two or more persons acting in concert to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.").~~ *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984) (antitrust liability requires "a conscious commitment to a common scheme designed to achieve an unlawful objective" (quotation omitted)).

[27] *Nash v. United States*, 229 U.S. 373, 378 (1913) ("Coming next to the objection that no overt act is laid, the answer is that the Sherman act punishes the conspiracies at which it is aimed on the common-law footing,-that is to say, it does not make the doing of any act other than the act of conspiring a condition of liability."); *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 224 n.59 (1940) ("[A] conspiracy to fix prices violates § 1 of the [Sherman] Act though no overt act is shown"); *United States v. Fishman*, 645 F.3d 1175, 1186 (10th Cir. 2011) (noting that conspiracy statutes modeled after the Sherman Act, 15 U.S.C. § 1, do not require proof of an overt act to obtain a conviction); *United States v. Miller*, 771 F.2d 1219, 1226 (9th Cir. 1985) ("Because the Sherman Act punishes the mere act of conspiring, overt acts in furtherance of the conspiracy need not be alleged.").

agreement; that they met together; or that they directly stated what their object or purpose was, or the details of it, or the means by which the object was to be accomplished.  The agreement itself may have been entirely unspoken.  What the evidence must show in order to prove that a conspiracy existed is that the alleged members of the conspiracy in some way came to an agreement ~~or mutual understanding~~ to accomplish a common purpose.

~~Direct proof of a conspiracy may not be available.~~  A conspiracy may~~, however,~~ be disclosed by the circumstances or by the acts of the members.  Therefore, you may infer the existence of a conspiracy from what you find the parties actually did, as well as from the words they used. [28]

Mere similarity of conduct among various persons, however, or the fact that they may have associated with one another and may have met or assembled together and discussed common aims and interests, does not necessarily establish the existence of a conspiracy.  If actions were taken independently by them, without any agreement ~~or mutual understanding~~ among them, then there would be no conspiracy.[29]

---

[28] *United States v. Metropolitan Enters., Inc.*, 728 F.2d 444, 450 (10th Cir. 1984) ("The agreement need not be shown to have been explicit. It can be inferred from the facts and circumstances of the cases."); *United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 474 (10th Cir. 1990) (upholding the following instruction: "While a conspiracy involves an agreement to violate the law, it is not necessary that the persons charged meet each other and enter into an express or formal agreement, or that they stated in words or writing what the scheme was or how it was to be effected.  It is sufficient to show that they tacitly came to a mutual understanding to allocate customers.  The agreement may be shown by a concert of action by members who participate with knowledge of the common purpose.  Direct proof of a conspiracy may not be available, and the common purpose and plan may be disclosed only by the circumstances and acts of the members, such as their course of dealings.").
[29] *Mitchael v. Intracorp, Inc.*, 179 F.3d 847, 859 (10th Cir. 1999) ("Mere exchanges of information, even regarding price, are not necessarily illegal, in the absence of

A conspiracy may vary in its membership from time to time. It may be formed without all parties coming to an agreement at the same time, knowing all the details of the agreement, or knowing who all the other members are.[30] The unlawful agreement may be shown if the proof establishes that the parties <ins>made conscious commitments to a common scheme designed to achieve an unlawful objective.</ins>[31] <del>parties knowingly worked together to accomplish a common purpose.</del>[32] However, a corporation's employees cannot be found guilty of conspiring among themselves only.[33]

In determining whether a conspiracy has been proved, you must view the evidence as a whole and not piecemeal. You should consider the actions and statements of all the alleged conspirators. The conspiracy may be inferred from all the circumstances and the actions and statements of the participants. Acts that are by

---

additional evidence that an agreement to engage in unlawful conduct resulted from, or was a part of, the information exchange."); *United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 475 (10th Cir. 1990) (holding that instruction that "'it is not unlawful for competitors to meet and exchange information necessary to preparation of a bid or discuss common aims or objectives or exchange information on independently derived prices' . . . adequately state[s] the law of conspiracy and agreement").

[30] *United States v. Metropolitan Enters., Inc.*, 728 F.2d 444, 450 (10th Cir. 1984) ("A co-conspirator need not know of the existence or identity of the other members of the conspiracy or the full extent of the conspiracy.").

[31] <ins>*Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984) (antitrust liability requires "a conscious commitment to a common scheme designed to achieve an unlawful objective" (quotation omitted)).</ins>

[32] <del>*United States v. Metropolitan Enters., Inc.*, 728 F.2d 444, 450 (10th Cir. 1984) ("The evidence must show circumstances to warrant a jury finding that the conspirators had a unity of purpose or a common design and understanding.").</del>

[33] *United States v. B&H Maint. & Constr., Inc.*, No. 07-cr-00090-WYD (D. Colo. June 19, 2008), Docket No. 319-10 at 10 ("A corporation cannot be found guilty of conspiring with its own employees. Nor can a corporation's employees be found guilty of conspiring amongst themselves."); *United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 474 (10th Cir. 1990) ("[T]he law will not recognize a conspiracy when the only possible 'conspirators' are a company and its employee, officer or owner.").

26

themselves wholly innocent acts may be part of the sum of the acts that make up a conspiracy to fix prices in violation of the Sherman Act.

A conspiracy ends only when its purpose and objective have been accomplished or all the parties to the conspiracy abandon or terminate it.[34]

---

[34] *United States v. Lischewski*, No. 18-cr-00203 (N.D. Cal. Nov. 27, 2019), Docket No. 621 at 19-20 (modified).

*Defendants' Tendered #4 - Rejected.*

## INSERT AT END OF THIRD PARAGRAPH IN "EVIDENCE – DEFINED" CHARGE

Further, you have heard references to the "indictment" ~~and the "superseding indictment"~~ at times in this trial. The indictment is merely a formal charging document whose purpose is to provide notice to a defendant of the accusations by the government. It is not evidence and you should not consider the fact of the indictment of any defendant in your assessment of the evidence.

---

*Mason v. United States*, 408 F.2d 903, 907 (10th Cir. 1969); *United States v. Enns*, Case No. 15-10045-JTM, 2015 WL 8770006 (D. Kan. Dec. 14, 2015)