IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

v.

JAYSON JEFFREY PENN, *et al.*

    Defendants.

No. 20-cr-00152-PAB

**MR. BLAKE'S MOTION PURSUANT TO RULE 17(C)**
**FOR AN ORDER AUTHORIZING SUBPOENA *DUCES TECUM***

The Government has added Carl Pepper, during the alleged conspiracy an employee of Tyson Foods ("Tyson"), to its witness list for retrial. The Government had interviewed Mr. Pepper a dozen times prior to the first trial, but the Government chose not to immunize him and call him as a witness. It appears, having interviewed him a thirteenth time, the Government intends to call him as a witness at the retrial and he will be the first and only witness to provide any direct evidence against Mr. Blake. *See Ex Parte* Motion of Messrs. Mulrenin, Roberts, and Little Pursuant to Rule 17(c) for Court Order Authorizing Subpoena Duces Tecum to Produce Documentary Evidence in Advance of Trial. *See* Dkt. No. 975 (filed on February 3, 2022) ("Rule 17(c) Motion").

Pursuant to Local Rule 12.1(b), Mr. Blake approves, adopts, and incorporates by reference all reasons, arguments, and authorities discussed in the sections of that motion entitled "Legal Standard" and "Application of the *Nixon* Factors to the Requests" of the Rule 17(c) Motion for the proposition that nonprivileged documents and communications relating to cooperation by Tyson and Mr. Pepper after Tyson received notice of a pending criminal investigation through the receipt of a grand jury subpoena are relevant and admissible, and that a request for such documents is

1

narrowly tailored, and critical to an adequate defense as it will provide impeachment material pertaining to a critical witness. In particular, Mr. Blake seeks communications related to that cooperation as it pertains specifically to Mr. Blake. Without these documents, Mr. Blake would lack crucial impeachment and exculpatory evidence needed to confront the only witness who appears set to testify and purport to provide direct evidence against him in a case that is otherwise entirely circumstantial, and in which the Government was unable to obtain a conviction in the first trial.

## CONCLUSION

For the reasons given here and in the Rule 17(c) Motion, Mr. Blake seeks authorization to issue a subpoena in the form of Attachment A, pursuant to Federal Rule of Criminal Procedure 17(c). Mr. Blake's requests are relevant, admissible, and narrowly targeted. And they are essential to the preparation of his defense—Mr. Pepper will provide the only direct testimony against Mr. Blake in a case otherwise dependent on unpersuasive circumstantial evidence.

Date: February 3, 2022					Respectfully submitted,

Wendy L. Johnson					*/s/ Barry J. Pollack*
RMP LLP						Barry J. Pollack
5519 Hackett Road, Suite 300				ROBBINS, RUSSELL, ENGLERT, ORSECK
Springdale, Arkansas 72762				& UNTEREINER LLP
Telephone: (479) 443-2705				2000 K Street N.W., 4th Floor
Fax: (479) 443-2718					Washington, D.C. 20006
wjohnson@rmp.law					Telephone: (202) 775 4500
							Fax: (202) 775 4510
							bpollack@robbinsrussell.com

					*Counsel for Mr. Blake*

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated:  February 3, 2022            *s/ Barry J. Pollack*

                                                                                 Barry J. Pollack