IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   **JAYSON JEFFREY PENN**,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   **TIMOTHY MULRENIN**,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   **GARY BRIAN ROBERTS**, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

**DEFENDANT PENN'S, DEFENDANT ROBERTS' AND DEFENDANT MULRENIN'S MOTION TO ENFORCE PRIOR RULINGS AND EXCLUDE EVIDENCE PREVIOUSLY RULED INADMISSIBLE AND TESTIMONY OF NEWLY ADDED WITNESS TARA LOVE**

Defendants Jayson Penn, Brian Roberts, and Timothy Mulrenin move to enforce the Court's prior rulings excluding evidence of internal company policies, employee trainings, and employee personnel documents, and move to exclude at trial other exhibits subject to the same rulings and the testimony of newly listed witness, Tara Love.

In a recent order, this Court stated that it will not "reconsider its earlier rulings, absent a change in circumstances warranting reconsideration." (Doc. 925 at 3.) Despite this clear directive, the government's recently filed exhibit list includes exhibits this Court previously ruled were inadmissible. The government apparently intends to offer most of these exhibits through Tara Love, a Tyson employee. For the reasons set forth below, the Court should not allow the

government to make an end-run around its prior rulings by presenting through a witness what the Court has already held to be inadmissible. The Court should strike from the government's exhibit list exhibits previously ruled inadmissible, and should exclude exhibits similar to those that are inadmissible, along with Ms. Love's testimony because it relates exclusively to inadmissible evidence.

## I.  BACKGROUND

The government's witness list for the upcoming retrial includes Ms. Love, Director of Compliance at Tyson Foods since 2010. (Doc. 936.) Ms. Love did not testify at the first trial. The government's most recent exhibit list shows that it intends to introduce through Ms. Love evidence consisting of: (1) Tyson's antitrust trainings supposedly attended by Messrs. Mulrenin and Roberts; (2) various Tyson company policies; and (3) certain human resources records, specifically offers of employment and compensation information. The government also lists on its exhibit list several Pilgrim's Pride Corporation company policies.

Importantly, the government interviewed Ms. Love before the last trial in this case but chose not to call her as a witness. All of the Tyson and Pilgrim's documents the government now seeks to admit were at the government's disposal prior to the first trial. There are no changed circumstances, other than there having been a mistrial with many jurors in favor of acquitting Messrs. Penn, Roberts, and Mulrenin. (Dec. 16, 2021 Rough Tr. at 31:14-20.) What these documents and offered testimony amount to is an attempt to take a second bite at the apple at this Court's prior rulings so that, at trial, the government can put on a sideshow to distract from their failure to meet their burden of proof.

2

## II.  LEGAL STANDARD AND ARGUMENT

### A.  The Court's Prior Ruling Excluding Evidence Regarding Tyson's Antitrust Training Should Be Enforced and All Related Evidence Excluded

During the first trial, following written briefing and oral argument, the Court excluded evidence of Tyson's antitrust training materials—specifically GX-3062, GX-3087, and GX-9754—pursuant to FRE 403 because the relevance of the training was outweighed by the danger of unfair prejudice caused by juror confusion regarding the applicable law for the crime charged. (Nov. 18, 2021 Rough Tr. at 108:14-20 (noting the materials "would be very difficult to display [to the jury] because it would . . . be very problematic in terms of the jury being informed of the law in that regard" and because "the fact of the training itself . . . has a relevance that . . . wouldn't be substantially outweighed by the danger of undue prejudice.").)  Moreover, it is unclear how these trainings have any relevance whatsoever because there is substantial doubt that either defendant ever saw the training materials, and there is no evidence to support *what* Mr. Mulrenin and Mr. Roberts saw or were told during these training sessions.

