## ATTACHMENT A

To:                                              CC:
CT Corporation System                            Tyson Foods, Inc.
124 West Capitol Avenue, Suite 1900              2200 W Don Tyson Pkwy
Little Rock, AR 72201                            Springdale, AR 72762

Definitions

1. All terms are to be interpreted according to the normal and ordinary use of those terms unless otherwise defined herein.  All terms are to be interpreted in as inclusive a manner as possible.

2. "DOCUMENT" means any kind of written, typewritten, printed, graphic, or recorded material or electronically stored information, including but not limited to notes, calendars, memoranda, letters, electronic mail, reports, analyses, telegrams, publications, CONTRACTS, audio or video recordings, transcriptions of audio or video recordings, business records, magnetically encoded information, and electronically stored compilations, and includes, without limitation, originals, drafts, working papers, and similar materials, and each and every non-identical copy, whether different from the original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments, or for any other reason.

3. "COMMUNICATION" means each instance of the conveyance or transmittal of information, whether electronic, oral, or written.

4. "BROILER CHICKEN PRODUCTS" means any products, items, merchandise, stock or yield related to broiler chicken.

5. "SUPERSEDING INDICTMENT" means the indictment filed by the DEPARTMENT OF JUSTICE on October 5, 2020, in *United States v. Penn, et al.*, Case No. 1:20-cr-00152-PAB (D. Colo.), at Doc. 101.

6. "DEFENDANTS" means the individuals charged in the SUPERSEDING INDICTMENT.

7. "YOU" and "YOUR" means TYSON FOODS.

8. "TYSON FOODS" means Tyson Foods Inc. (a/k/a "Tyson"), and any related companies, predecessors, successors, subsidiaries, parent companies or affiliates and the executives, employees, partners, members, owners, directors, officers, attorneys, agents, or other representatives of the company and any related companies.

9. "CARL PEPPER" means TYSON FOODS employee Carl Pepper, and any attorneys, agents, or other representatives of Carl Pepper.

1

10. "RIC BLAKE" means Rickie Patterson Blake, former George's, Inc. employee, and any attorneys, agents, or other representatives of Rickie Patterson Blake.

11. "DEPARTMENT OF JUSTICE" means the United States Department of Justice, including its Antitrust Division and all of its attorneys and other employees.

12. "FBI" means the Federal Bureau of Investigation and includes all of its special agents and other employees, and any agent or official from another governmental agency working with or on behalf of the Federal Bureau of Investigation or any of its agents.

13. "INVESTIGATION" means each instance whereby the DEPARTMENT OF JUSTICE requested or otherwise sought information, whether electronic, oral, written, or otherwise, related to the SUPERSEDING INDICTMENT.

14. "relating to" means concerning, describing, evidencing, supporting, discussing, consisting of, referring to, reflecting on, embodying, dealing with, or being in any way legally, factually, or logically connected with the referenced matter.

15. The singular includes the plural and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the words "all," "each," and "any" mean "any and all"; and the word "including" means "including without limitation."

Instructions

1. YOU are required to submit all DOCUMENTS in YOUR custody and control responsive to this subpoena to Chief Judge Brimmer at the United States District Court located at:

   Alfred A. Arraj United States Courthouse, Courtroom A701
   901 19th Street
   Denver, CO 80294

2. All DOCUMENTS provided to the parties will be subject to the current protective order in this case imposing limitations on dissemination of information to third parties.

3. The requests herein shall be deemed to request the production of any and all DOCUMENTS and things within the actual or constructive possession, custody, or control of TYSON FOODS. These requests require YOU to produce DOCUMENTS that are stored in any physical location or may be stored electronically on any media, including on any personal computers, mobile telephones, tablets, servers, telephones, or other electronic devices in YOUR possession, custody, or control. This includes without limitation personal emails and text messages.

4. Each request is to be construed independently, and no request is to be viewed as limiting the scope of any other request. If YOU assert that any part of a request is objectionable, respond to the remaining parts of the request to which YOU do not object.

5. The DOCUMENTS are to be produced as they are kept in the usual course of business or organized and labeled to correspond with the requests in this subpoena. The gathering and processing of DOCUMENTS from electronic media and other sources is to be performed in such a manner as to ensure that the files or other source from which the DOCUMENT is obtained may be identified.

6. Produce the entirety of any requested DOCUMENT, including all related attachments, enclosures, cover letters or emails, memoranda, exhibits, or appendices. Copies that differ in any respect from an original (because, by way of example only, handwritten or printed notations were added) should be treated as separate DOCUMENTS and produced separately. Each draft of a DOCUMENT should be treated as a separate DOCUMENT and produced separately.

   To the extent possible, produce originals of DOCUMENTS. If producing copies, produce DOCUMENTS in color if the DOCUMENT is not just black and white.

7. Any DOCUMENT stored electronically, including any DOCUMENT stored as electronic as a data compilation on magnetic, optical, or other storage media as "active" or "backup" files, shall be produced in a manner that maintains the integrity and readability of all data, including all metadata.

8. If information stored in, or accessible through, computer or other data retrieval systems is

3

produced, it must be accompanied with instructions, software or computer code, and all other materials necessary to use or interpret such data.

9. In the event a known responsive DOCUMENT or portion thereof is withheld for any reason, indicate the following information for each such withheld DOCUMENT, or portion thereof:

    a.  the date of the DOCUMENT;

    b.  the general character of the DOCUMENT (*i.e.*, letter, memorandum, or notes, etc.);

    c.  the identity of the person in possession of the DOCUMENT and the DOCUMENT'S location (either current or last known);

    d.  the identity of the author of the DOCUMENT;

    e.  the identity of all recipients of the DOCUMENT;

    f.  all persons not employed by TYSON FOODS, including the DEPARTMENT OF JUSTICE, the FBI, to whom the DOCUMENT or any information recorded in the DOCUMENT has been disclosed;

    g.  any and all dates on which the information included in the documents was disclosed to any person other than an officer or director of TYSON FOODS by TYSON FOODS or any agent;

    h.  the general subject matter of the DOCUMENT; and
the reason, including, but not limited to, any legal obligation or privilege for withholding the DOCUMENT or portion thereof.

<u>Request:</u>

1. All documents reflecting COMMUNICATIONS with the DEPARTMENT OF JUSTICE or FBI from April 26, 2019, onward with TYSON FOODS or CARL PEPPER, or their counsel, related to RICKIE "RIC" BLAKE including notes reflecting meetings, proffers, or other discussions between the DEPARTMENT OF JUSTICE and TYSON FOODS or CARL PEPPER or their counsel.

### <u>DECLARATION</u>

1.  I have undertaken a review of all DOCUMENTS (as defined in Attachment A) in my possession, custody and control, or in the possession, custody and control of TYSON FOODS responsive to the subpoena.

2.  True and correct copies of DOCUMENTS responsive to the subpoena are included herewith.

3.  Other than the DOCUMENTS produced herein or described in the privilege log submitted with this declaration, I know of no other DOCUMENTS responsive to the subpoena.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at _____ on _____, _____.

 

                                       _____