IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.   JAYSON JEFFREY PENN,
2.   MIKELL REEVE FRIES,
3.   SCOTT JAMES BRADY,
4.   ROGER BORN AUSTIN,
5.   TIMOTHY R. MULRENIN,
6.   WILLIAM VINCENT KANTOLA,
7.   JIMMIE LEE LITTLE,
8.   WILLIAM WADE LOVETTE,
9.   GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

       Defendants.

## DEFENDANTS' BRIEF IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR A PRE-TRIAL RULING ON AUTHENTICITY AND BUSINESS RECORDS

Defendants respectfully submit this brief in opposition to the government's motion to (1) authenticate "categories of documents"[1] and (2) classify "categories of documents" as business records under Rule 803(6). The government's requests as to documents that are unidentified or otherwise not provided to this Court should be denied. Instead, the Court should instruct the parties

---

[1] Defendants did not object to the certifications related to toll records and extractions of electronic devices before the first trial (*see* ECF No. 566 at 2 n.1) and hold that position as to those specific records. To the extent the government seeks to introduce toll records not previously admitted, Defendants maintain their right to object on admissibility grounds. *See* ECF No. 643 at 8-9.

to exchange lists of specific documents, so that the parties can work expeditiously and in good faith to determine an agreement concerning the authenticity of certain documents. Defendants proposed this solution to the government, and the parties continue to discuss a possible agreement.

## I. The Government's One-Sided Request for Broad "Categories of Documents" To Be Authenticated Should Be Denied.

Defendants have proposed that the parties exchange lists of documents so all parties can assess the type and sources of each document to evaluate their authenticity. *See* Email from Brian Quinn, Attorney, O'Melveny & Myers LLP, to Jillian Rogowski, Trial Attorney, U.S Dept. of Justice Antitrust Division Washington Criminal II (Feb. 2, 2022, 2:01 PM EST); a true and accurate copy is attached as Exhibit A. The government had initially proposed a one-sided approach: that Defendants stipulate to the authenticity of vague "categories of documents" without conferring about the documents themselves. *See* Exhibit A (Email from Jillian Rogowski, Trial Attorney, U.S Dept. of Justice Antitrust Division Washington Criminal II to Michael Tubach, Attorney, O'Melveny & Myers LLP, et al. (Jan. 29, 2022, 2:35 PM EST)). The government's unbalanced approach is unreasonable and should not be adopted. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 3:07-CV-05944SC, 2015 WL 13654034, at *2 (N.D. Cal. Aug. 6, 2015)[2] ("It would have been unreasonable for the parties to have contemplated a one-sided deal" on stipulations, rather than a "consistent and reciprocal application").

The government's motion should be denied for at least three other reasons. First, the government's proffered "categories of documents" are inherently flawed. Among its tactical

---

[2] Report and recommendation adopted, No. C-07-5944 JST, 2015 WL 13654036 (N.D. Cal. Nov. 6, 2015), on reconsideration, No. C-07-5944 JST, 2016 WL 10644540 (N.D. Cal. Jan. 5, 2016), and report and recommendation adopted, No. C-07-5944 JST, 2016 WL 10644540 (N.D. Cal. Jan. 5, 2016).

requests, the government seeks a ruling on the authenticity of all email "attachments" without differentiation or specification of what may be attached to the email. ECF No. 992 at 5–6. This category of documents could capture, for instance, handwritten documents and notes scanned and sent as email attachments. *See, e.g.*, GEODOJ_0406072, GEODOJ_0575920, GEODOJ_0001518 (documents and forms containing handwriting); *see also* PILGRIMS-ATR001-000000001 (spreadsheet containing handwritten notes); TY-000693098 (invoice with handwritten note). The custodians' testimony did not (and cannot) show that a handwritten note attached to an email "is what the proponent claims it is." *Cf.* Fed. R. Evid. 901(a). The typical way to authenticate handwriting is for a witness who has "familiarity with it" to opine that the writing is "genuine." Fed. R. Evid. 901(b)(2). No custodian witness purported to be "familiar with" the handwriting of any Defendant or other individual, and the government has produced no other evidence to authenticate any such handwritings. Email attachments encompass an entire catalog of documents for which the government has provided no authenticating grounds to the Court.

Second, the government overreaches by seeking (through a footnote) the authentication of 144 "additional documents" without having laid a foundation for them.[3] ECF No. 992 at 4 n.4; *see* ECF No. 992-1 at Attach. DD. As just one example, the government seeks the authentication of RSCS030061—a standalone document reflecting a pricing model. ECF No. 992-1 at Attach. DD. According to the government, the RSCS custodian authenticated the following categories: "emails, attachments, and calendar invitations." ECF No. 992 at 5-6. This document plainly falls outside

---

[3] The government asserts that this Court ought to authenticate them because they are "also emails, attachments, and calendar invitations produced in discovery by the same parties." ECF No. 992 at 4 n.4. The government did not seek their authentication or otherwise use them as evidence in the first trial. The sources and "parties" are not identified in the government's motion.

those categories. ECF No. 992 at 5 n.7. A true and accurate copy of RSCS030061 is attached as Exhibit B.

