IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

---

## ORDER
---

This matter is before the Court on Defendants' Motion Pursuant to Rule 17(c) for Court Order Authorizing Subpoenas Duces Tecum to Produce Documentary Evidence in Advance of Trial [Docket No. 991].[1] The government responded. Docket No. 1004.

Federal Rule of Criminal Procedure 17(c) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates" and states that the court "may direct the witness to produce the designated items in court before trial." Fed. R. Crim. P. 17(c)(1). Rule 17(c) is "not

---

[1] Defendants filed an *ex parte* memorandum in support of this motion. Docket No. 968.

intended to provide an additional means of discovery," but "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951).  A party seeking a subpoena duces tecum under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974).  The party requesting the subpoena must satisfy each of these requirements.  *United States v. Boender*, 2010 WL 1912425, at *2 (N.D. Ill. May 12, 2010); *cf. United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (failure to show one of *Nixon* requirements precludes reversal of order denying Rule 17(c) motion).

"*Nixon* mandates that the party requesting the information identify the item sought and what the item contains, among other things."  *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002).  The defendant in *Morris* requested a Rule 17(c) subpoena for all documents collected by the FBI during the course of its investigation. *Id*. at 988.  The Tenth Circuit noted that, "[n]ot only is Mr. Morris unable to specify what the items he requests contain, he is also unable to verify whether the requested material even exists."  *Id*. at 991.  In light of this lack of specificity, the court stated:

> Courts have held that requests for an entire file are evidence of an impermissible fishing expedition.  *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984); *United States v. Hughes*, 931 F.2d 63, 1991 WL 59383, at *1 (10th Cir. 1991).  It appears that defense counsel attempted to use the Rule 17(c) subpoena for impermissible discovery purposes.  Mr. Morris' Rule

17(c) subpoena did not overcome the hurdle of specificity as required by *Nixon*.

*Id*.; *see also United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002) (Rule 17(c) allows only for the gathering of specifically identified documents which a defendant knows to contain relevant evidence).

**RSCS** -- The Court will deny Request 3 because the records are sought for impeachment purposes. *See Nixon*, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); *see also United States v. Duran*, 2017 WL 3189912, at *3 (D.N.M. May 24, 2017) (denying request for records sought for the "impermissible purpose of impeachment"). With respect to Requests 2 and 4, the level of generality in the requests of "documents sufficient to show," *see* Docket No. 991-1 at 8, indicate that they are part of an improper fishing expedition. *See United States v. Castro-Motta*, 11-cr-00033-REB, 2012 WL 3400828, at *3 (D. Colo. Aug. 15, 2012) ("Far from requesting specifically identified documents, the subpoenas here rely on the broadest and most general of terms, e.g., 'any,' 'all,' and 'other documents.'"). Thus, these requests fail the *Nixon* requirements and will be denied. Request 1 is sufficiently specific and otherwise satisfies the *Nixon* requirements.

**KFC** -- Each request seeks "documents sufficient to show" certain information. Docket No. 991-2 at 9. These requests are so broad in scope and so general as to constitute impermissible discovery requests.

**Golden Corral** -- The Court finds that Requests 1, 2, 3, 4, and 6 are broad discovery requests that do not involve sufficient specificity to comply with *Nixon*.

3

Request 5, however, is sufficiently specific and otherwise satisfies the *Nixon* requirements.

**Church's Chicken** -- Each of these requests are fishing expeditions and will be denied. While the requests are directed at Dean Bradley's emails only, the requests do not describe what the documents contain, *see Morris*, 287 F.3d at 991, but rather seek general types of documents that the attorneys can presumably sift through to find relevant information. Thus, these requests will be denied.

Wherefore, it is

ORDERED that Defendants' Motion Pursuant to Rule 17(c) for Court Order Authorizing Subpoenas Duces Tecum to Produce Documentary Evidence in Advance of Trial [Docket No. 991] is granted in part and denied in part. It is further

ORDERED that Request 1 as to RSCS is allowed. Requests 2-4 are denied. It is further

ORDERED that all requests to KFC are denied. It is further

ORDERED that Request 5 as to Golden Corral is allowed. Requests 1-4 and 6 are denied. It is further

ORDERED that all requests to Church's Chicken are denied. It is further

ORDERED that the Clerk's Office shall issue to defendants the signed subpoenas for Restaurant Supply Chain Solutions and Golden Corral under Fed. R. Crim. P. 17. The documents sought by the subpoenas shall be produced before Nick

Richards in the United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, on or before February 22, 2022.[2]

DATED February 10, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[2] The subpoenas the defendants supplied to the Court list a production date of February 10, 2022.  *See, e.g.*, Docket No. 991-1 at 2.  However, this is an unrealistic date.

5