IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAYSON JEFFREY PENN,
2. MIKELL REEVE FRIES,
3. SCOTT JAMES BRADY,
4. ROGER BORN AUSTIN,
5. TIMOTHY R. MULRENIN,
6. WILLIAM VINCENT KANTOLA,
7. JIMMIE LEE LITTLE,
8. WILLIAM WADE LOVETTE,
9. GARY BRIAN ROBERTS, and
10. RICKIE PATTERSON BLAKE,

    Defendants.

## **ORDER**

This matter comes before the Court on the United States' Motion for Leave to File a Motion to Supplement *James* Log and for Reconsideration [Docket No. 941]. Defendants responded. Docket No. 971. The government filed a reply. Docket No. 1032.

I. **SUPPLEMENTATION OF *JAMES* LOG**[1]

The government asks the Court to allow it to supplement the *James* log with six categories of entries. Docket No. 941 at 1-2. Those categories are statements "(1) elicited from witnesses at the first trial, (2) anticipated to be elicited from new witnesses, (3) contained in exhibits not received until trial, (4) that occurred in interviews conducted after the *James* Log was submitted and may be elicited at the re-trial, (5) contained in new exhibits, and (6) from exhibits that the government sought to introduce (or contemplated introducing) at trial." *Id.* The Court addresses each category in turn.

### A. Statements Elicited from Witnesses at First Trial

The government asks the Court to add co-conspirator statements from the first trial to the *James* log and find them admissible ahead of the retrial.[2] *Id.* at 5. Defendants argue that the testimony the government intends to elicit is speculative and the statements contained in the government's supplemental log are misrepresentations.[3] Docket No. 971 at 11-12.

---

[1] On February 11, 2022, the government filed a motion for leave to submit an updated and corrected supplemental *James* log. Docket No. 1043. The updated log makes the following changes: (1) the date of the co-conspirator statements in Entries 10-S and 11-2 have been corrected; (2) Entry 19-S has been shaded to reflect that the government withdraws this entry; and (3) for entries from trial testimony, the government has updated the citation to be from the certified transcript. *Id.* at 1-2. The Court will grant the motion. However, because defendants' objections are to Docket No. 941-1, the Court will cite Docket No. 941-1, not the updated supplemental *James* log, throughout this order.

[2] These statements are identified as Entries 45-S to 47-S and 53-S to 83-S. Docket No. 941 at 5.

[3] Defendants also argue that they did not waive any objections by not making them at the first trial. Docket No. 971 at 10. The Court agrees.

The Court understands the government's request to be that, should it elicit the same testimony at the retrial as it did in the first trial, those statements contained in Entries 45-S to 47-S and 53-S to 83-S would be admissible under Fed. R. Evid. 801(d)(2)(E).  With respect to each of these entries, defendants object to the government's designations and that "[p]revious trial testimony is not appropriate for a pre-trial ruling under 801(d)(2)(E)."  *See, e.g.*, Docket No. 971-1 at 15.  With respect to certain entries, defendants make the additional objections that (1) the government misstates the trial testimony; (2) price sharing is not illegal under the Sherman Act; (3) prior statements made under oath and subject to cross-examination are permitted only in specific circumstances under Fed. R. Evid. 801(d)(1); (4) there is no indication that the information provided by the declarant came from a competitor pursuant to the alleged agreement; (5) there is no "statement" in the entry; and (6) ordinary business communications are subject to innocent inferences.  *See, e.g.*, *id.* at 16.  The government sought to introduce each statement in Entries 53-S to 83-S at the first trial; defendants do not object on the basis that these entries were not in the original *James* log.  *Compare id.* at 14, Entry 44-S, *with id.* at 16, Entry 53-S.  Defendants additionally do not object to Entries 45-S to 47-S as Fed. R. Evid. 801(d)(2)(E) statements not contained in the original *James* log.  *See id.* at 14-15.  Accordingly, the Court finds that the government may add Entries 45-S to 47-S and 53-S to 83-S to the *James* log and that each of the statements is provisionally admissible because they were made during and in furtherance of the conspiracy.

### B.  Co-Conspirator Statements Elicited From New Witnesses

The government states that it intends to call new witnesses who will likely testify to out-of-court statements made by defendants and other co-conspirators during and in furtherance of the conspiracy, which the government identifies as Entries 23-S to 44-S and 85-S to 89-S.[4]  Docket No. 941 at 5.  The government intends to use Entry 22-S with a new witness.  *Id.*  Defendants argue that the Court cannot know prior to retrial what the testimony will be or have the context necessary to make an evidentiary determination; rather, a *James* hearing is how the Court could make a pretrial admissibility ruling.[5]  Docket No. 971 at 9.

---

[4] At the February 10, 2022 hearing, the government withdrew Entry 19-S (GX-6337 and GX-6338).

