IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JAYSON JEFFREY PENN, et al.**, <br><br> *Defendants.* | Case No. 1:20-cr-00152-PAB |

### MR. BLAKE's MOTION TO ADMIT EXHIBIT
### WITHOUT A SPONSORING WITNESS

Mr. Blake respectfully requests that the Court admit one exhibit without a sponsoring witness as a record of regularly conducted business activity. The relevant exhibit is J-203 (Ex. A), an automated reply email from Mr. Blake to Mr. Kantola indicating that Mr. Blake is out of the office on vacation. This email was not sent by Mr. Blake, but was an automated response replying to emails in his absence, under a business duty to communicate whether he could be reached, in circumstances with clear indicia of reliability. In the alternative, the exhibit is admissible under the rule of completeness given the Government's introduction of Mr. Austin's call to George's main office number and an email that "Roger did some checking around today," *see* GX 10, which invite the false inference that Mr. Blake provided George's pricing information to Mr. Austin in that phone call. *See* Fed. R. Evid. 106. In fairness, Mr. Blake should be permitted to introduce plainly authentic evidence explaining the context for why Mr. Austin could not have spoken to Mr. Blake when Mr. Austin called the George's main office line.

## ARGUMENT

### I. J-203 is authentic.

The government concedes that J-203, a document that was produced to defendants in discovery, is authentic. *See* Dkt. 1093-1 ("The parties further agree that the United States shall not object to the authenticity of any document(s) produced by the United States during discovery to the defendants for purposes of this trial only, provided the document(s) have not been altered, do not contain handwriting, or were not prepared in anticipation for litigation, such as White Papers or information letters.").

Even were that not so, J-203 is authentic. Mr. Ward provided extensive testimony at the first trial indicating that documents with the Bates range "KOCHFOODS" are authentic. *See* Tr. 191-213 (Oct. 28, 2021). The Court has discretion to make authenticity findings under Rules 901 and 104(a) and Mr. Blake respectfully requests that this Court exercise its discretion to rule that J-203 overcomes the low barrier to authenticity. The distinctive characteristics of this email in particular (an automated, out of office response) provide strong indicia of its authenticity. *See, e.g., United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000) (e-mail authenticated by contents and context, including e-mail address and automatic reply to sender); *United States v. Safavian*, 435 F.Supp.2d 36, 40 (D.D.C. 2006) (recognizing that an e-mail may be authenticated by distinctive characteristics under 901(b)(4), or by comparison of exemplars with other e-mails that already have been authenticated under 901(b)(3)); *Rambus Inc. v. Infineon Technologies AG*, 348 F. Supp. 2d 698 (E.D. Va. 2004) (E-mail that qualifies as business record may be self-authenticating under 902(11)).

Moreover, a document may be authenticated entirely by circumstantial evidence. *See United States v. Dhinsa*, 243 F.3d 635, 658-59 (2d Cir. 2001) (noting Rule 901 "does not erect a particularly high hurdle," and that that hurdle may be cleared by "circumstantial evidence") (quoting *United States v. Ortiz*, 966 F.2d 707, 716 (1st Cir. 1992)). Here, the substance of the automated reply email—that Mr. Blake was on vacation at the relevant time—is corroborated by testimony and documentary evidence. *See* I-276 (Mr. Eddington acknowledging that Mr. Blake was on vacation on August 18, 2014); Tr. 172:4-7[1] (Mr. Eddington confirming that he "could not follow up with [Mr. Blake] on August 18th, 2014, because he wouldn't be in the office that day because he was on vacation"). There is no legitimate dispute that J-203 is a true copy of a real email; and substantial evidence corroborates the substance of Mr. Blake's out of office message (*i.e.*, that he was on vacation).

**II.   J-203 is a business record.**

This Court has recognized that email information very much like that in J-203 qualifies as a business record under Rule 803(6). In the prior trial, the Court recognized that GX 7080 was a business record (with the "to" and "re" lines redacted) to show Mr. Kantola's email and office number. The Government argued that "individuals who work at companies are under a kind of business duty or a compulsion to provide accurate information in their e-mail signatures. They hold themselves out like this on a daily basis to their customers, to others who see those e-mail signatures." Tr. 3797. This Court agreed because "when a person lists himself and identifies numbers, it is a business record. The person has every incentive whatsoever to make sure that that

---

[1] Mr. Blake's transcript citation is to the unofficial transcript because he does not yet have an official, certified transcript. To the extent the Court's recollection differs from the draft transcript in any way, Mr. Blake defers to the Court's recollection.

