IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-00152-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **JAYSON JEFFREY PENN,**
2. **MIKELL REEVE FRIES,**
3. **SCOTT JAMES BRADY,**
4. **ROGER BORN AUSTIN,**
5. **WILLIAM WADE LOVETTE,**

    Defendants.

---

**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SUPERSEDING INDICTMENT**

---

There is no legal support for Defendants' motion to dismiss the Superseding Indictment. Defendants concede as much. (Docket No. 1311, at 2 n.1 ("prevailing law" clearly establishes that a second retrial violates no Constitutional rights); *see also* Docket No. 1308 at 6 (it is "the law" that "juror deadlock 'is the kind of "manifest necessity" that permits the declaration of a mistrial and the continuation of the initial jeopardy that commenced when the jury was first impaneled,'"; "'the failure of the jury to reach a verdict is not an event which terminates jeopardy.'").)[1]

---

[1] Apparently conceding that 200 years of Supreme Court precedent bars the very relief Defendants seek here, Defendants resort to a tortured analysis of seventeenth-century English common law. It is irrelevant to American jurisprudence that English courts

For nearly 200 years, the Supreme Court has held that retrial after a hung jury does not violate the double jeopardy clause. In *Richardson v. United States*, the Court held that:

> It has been established for 160 years, since the opinion of Justice Story in *United States v. Perez*, 9 Wheat. 579, 6 L.Ed. 165 (1824), that a failure of the jury to agree on a verdict was an instance of "manifest necessity" which permitted a trial judge to terminate the first trial and retry the defendant, because "the ends of public justice would otherwise be defeated." *Id.*, at 580, 6 L.Ed. 165. . . . The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and ***jeopardy does not terminate when the jury is discharged because it is unable to agree***.

468 U.S. 317, 323, 326 (1984) (emphasis added).[2]  Indeed, the Tenth Circuit has addressed the very situation raised by this prosecution—a second retrial following two mistrials—and determined that there is no double jeopardy violation. *United States v. Gunter*, 546 F.2d 861 (10th Cir. 1976). In *Gunter*, as in this case, there were multiple defendants (eight in the first trial after the ninth pled). The court noted: "Here, in the first trial of the matter, eight defendants were brought to trial in a single trial, with each defendant apparently having separate counsel. ***In such circumstance some jury***

---

under the Stuart reign starved jurors or forced them to follow judges from village to village in carts until they reached a verdict.  (Mot. at 4, citing Janet E. Findlater, *Retrial After A Hung Jury: The Double Jeopardy Problem*, 129 U. Pa. L. Rev. 701, 703 n.25 (1981).)

[2] Notably, the *Richardson* opinion was published three years after the law review article Defendants rely on for their proposition that seventeenth century English common law justifies overturning *Perez* and its progeny.  (Mot. at 4, discussing Janet E. Findlater, *Retrial After A Hung Jury: The Double Jeopardy Problem*, 129 U. Pa. L. Rev. 701 (1981).)

***confusion would appear to be inevitable***." *Id.* at 866 (emphasis added).  The same is true of this prosecution.

Following two hung juries in *Gunter*, the third jury convicted on all six remaining defendants.  The Tenth Circuit held that this third trial did not violate the defendants' double jeopardy rights:

> Certainly the rationale of Perez and the other cases cited would not preclude a third trial where the first and second trials both resulted in mistrials based on the fact of a hung jury. Indeed the rationale of Perez suggests to us ***the propriety of a third trial where the prior juries were unable to agree upon a verdict.***

*Id.* (emphasis added).  Other courts to have considered this issue have reached the same conclusion.[3]

---

[3] *See Arizona v. Washington*, 434 U.S. 497, 509 (1978) ("[W]ithout exception, the courts have held that the trial judge may discharge a genuinely deadlocked jury and require the defendant to submit to a second trial."); *Illinois v. Somerville*, 410 U.S. 458, 463 (1973); *Wade v. Hunter*, 336 U.S. 684, 688-89 (1949) ("The double-jeopardy provision of the Fifth Amendment, however, does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment.  Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed.  [If there is a failure of a jury to agree on a verdict] the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again."); *United States v. Jackson*, 658 F.3d 145, 153 (2d Cir. 2011) (third trial after two mistrials did not violate double jeopardy); *United States v. Quijada*, 588 F.2d 1253, 1255 (9th Cir. 1978) (two mistrials due to hung juries did not violate due process: "A third trial following [two proper] mistrials does not constitute double jeopardy."); *Gov't of Virgin Islands v. Smith*, 558 F.2d 691, 696 (3d Cir. 1977) ("[T]hree successive trials for the same offense are not prohibited where the declarations of mistrial were justified by manifest necessity."); *United States v. Castellanos*, 478 F.2d 749, 752 (2nd Cir. 1973) (overruling trial court's finding that a retrial would violate double jeopardy; "the defendants' interests bar retrial in all but those instances where there is 'manifest necessity' for taking the case away from the jury. Since each mistrial was properly declared here, the Perez formulation tips the balance in the government's favor and does not constitutionally bar retrial").