Despite the Court's unambiguous ruling during the first trial and its post-trial order regarding the enforceability of prior rulings, the government appears intent on seeking admission of the same exhibits the Court previously ruled inadmissible.  The government's exhibit list indicates it will seek to introduce GX-3087 and GX-9754 through Ms. Love, and GX-3062 without a sponsoring witness. (Doc. 935 at 161, 164, 270.)  As the Court recognized, the danger of unfair prejudice and jury confusion posed by these materials significantly outweighs any marginal relevance of this evidence.  Introducing the training materials through a witness does not alter the analysis underpinning the Court's prior ruling.  The danger of juror confusion remains the same, and the Court properly excluded the evidence under FRE 403.  *See, e.g., United States v. Kearn*, 863 F.3d 1299, 1308 (10th Cir. 2017) (trial court correctly excluded evidence that would

3

"interfere[ ] with the function of the judge in instructing the jury on the law."); *Herrera-Amaya v. Arizona*, 2017 WL 11595813, at *9 (D. Ariz. Sept. 19, 2017) (excluding case law training videos, recognizing that it is "the Court's role to instruct the jury as to the law, and the video pose[d] a danger of usurping that role").

In addition to this previously excluded evidence, the government proposes to introduce—also through Ms. Love—exhibits that the government did not offer at the first trial but which are nonetheless subject to exclusion under the Court's prior ruling. Exhibits GX-3059, GX-3060, and GX-9755 reference the same antitrust training the Court previously ruled would unfairly prejudice Defendants and confuse the jury. (Doc. 935 at 161, 270.) Exhibits GX-3059, GX-3060, and GX-9755 are similarly inadmissible under the Court's prior ruling and should be excluded.

### B. The Court's Prior Order Excluding Evidence of Internal Company Policies Should Be Enforced and All Related Evidence Excluded

Prior to the first trial, the Court granted Defendants' motion in limine to exclude internal compliance policies and codes of conduct from the individual employers. (Doc. 603 at 6-7.) The Court held any such policies were inadmissible because "those are not standards by which the jury will need to assess the charge in this case." (*Id*. at 7.) Despite the Court's ruling, the government intends to seek admission through Ms. Love of GX-9216 and GX-9222, Tyson codes of conduct or ethics policies, and to admit without sponsoring witnesses GX-3034, GX-3040, GX-3041, and GX-9865, documents related to Pilgrim's Antitrust and compliance policies.[1] (Doc. 935 at 158, 159, 244, 245, 278; Doc. 937-1 at 4.) Presenting codes of conduct and ethics policies like these documents violates the Court's order. Further, the mere fact that the government seeks to offer

---

[1] Only GX-9865 appeared on the Government's Notice of Documents Without Testifying Witness. (Doc. 937-1.) The other documents appear on the government's exhibit list, but without a sponsoring witness. (Doc. 935.)

4

some of the documents through a testifying witness does nothing to change the admissibility analysis. The Court's prior ruling was correct and should not be reconsidered. *See, e.g., Tanberg v. Sholtis*, 401 F.3d 1151, 1163-64 (10th Cir. 2005) (affirming exclusion of evidence of a company policy as irrelevant and likely to confuse the jury about law governing its deliberations).

        **C.**    **The Court's Prior Order Excluding Evidence of Compensation Should Be Enforced and All Related Evidence Excluded**

At the first trial, the Court refused admission of all documents related to offers of employment and compensation for Messrs. Roberts and Mulrenin, including GX-9217, GX-9224, and GX-9756. (*See* Nov. 18, 2021 Rough Tr. at 33-40, 41-49, 113-118.) The Court ruled GX-9217 inadmissible as irrelevant because it was from 2007, a period of time that preceded the alleged conspiratorial period when Mr. Mulrenin had a different position and job title, and was not evidence of Mr. Mulrenin's "bonus structure during the conspiracy period." (*Id.* at 40:10-15.) The Court excluded GX-9224 and GX-9756 because neither had "legal significance" to the case, (*id.* at 118:5,) and one is a draft, unsigned letter to Mr. Roberts. (*Id.* at 117:13-118:6.)

The government includes these previously excluded exhibits on its exhibit list for the upcoming trial, this time as coming in through Ms. Love. Ms. Love's testimony cannot make up for the irrelevant timeframe for Mr. Mulrenin's offer letter, nor can it change the character or otherwise legitimize the unsigned offer letter to Mr. Roberts, or otherwise alter the Court's analysis regarding their admissibility. Ms. Love's anticipated testimony does not constitute a change of circumstance warranting reconsideration of the Court's decision to exclude GX-9217, GX-9224, or GX-9756.