Third, the mere fact that some documents in the government's listed "categories" were produced in response to a grand jury subpoena offers it no help. As the government admits, some of the unidentified documents were not produced in response to a grand jury subpoena, but it makes no effort to distinguish them for the Court. ECF No. 992 at 8. Moreover, the government relies upon inapposite civil cases in which the party challenging the authenticity of a document had produced it. *Id*. at 7-8.[4] That is not the case here.[5] Worse, the government cites to *Gallegos v. Swift & Co.* twice, where the defendant did "***not*** challenge the authenticity or pedigree of these records." 237 F.R.D. 633, 641 (D. Colo. 2006) (emphasis added). Here, Defendants take no such position.

Nor are there distinctive characteristics that authenticate the documents. Once again, the government has not provided the documents that it wants authenticated to the Court but somehow asks the Court to consider the documents' "distinctive characteristics." ECF No. 992 at 9-11. The government's citation to *United States v. Blechman* is also misplaced because, unlike here, the defendant "did not object to the admission of the e-mails on foundation grounds[.]" 657 F.3d 1052, 1062 (10th Cir. 2011).

---

[4] The government's reliance on *United States v. Clark*, 847 F.2d 1467, 1473-74 (10th Cir. 1988) is misplaced. There, the court's fact-intensive analysis was focused on whether production of documents would implicate the Fifth Amendment. The court did not conclude that a document produced in response to a grand jury subpoena is authentic. Indeed, the court focused largely on how the government could rely upon sources *outside of* the act of production to authenticate the documents. *See id.* at 1473.

[5] As a general rule, the production of documents does not authenticate that document unless the defendant at issue created them. *See Fisher v. United States*, 425 U.S. 391, 412-13 (1976) (rejecting "possibility that responding to the subpoena would authenticate the workpapers" because the "taxpayer did not prepare the papers and could not vouch for their accuracy").

4

Because the government's listed "categories of documents" capture documents for which no foundation has been laid, the court should reject the government's broad and unprecise request. Instead, the Court should instruct the parties to exchange lists of specific documents, so that the parties can seek an agreement in good faith concerning their authenticity.[6] *See United States v. Kubini*, 304 F.R.D. 208, 219 (W.D. Pa. 2015) (ordering parties in criminal wire fraud case to "meet and confer in an attempt to negotiate stipulations to the authenticity of the exhibits"). Finally, the government's in-the-alternative request for a pre-trial hearing is premature given that the parties may resolve the issues through an agreement concerning authenticity.

## II. The Government's Request that "Categories of Documents" Qualify as Business Records Should Be Denied.

The government's request that this Court judicially notice "categories of documents" as meeting the business records hearsay exception should also be denied. *See* ECF No. 992. Prior to the first trial, the government asked the Court to rule that a host of unspecified documents are admissible business records. ECF No. 673. This Court rejected the government's request, in part, because the "government ha[d] not provided the documents to the Court and thus the Court [wa]s unable to review even a selected portion of the documents[.]" ECF No. 673 at 9. With no effort to explain the difference this time (because there is no difference), the government is now repeating this overreach by providing no documents to the Court (ECF No. 992) or specifying documents to the Defendants. Instead, the government expects the Court and Defendants to accept blindly that its exhibits to be used at trial will fall into those categories. *See id.* at 12–13. This contradicts the

---

[6] As an initial matter, Defendants would agree to the authenticity of 32 of the "additional documents," which were admitted as defense exhibits in the first trial with a reciprocal agreement from the government.

government's own acknowledgment prior to the first trial that the admissibility of documents should be "determined on a case-by-case basis." ECF No. 622 at 3; ECF No. 673 at 10.[7]

Another request that ignores the rules of evidence is the government asks the Court to grant a hearsay exception for documents that have never been authenticated. The government's Attachment DD includes dozens of non-email documents that were not authenticated in the first trial and that the government presumably wants classified as business records. *See, e.g.,* PILGRIMS-0005813310 (Trial Exhibit 9792); TF-0003607747 (Trial Exhibit 9801). One condition precedent of a business record is that the record itself has been shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification" to meet the exception. Fed. R. Evid. 803(6)(D). Before testifying in the first trial, the witnesses that authenticated business records testified they had reviewed those documents and testified as to the source and the normal course and manner in which they were maintained. The government now provides no evidence or certification compliant with Rule 803(6)(D) with respect to any documents in the government's Attachment DD. *See id.*; *Farmers All. Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1177 (D.N.M. 2006) (quoting *IBP, Inc. v. Mercantile Bank of Topeka*, 6 F.Supp.2d 1258, 1263 (D. Kan. 1998)) ("business records" "may be considered only if authenticated by a person through whom the exhibits could be admitted into evidence."). In the same vein, Defendants object to the government's blanket characterization of custodial testimony from the first trial as non-testimonial under *United States v. Crawford* and

---

[7] The custodian witnesses testified that before the first trial they had reviewed specific documents to be able to testify as to the foundation for those documents. *See e.g.* ECF 992-1 at Attach. O–Y. The government has not shown that the custodian witnesses also authenticated whatever additional documents the government plans to use as evidence under the business records exception.

note that "the government cannot make a showing that its custodian witnesses are unavailable for the upcoming re-trial . . . ." ECF No. 992 at 7; *see* 541 U.S. 36, 59 (2004).