[5] Defendants argue that, if the Court will consider the admission of statements under Fed. R. Evid. 801(d)(2)(E) that were not previously on the *James* log, the Court should re-open the *James* hearing.  Docket No. 971 at 9.  Defendants filed a separate motion asking the Court to conduct a *James* hearing in the event the Court grants the government's motion to supplement the *James* log, *see* Docket No. 999, which the Court denied on the record on February 10, 2022.  *See* Docket No. 1040 at 3.  In recognition of the Tenth Circuit's strong preference for *James* hearings, the Court held a *James* hearing on September 2, 2021 and September 8, 2021.  *See* Docket Nos. 440, 490.  Since then, the Court presided over the first trial of this case.  The purpose of a *James* hearing is to avoid the risk of undue prejudice in the event that the evidence at trial does not "connect up" to show a predicate conspiracy.  *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994).  The Court has already found the existence of the conspiracy and determined its membership by a preponderance of the evidence, *see* Docket No. 559, and will provisionally admit evidence that the government must later "connect up" during trial.  *See United States v. Owen*, 70 F.3d 1118, 1123 (10th Cir. 1995) (the district court "may provisionally admit the evidence with the caveat that the evidence must 'connect up' during trial, i.e., that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence.").  Accordingly, the Court will deny defendants' request to conduct an additional *James* hearing.

Entry 22-S is a 2011 email chain between Carl Pepper and Neal Simco. *See* Docket No. 941-1 at 6. Entries 23-S to 44-S are from interviews of Carl Pepper; many interviews of Mr. Pepper were conducted before the *James* hearing. *See, e.g.*, *id*. at 6-7. Entries 85-S to 89-S are from a March 24, 2021 interview of Peter Suerkin. *Id.* at 9.

The government intends to call Mr. Pepper and Mr. Suerkin as witnesses. The government did not call either of them at the first trial. It is appropriate to permit the addition of statements to the *James* log for these witnesses, who were not called at the first trial, but who will be called at the second. The Court additionally finds that the statements in Entries 23-S to 44-S and 85-S to 89-S were made during and in furtherance of the conspiracy. The Court finds that Entry 22-S, although made before the charged dates, was made during and in furtherance of the conspiracy. Because the statements will come in through live witness testimony, defendants' argument that the statements originate from an agent's interview report, *see* Docket No. 971 at 8, is inapplicable. Entries 22-S to 44-S and 85-S to 89-S are provisionally admissible under Fed. R. Evid. 801(d)(2)(E).

### C.  Co-conspirator Statements in Exhibits Produced to the Government During Trial

The government asks to add three exhibits to the *James* log that Claxton Poultry produced to the government regarding Pollo Tropical during the first trial. Docket No. 941 at 5-6. Defendants argue that these documents were available to the government because the government could have sought them in the civil litigation *In re Broilers*. Docket No. 971-1 at 3. The Court disagrees. Whether or not the government could have discovered the documents does not mean that the documents were available to

5

the government before produced to the government during the first trial. The Court will permit the government to amend the *James* log to add Entries 6-S to 8-S (GX-9730, GX-9739, and GX-9740) and finds that each is provisionally admissible under Fed. R. Evid. 801(d)(2)(E).

### D. Witness Statements or Reports Afer the *James* Log was Submitted

The government argues that it should be permitted to amend the *James* log to add statements from witness interviews it conducted after the submission of the *James* log, identified at Entries 48-S to 52-S and 84-S. Docket No. 941 at 6. The interviews were of Mr. Lewis, Mr. Olson, Mr. Smith, Mr. Bryant, and Mr. Oare. *See* Docket No. 941-1 at 7, 9. With the exception of Mr. Oare, each of these witnesses was called at the first trial. The Court will not permit the government to add statements from interviews conducted after the submission of the *James* log for witnesses called at the first trial. Accordingly, the motion is denied as to Entries 48-S, 49-S, 51-S, 52-S, and 84-S. However, the government added Mr. Oare to their witness list for the second trial. The Court will allow the government to add Entry 50-S, a statement of Mr. Kantola from an interview of Mr. Oare on January 10, 2022, to the *James* log. *See id*. at 7. The Court additionally finds that Entry 50-S is provisionally admissible under Fed. R. Evid. 801(d)(2)(E). The Court rejects defendants' hearsay objection for the same reasons as given in Section I.C.

### E. New Exhibits Containing Co-conspirator Statements

The government asks the Court to permit it to add certain handwritten notes and exhibits containing co-conspirator statements related to the 2014 KFC negotiations, identified as Entries 9-S to 13-S, 15-S, 16-S, 18-S, 20-S, 4-S, and 90-S. Docket No.

941 at 6. Defendants argue that the Court cannot make a pre-trial ruling on the admissibility of the handwritten notes because they have not been authenticated as belonging to conspirators. Docket No. 971 at 12-13. The government provides no information on why these entries were not on the original *James* besides that they were not on the government's exhibit list for the first trial. *See* Docket No. 941 at 6. The Court will not allow the government to add these entries to the *James* log because they were available to the government at the time of the *James* hearing. This portion of the motion is denied.