3

information is correct. It does have reliability." Tr. 3802. In like fashion, Mr. Blake had every incentive that his automated email response accurately convey whether he could be reached. And, just as any company naturally expects its employees to accurately list their email address and phone number in their communications (*see* Tr. 3802), any company expects its employees to accurately report when they are unavailable to customers and colleagues in automated, blast emails like J-203. Indeed, Mr. Blake did not even send this email; it was sent automatically in the course of his business. As in *United States v. Hamilton*, 413 F.3d 1138, 1142-43 (10th Cir. 2005) (automatically created email header admissible) and *United States v. Khorozian*, 333 F.3d 498, 506 (3d Cir. 2003) (automatically created fax header admissible), J-203 was created by an automated machine function.

**III.    In the alternative, J-203 is admissible under the rule of completeness.**

Under the doctrine of completeness, partially codified by Rule 106, evidence that is otherwise hearsay may be admitted if the following factors counsel for admission: the evidence "(1) explains the admitted evidence, (2) puts the admitted evidence in context, (3) does not itself mislead the jury, and (4) ensures that the jury can fairly and impartially understand the evidence." *United States v. Williston*, 862 F.3d 1023, 1038–39 (10th Cir. 2017). It is not necessary that the evidence admitted under Rule 106 be part of the same statement as the evidence introduced by the adverse party. Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—*or any other writing or recorded statement*—that in fairness ought to be considered at the same time." (emphasis added)). Nor is it necessary that the proponent of the completing statement offer it into evidence at the time the first statement is offered. Instead, "[t]he adversary may wait until her own

next opportunity to present evidence." 1 McCormick on Evid. § 56 & n.16 (8th ed.) (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 172 (1988). And, if Rule 106 is satisfied, the statement need not be independently admissible. *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) ("Even if the fact allocution would be subject to a hearsay objection, that does not block its use when it is needed to provide context for a statement already admitted."). As explained above, J-203 satisfies Rule 106's requirement that the evidence "clarify or explain misleading government evidence," *id.* at 1039—that is, the Governments summary exhibit and underlying evidence meant to suggest that Mr. Blake shared George's pricing information with Mr. Austin in a call to George's when he was, in fact, on vacation and unreachable at a George's main office number.

## CONCLUSION

The Government concedes that J-203 is authentic. It could hardly be otherwise; there is extensive testimony on the KOCHFOODS Bates range from the last trial and extrinsic evidence that the substance of the automated email's out-of-office message was true. And J-203 is a business record: just like an employee is obligated to tell outsiders how to reach him by listing the correct phone number and email address, he is obligated to accurately inform them when and how he can be reached. In the alternative, J-203 is necessary under the rule of completeness to correct the misleading impression the Government has created—that Mr. Blake could have provided George's pricing information on the August 18, 2014 call between Mr. Austin and George's main office line. The Court should grant Mr. Blake's motion to admit J-203 without a sponsoring witness.

5

Date:  March 21, 2022

Wendy W. Johnson
RMP LLP
5519 Hackett Road, Suite 300
Springdale, Arkansas 72762
Telephone: (479) 443-2705
Fax: (479) 443-2718
wjohnson@rmp.law

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack
ROBBINS, RUSSELL, ENGLERT, ORSECK
& UNTEREINER LLP
2000 K Street N.W., 4th Floor
Washington, D.C.  20006
Telephone: (202) 775 4500
Fax: (202) 775 4510
bpollack@robbinsrussell.com

*Counsel for Mr. Blake*

6

## CERTIFICATE OF SERVICE

On this 21st day of March, 2022, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States District Court for the District of Colorado by using the Court's CM/ECF system, which will serve electronic notification of this filing on all counsel of record.

Respectfully submitted,

*/s/ Barry J. Pollack*
Barry J. Pollack

*Counsel for Mr. Blake*