The same is true of due process. This Court recognized that due process does not bar a second retrial: "I am not asserting that there is some due process reason that the government can't proceed [with a second retrial]." (4/14/22 R. Tr. at 16:22-23; *see also id.* at 14:10-12 ("It's not a question of some type of due process standard or something of that nature").) This Court's observation is clearly consistent with governing case law. Courts have uniformly held that retrial after a hung jury—including a second retrial after two hung juries—does not violate a defendant's due process rights. *See United States v. Hall*, 551 F.3d 257, 273 (4th Cir. 2009) (fourth trial after three mistrials did not violate due process: "there is no authority for the proposition that a bundling of constitutional guarantees should be recognized as a basis for some due process right not otherwise available"); *United States v. Jones*, 122 F.3d 1058, No. 96-1667, 1997 WL 416957, at *2 (2d Cir. July 25, 1997) (due process concerns did not bar fourth trial following two hung juries and one retrial following reversal); *United States v. Ndame*, 87 F.3d 114, 115-16 (4th Cir. 1996) (due process did not bar third prosecution where two prior mistrials were due to hung jury); *United States v. Quijada*, 588 F.2d 1253, 1254 (9th Cir. 1978) (a third trial following two mistrials does not deprive a defendant of due process); *United States v. Clyburn*, No. Crim. 89-0154 (JHG), 1991 WL 45749, at *2 (D.D.C. Mar. 22, 1991).

4

As the *Clyburn* court made clear, a third trial following two mistrials does not violate due process, and "absent constitutional concerns," which a second retrial does not present:

> [T]he decision to try or retry a case lies within the discretion of the prosecutor. No matter how the Court might view such factors as the utilization of court time and the public interest therein, in the final analysis (and in accordance with the separation of powers), the decision—under the instant circumstances—is the prerogative of the United States Attorney. It is solely his determination, in the public interest, which prosecutions should go forward and which others, therefore, must be tried either before other judges or not at all.[] Those decisions, provided no constitutional infirmity mars them, are committed to his discretion.

*Id.*

The cases cited by Defendants are inapposite for one very simple reason: they do not address continuing jeopardy *following a mistrial*.[4] (*See* Mot. at 5, citing *Crist v. Bretz*, 437 U.S. 28, 34 & n.10 (1978) (addressing continuing jeopardy concerns following prosecutorial dismissal).) That is the circumstance presented here; *Perez* and its progeny govern, and no other analysis is relevant.

---

[4] And those that do uphold the Supreme Court's long-standing precedent regarding continuing jeopardy following a mistrial. *See, e.g.*, *United States v. Richardson*, 468 U.S. 317, 326 (1984) (holding that "[t]he Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree."). Defendants' citation to Justice Burger's dissent in *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 581-82 (1977) is even more perplexing, as Justice Burger *dissented* from the majority opinion finding that double jeopardy attached following a mistrial and grant of defendants' Rule 29 motion, finding that the acquittal followed a hung jury and procedurally should have been deemed a mistrial, allowing a second trial.

## CONCLUSION

Because there is no legal basis for Defendants' motion to dismiss, and because Defendants identify no factual basis for treating this prosecution any differently than any other, their motion to dismiss must be denied.

Dated: May 12, 2022

Respectfully submitted,

/s/ Mikal Condon
MIKAL J. CONDON
KEVIN HART
LESLIE WULFF
PAUL TORZILLI
DANIEL LOVELAND, JR.
Antitrust Division
U.S. Department of Justice
450 Fifth Street NW, Suite 11048
Washington D.C. 20530
Tel: (202) 598-8242
Email: kevin.hart@usdoj.gov
*Attorneys for the United States*