Additionally, though not specific to Mr. Mulrenin or Mr. Roberts, the Court ruled prior to the first trial that evidence of an individual defendant's annual compensation or personal wealth

was inadmissible.² (Doc. 603 at 4-5.) Per the Court's prior ruling, evidence about compensation or bonus information was relevant if the government could show a defendant would financially benefit from higher chicken prices. (*Id.*) The government's recent exhibit list includes multiple documents—GX-9218, GX-9219, GX-9220, GX-9221, GX-9223, GX-9225, GX-9226, GX-9757, and GX-9758—related to the employment of Messrs. Mulrenin and Roberts with Tyson. (*See* Doc. 935 at 244, 245, 270.) The documents include information such as their annual salary with Tyson, and reflect how that salary changed as they moved up within the company. Nothing in these documents shows that Mr. Mulrenin or Mr. Roberts would financially benefit from higher chicken prices during the timeframe of the charged conspiracy.³

The government exhibits for which Ms. Love is listed as a testifying witness—GX-9218, GX-9219, GX-9220, GX-9221, GX-9223, GX-9225, GX-9226, GX-9757, and GX-9758—fall within the categories of documents the Court previously ruled inadmissible. Accordingly, they should excluded under the Court's prior rulings.

### III.   MS. LOVE'S TESTIMONY SHOULD BE EXCLUDED IN FULL

As Tyson's Director of Compliance, Ms. Love's knowledge is limited to inadmissible topics: the format of the antitrust training allegedly offered to Messrs. Mulrenin and Roberts; the content of what they may have been shown during the training; and the methodology by which attendance at the training was tracked in Tyson's system. As the Court previously ruled, any

---

² The Court held that evidence showing a defendant "would benefit from higher chicken prices is relevant to motive for the alleged price fixing conspiracy" and therefore admissible. (Doc. 603 at 5.) None of the government's proffered exhibits show that Mr. Mulrenin or Mr. Roberts would benefit financially from higher chicken prices.

³ To the contrary, witness interview reports produced by the government show that volume of sales, not pricing of product, formed the basis of bonuses for sales employees like Messrs. Mulrenin and Roberts.

evidence of Tyson's antitrust training would confuse the jury and unfairly prejudice the Defendants. Introducing that evidence through a witness does not make it admissible.

Moreover, as outlined above, the remaining exhibits the government seeks to admit through Ms. Love regarding company policies and compensation are subject to prior Court rulings and are inadmissible at the upcoming trial. Furthermore, Ms. Love lacks personal knowledge on these subjects. Thus, the Court should exclude Ms. Love's testimony in full.

### IV. CONCLUSION

Based upon the authorities and grounds set forth herein, and given the Court's prior rulings in this case, Defendants Jayson Penn, Brian Roberts, and Timothy Mulrenin respectfully request that the Court grant their Motion to Enforce Prior Rulings and Exclude Evidence Previously Ruled Inadmissible and Testimony of Newly Added Witness Tara Love.

Respectfully submitted, this 3rd day of February, 2022.

*s/ Elizabeth B. Prewitt*
**Latham & Watkins LLP**
Elizabeth B. Prewitt
Caroline A. Rivera
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Email: elizabeth.prewitt@lw.com
Email: caroline.rivera@lw.com

*s/ Marci G. LaBranche*
**Stimson Stancil LaBranche Hubbard, LLC**
Marci G. LaBranche
Jamie Hubbard
1652 N. Downing Street
Denver, CO 80218
Tel: (720) 689-8909
Email: labranche@sslhlaw.com
Email: hubbard@sslhlaw.com

*Attorneys for Defendant Timothy Mulrenin*

7

*s/ Craig Allen Gillen*
**Gillen, Withers & Lake, LLC**
Craig Allen Gillen
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
Tel: (404) 842-9700
Email: cgillen@gwllawfirm.com

*Attorney for Defendant Brian Roberts*


*s/ Michael F. Tubach*
**O'Melveny & Myers LLP**
Michael F. Tubach
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*Attorney for Defendant Jayson Jeffrey Penn*


### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*s/ Nancy Hickam*
Nancy Hickam