Finally, the government's reliance on *United States v. Samaniego,* 187 F.3d 1222 (10th Cir. 1999) is misplaced; indeed, it dooms the government's motion. *See* ECF No. 992 at 12. There, the Tenth Circuit reversed a defendant's conviction when the government relied upon summary exhibits, despite the defendant's objection that "the foundational requirements of Rule 803(6) for admissibility of the underlying telephone records" had not been established. *Samaniego*, 187 F.3d at 1224. The Tenth Circuit held that the district court "abused its discretion in admitting the summaries" by not requiring the government "to lay the requisite foundation or forgo the use of the summaries." *Id*. The Tenth Circuit refused to conduct a harmless error analysis. *Id*. at 1225.

Turning its analysis to the underlying telephone records, which were hearsay, the Tenth Circuit concluded that they were ***not*** "'replete with circumstances demonstrating the trustworthiness of the documents.'" *Id*. at 1221, n.1 (quoting *United States v. Johnson*, 971 F.2d 562, 571 (10th Cir. 1992)). Among other reasons, "there is no indication that the district judge ever saw" the telephone records. *Id*. Similarly here, the government wants the business records exception to apply to scores of documents that were not previously admitted and that this Court has never seen. ECF No. 992-1 at Attach. DD. The government has thus failed to show how the record is "replete with circumstances demonstrating the trustworthiness" of the unidentified documents. *Samaniego*, 187 F.3d at 1224 (quoting *Johnson*, 971 F.2d at 571).[8] The Court should similarly reject the government's request.

---

[8] *Johnson*, which the government does ***not*** rely upon its motion and is not applicable here, represents the rare case in which the court took judicial notice of documents that were "replete with circumstances demonstrating the trustworthiness of documents." *Johnson*, 971 F.2d at 571.

7

## **CONCLUSION**

Defendants respectfully request that this Court deny the government's motion and instead instruct the parties to exchange lists of specific documents so that the parties can work expeditiously and in good faith to determine an agreement concerning the authenticity of certain documents. The government's in-the-alternative request for a pre-trial hearing is premature and should be denied given that the parties may resolve the issues through an agreement concerning authenticity. If, however, the Court were to rule that the government's broad categories of documents are deemed authenticated, the Court should rule that any of Defendants' trial exhibits should similarly be deemed authenticated if arising from the same sources.

Dated:  February 7, 2022                            Respectfully submitted,

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.
MOORE & VAN ALLEN PLLC
Attorney for William Wade Lovette
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
(704) 331-3622
johnfagg@mvalaw.com

*s/ Michael F. Tubach*
Michael F. Tubach
O'MELVENY & MYERS LLP
Attorney for Jayson Jeffrey Penn
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700
mtubach@omm.com

*s/ Richard K. Kornfeld*
Richard K. Kornfeld
RECHT KORNFELD, P.C.
Attorney for Mikell Reeve Fries
1600 Stout Street, Suite 1400
Denver, CO 80202
(303) 573-1900
rick@rklawpc.com

*s/ Michael S. Feldberg*
Michael S. Feldberg
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
Attorney for Roger Born Austin
750 Third Avenue, Suite 2400
New York, NY 10017
(212) 381-1965
mfeldberg@reichmanjorgensen.com

*s/ Bryan Lavine*
Bryan Lavine
TROUTMAN PEPPER HAMILTON
SANDERS LLP
Attorney for Scott James Brady
600 Peachtree St. NE, Suite 3000
Atlanta, GA 30308
(404) 885-3170
Bryan.lavine@troutman.com

*s/ James A. Backstrom*
James A. Backstrom, Counsellor at Law
Attorney for William Vincent Kantola
1515 Market Street, Suite 1200
Philadelphia, PA 19102-1932
(215) 864-7797
jabber@backstromlaw.com

*s/ Craig Allen Gillen*
Craig Allen Gillen
GILLEN, WITHERS & LAKE, LLC
Attorney for Gary Brian Roberts
400 Galleria Parkway, Ste. 1920
Atlanta, GA 30339
(404) 842-9700
cgillen@gwllawfirm.com

*s/ Elizabeth Prewitt*
Elizabeth B. Prewitt
LATHAM & WATKINS LLP
Attorney for Timothy R. Mulrenin
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
elizabeth.prewitt@lw.com

*s/ Mark A. Byrne*
Mark A. Byrne
BYRNE & NIXON LLP
Attorney for Jimmie Lee Little
888 West Sixth St, Suite 1100
Los Angeles, CA 90017
(213) 620-8003
markbyrne@byrnenixon.com

*s/ Barry J. Pollack*
Barry J. Pollack
Attorney for Rickie Patterson Blake
ROBBINS, RUSSELL, ENGLERT,
ORSECK, & UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, DC 20006
(202) 775-4514
bpollack@robbinsrussell.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all listed parties.

Dated:  February 7, 2022

*s/ John A. Fagg, Jr.*
John A. Fagg, Jr.