### F.  Exhibits Not Considered Under Rule 801(d)(2)(E) Because Not on Initial *James* Log

The government asks the Court to add four exhibits to the *James* log that were not included on the original log, identified as Entries 1-S, 2-S, 3-S, and 5-S.[6] Docket No. 941 at 7. The government attempted to admit them at trial under Rule 801(d)(2)(E), but, because they were not on the *James* log, the Court found them inadmissible under Rule 801(d)(2)(E). *See id.* While the government "continued to refine its case" after the submission of the *James* log, *see id.*, there is no indication that these exhibits were unavailable at the time of the *James* log submission. The Court sees no reason to reconsider its prior ruling and will deny this portion of the motion.[7]

---

[6] The government's motion identifies them as Entries S-1, S-2, S-3, and S-5, *see* Docket No. 941 at 7, but the Court refers to these entries by reversing the order of numbers and letters, which is the convention the government uses in the supplemental *James* log. *See generally* Docket No. 941-1.

[7] The government's motion does not place Entries 14-S (GX-1446), 17-S (GX-1258), or 21-S (GX-9089) in any of the above categories. *See generally* Docket No. 941. Because the government has not show why supplementation of the *James* log with these exhibits is warranted, the Court will deny the government's motion to the

## II. RECONSIDERATION

The government asks the Court to reconsider its ruling on eight *James* log entries. *Id.* at 7. Defendants oppose the request, arguing that the government has not justified reconsideration. Docket No. 971 at 2-5.

A district court may reconsider its prior rulings in criminal cases. *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Grounds warranting a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion for reconsideration is not an appropriate means to revisit issues already addressed or to advance arguments or evidence that could have been raised in prior briefing. *Id*. The government argues that new evidence presented at the first trial warrants reconsideration of the Court's ruling on certain *James* log entries. Docket No. 941 at 7.

### A. Church's Frozen (*James* Log Entries 50, 51, 52, 56, and 57)

The government anticipates that Mr. Pepper will testify that he obtained competitor information with respect to prices that Tyson would charge Church's for frozen chicken. Docket No. 941 at 8. The Court finds that the government's intention to call Mr. Pepper in the second trial constitutes a changed circumstance and otherwise finds that Entries 50, 51, 52, 56, and 57 were made during and in furtherance of the

---

extent it seeks to add Entries 14-S, 17-S, and 21-S to the *James* log.

conspiracy and are provisionally admissible under Fed. R. Evid. 801(d)(2)(E). The Court will grant this portion of the motion.

### B.  Pollo Tropical (*James* Log Entries 152 and 163)

The government argues that the testimony of Joseph Brink, the Pollo Tropical employee who negotiated with Pilgrim's, and the mid-trial production of Claxton documents show that Entries 152 and 163 were made during and in furtherance of the conspiracy. *Id.* at 10-11. Defendants argue that Mr. Brink was available to testify at the *James* hearing and that the Pollo Tropical documents produced during trial were available to the government. Docket No. 971 at 4 n.3. The Court agrees with the government that the mid-trial production of GX-9730, GX-9739, and GX-9740 from Claxton to the government constitutes new evidence previously unavailable. The Court has found that these documents were made during and in furtherance of the conspiracy. *See supra* Section I.C. The Court additionally finds that this new evidence previously unavailable shows that Entries 152 and 163 were made during and in furtherance of the conspiracy. The Court will grant the government's motion for reconsideration with respect to Entries 152 (GX-563) and 163 (GX-500) and finds that they are provisionally admissible under Fed. R. Evid. 801(d)(2)(E).

### C.  KFC (*James* Log Entry 73)

The government argues that Mr. Brady's message to Mr. Fries that he will "make some calls" after he received the UFPC feedback on Claxton's round one bid in 2013 was made during and in furtherance of the conspiracy. Docket No. 941 at 12-13. Defendants argue that there is no new evidence warranting reconsideration. Docket No. 971 at 4. The government does not show how any of the evidence presented at

trial was previously unavailable to it and the Court will accordingly deny the motion for reconsideration with respect to Entry 73 (GX-1700).

### D.  Previously Withdrawn Entries (*James* Log Entries 46 and 245)

The government withdrew two exhibits from the *James* log but now asks for a ruling on them because it intends to offer the exhibits at the retrial.  Docket No. 941 at 14.  Because the Court never ruled on these entries, the Court does not consider the request to be one for reconsideration but instead akin to the government's request to supplement the *James* log discussed above.  However, these exhibits were available to the government at the time of the *James* hearing.  Consistent with its rulings *supra*, the Court will not permit the government to add exhibits to the *James* log that were available to the government before the *James* hearing.  This portion of the motion will be denied.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the United States' Motion for Leave to File a Motion to Supplement *James* Log and for Reconsideration [Docket No. 941] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that the United States' Motion for Leave to Submit Updated and Corrected Supplemental *James* Log [Docket No. 1043] is **GRANTED.**

DATED February 14, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge